

FILED
Nov 14  11 55 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI, | : | CASE NO. |
| Plaintiff | : | 3:02-CV-478 (EBB) |
| | : | |
| V. | : | |
| | : | |
| EAST HARTFORD HOUSING | : | |
| AUTHORITY ET AL., | : | |
| Defendants | : | NOVEMBER 13, 2003 |

### ~~MOTION TO DISMISS~~ Memo In Support

Pursuant to D.Conn. L.Civ.R. 7(a), defendants Robert Lindberk and AFSCME, Council 4, Local 1303-353 respectfully submit this memorandum of law in support of their motion to dismiss.

### I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Carmelo Gagliardi, was hired by defendant, East Hartford Housing Authority in December, 1978 as a Maintenance Aid. From 1998 to 2000 the plaintiff was the steward for AFSCME, Council 4, Local 1174. He became Union president of Local 1303-353 in 2000. The plaintiff alleges that since 1989 he requested to be promoted to Maintenance Mechanic at least eleven times and was denied such promotion. Amended Complaint, First Count at ¶ 13.

The plaintiff alleges that he performs the duties of Maintenance Mechanics but has not been promoted to the position and is not paid the salary of a Maintenance Mechanic. Amended Complaint, First Count at ¶ 15.

1

In December 1996, a Maintenance Supervisor position became available and the plaintiff applied for the position along with two other individuals. Amended Complaint, First Count at ¶ 17. The plaintiff was denied the job. Amended Complaint, First Count at ¶ 19. Plaintiff further alleges that in February 1997 the position of Maintenance Supervisor was filled by an outside individual, and plaintiff was never given the opportunity to apply for the job. Amended Complaint, First Count at ¶ 21. Plaintiff further alleges that in 1998 another position for Maintenance Mechanic was filled by an outside individual, and plaintiff was never given the opportunity to apply for the job. Amended Complaint, First Count at ¶ 23.

The plaintiff also alleges that in June or July 1985, he was injured while working and received workers' compensation. Amended Complaint, First Count at ¶ 25. He further alleges that in 1993, he was charged with sick time for the 1985 injury even though he was still eligible for workers' compensation. Amended Complaint, First Count at ¶ 26. The plaintiff tried to have his sick time reinstated between 1994 and 1999 through numerous hearings, but it was not restored. Amended Complaint, First Count at ¶ 27. In 1996, the plaintiff appealed a 1993 arbitration award but was not successful. Amended Complaint, First Count at ¶ 28. Between 2000 and 2001, the plaintiff filed at least thirty-five grievances against the East Hartford Housing Authority as the Union president. Amended Complaint, First Count at ¶ 31.

On March 19, 2002 the plaintiff filed a complaint in federal court. An amended complaint was later filed on March 14, 2003. The plaintiff sues AFSCME, Council 4, Local 1303-353 and

Robert Lindberk in his individual capacity for breach of the duty of fair representation and Intentional Infliction of Emotional Distress. Amended Complaint, Third and Seventh Count.

## II. STANDARDS FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction over the matter. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 44 (2d Cir.1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1052 (2d Cir.1993), cert. denied 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). The Second Circuit has stated that, in deciding a Rule 12(b)(6) motion, "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996).

It is not the Court's function to weigh the evidence that might be presented at a trial; the Court must merely determine whether the complaint itself is legally sufficient. Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.1985). In doing so, the Court must accept the factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995), cert. denied 519 U.S. 808, 117 S. Ct. 50, 136 L.Ed.2d 14 (1996).

## III.  ARGUMENT

### A. This Court lacks subject matter jurisdiction over the plaintiff's claim of a breach of the duty of fair representation.

Although the plaintiff has made general reference to several federal acts, he has alleged no facts which would support a claim that Council 4, Local 1303-353 and/or Robert Linberk engaged in any conduct by which they acted arbitrary, discriminatory or in bad faith. The plaintiff claims breach of the duty of fair representation. However, no federal jurisdiction exists over such claim, and the motion to dismiss should be granted.

Fed. R. Civ. Pro. 12(b)(1) provides that claim may be dismissed for lack of subject matter jurisdiction. In the instant case, the plaintiff does not claim that this Court has jurisdiction pursuant to § 301 of the Labor-Management Relations Act [hereinafter "LMRA"]; however, the LMRA is the only federal basis for a claim of breach of the duty of fair representation. Because the LMRA does not apply to state and municipal employees, and because the plaintiff has pled no facts which would support federal jurisdiction under any other theory, this Court lacks subject matter jurisdiction, and the case should be dismissed as against Council 4, Local 1303-353 and/or Robert Lindberk.

The LMRA defines "employer" and "employee" as follows:

> (2) The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any

4

wholly owned Government corporation, or any Federal Reserve Bank, **or any State or political subdivision thereof,** or any person subject to the Railway Labor Act [45 U.S.C.A. § 151 et seq.], as amended from time to time, **or any labor organization (other than when acting as an employer),** or anyone acting in the capacity of officer or agent of such labor organization.

    (3)    The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, but **shall not include any individual employed . . . by any other person who is not an employer as herein defined.**

29 U.S.C. § 152(2) and (3) [emphasis added, brackets in original]

As these subsections make clear, there are only two ways that the plaintiff could have invoked jurisdiction under § 301 against Council 4, Local 1303-353 and/or Robert Lindberk. First, Council 4, Local 1303-353 and/or Robert Lindberk could have been his employer. It is undisputed, however, that his employer is the East Hartford Housing Authority; therefore, this option fails. Second, he could have been employed by a private employer. Because his employer was the East Hartford Housing Authority, however, he did not work for an employer covered by the LMRA. Therefore, this alternative must also fail.

In N.L.R.B. v. Natural Gas Utility District of Hawkins County, Tennessee, 402 U.S. 600, 604, 91 S. Ct. 1746, 1749, 29 L.Ed.2d 206 (1971), the U.S. Supreme Court considered the meaning of the phrase "political subdivision" as used in 29 U.S.C. § 152(2), stating: "Congress enacted the § 2(2) exemption to except from Board cognizance the labor relations of federal, state and municipal governments . . . ." Accordingly, state and federal courts have long held that

governmental employers are excluded from the LMRA. See, e.g., Casey v. City of Fairbanks, 670 P.2d 1133, 1138 (Alaska 1983) ("The Labor Management Relations Act . . . expressly exempts state and municipal government employees from coverage."); Boynton v. Town of Bethel, 1998 WL 417575 (Mottolese, J.) ("It is obvious to the court from a reading of the definition section of the Federal Labor Management Relations Act (29 U.S.C. § 152(2)) that an employer which is a political subdivision of the state, such as the defendant Town of Bethel, is explicitly excluded from coverage . . . ."); Long v. City of Saginaw, 911 F.2d 1192 (6th Cir. 1990); Manfredi v. Hazleton City Authority, Water Dept., 793 F.2d 101 (3d Cir. 1986); Canady v. Washington Metropolitan Area Transit Authority, 909 F.Supp. 324 (D.Md. 1995); Storlazzi v. Bakey, 894 F.Supp. 494 (D.Mass. 1995), aff'd 68 F.3d 455 (1995); Jacobs v. Ohio Valley Regional Transportation Authority, 636 F.Supp. 841 (N.D.W.Va. 1986); Livolsi v. City of New Castle, Pa., 501 F.Supp. 1146 (W.D.Pa. 1980); Balmes v. Board of Education of Cleveland City School District, 436 F.Supp. 129 (N.D. Ohio 1977); AFSCME, AFL-CIO, Local 298 v. City of Manchester, N.H., 366 A.2d 874, 116 N.H. 665 (1976).

In the instant case, the duty of fair representation to municipal employees arises out of state law, not the LMRA. Conn. Gen. Stat. § 7-470 et seq. establishes a labor organization's duty of fair representation with respect to municipal employees who are members of the bargaining unit. Accordingly, an employee who seeks to bring a claim under this statute does so pursuant to state law.

Because the plaintiff is not entitled to the protections of the LMRA, this Court has no jurisdiction over this claim pursuant to § 301 or any hybrid claim thereunder. Because he alleges no other basis for jurisdiction as against the Union or Robert Lindberk, these defendants respectfully ask that all claims against them be dismissed.

**B.    Even if this Court had jurisdiction over the plaintiff's claimed breach of the duty of fair representation, the plaintiff fails to state a claim upon which relief may be granted.**

Even if this Court had jurisdiction over the plaintiff's claim that Council 4, Local 1303-353 and/or Robert Lindberk breached the duty of fair representation, the plaintiff has failed to state a claim upon which relief may be granted, because the plaintiff has failed to allege any facts which would support a claim that the Union and/or Robert Lindberk acted arbitrarily, discriminatorily or in bad faith. Therefore, the motion to dismiss should be granted.

A union breaches its duty of fair representation to a client "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S. Ct. 903, 17 L.Ed.2d 842 (1967); Labbe v. Hartford Pension Commission, 239 Conn. 168, 194 (1996).

"Arbitrary or bad-faith conduct . . . or substantial evidence of fraud, deceitful action or dishonest conduct . . . is required to show a breach of the duty of fair representation." Cruz v. Local Union No. 3 of the Int'l. Bhd. of Electrical Workers, 34 F.3d 1148, 1154 (2d Cir. 1994), quoting Ryan v. New York Newspaper Printing, 590 F.2d 451, 455 (2d Cir. 1979) [ellipses in Cruz]. "[T]he duty of fair representation is not breached where the union fails to process a

7

meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." Cruz, 34 F.3d at 1153-54. As long as the Union acted in good faith, the court may not intercede on the part of an employee who may have been prejudiced by a rationally founded decision. Cook v. Pan American World Airways, Inc., 771 F.2d 635, 645 (2d Cir. 1985).

In order for a union's actions to be arbitrary such that it breaches the duty of fair representation, the union's conduct must be "so egregious, so far short of the minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." Barr v. United Parcel Service, Inc., 868 F.2d 36, 43 (1989). "A union's action are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational." Labbe, 239 Conn. at 195, quoting Air Line Pilots v. O'Neill, 499 U.S. 64, 67, 111 S. Ct. 1127, 113 L.Ed.2d 51 (1991) [internal quotation marks omitted, ellipses in Labbe]. In order for a union's actions to be in bad faith such that the duty of fair representation is breached, such actions must involve fraudulent, deceitful or dishonest conduct. Int'l. Union of Electrical Workers v. NLRB, 41 F.3d 1532, 1537 (D.C. Cir. 1994). Mere negligence or tactical errors on the part of the Union in processing a grievance do not constitute a breach of the duty of fair representation. Barr v. United Parcel Service, 868 F.2d 36, 43-44 (2d Cir. 1989); Murphy v. Air Transport Local 501, 123 F.Supp.2d 55, 58 (D.Conn. 2000); Fleming v. The Stop & Shop Supermarket Co., 36 F.Supp.2d 87, 90-91 (D.Conn. 1999).

8

Even read broadly and generously, there is simply no way that the plaintiff's complaint can be construed as setting for a claim for a breach of the duty of fair representation as against the Union and/or Robert Lindberk.[1] The plaintiff has alleged that "Union Defendants" have failed "to take action against the Housing Authority on behalf of the plaintiff" by failing to respond to plaintiff's request for information; failing to file grievances for the denial of promotion; and "pressuring the plaintiff to sign a settlement agreement..."; however, the plaintiff has not alleged any fact which would permit an inference that the Union acted arbitrary, discriminatory or in bad faith.

As noted above, "the duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." Cruz, 34 F.3d at 1153-54. The plaintiff has not alleged that the Union erred in evaluating the merits of his grievance, nor has he alleged any facts which, if proven, would support a finding that Council 4, Local 1303-353 and/or Robert Lindberk chose not to file his grievance to arbitration for any reason other than its merits.

While the plaintiff's complaint includes the "legal terms", it fails entirely to set forth facts supporting a claim that the Union acted arbitrarily, irrationally, in a discriminatory manner or in bad faith. [Amended Complaint at Count Three]. The allegations stated by the plaintiff in Count Three of the Amended Complaint, at best, suggest that the Union may have made an error.

---

[1] As set forth in Section C, below, Robert Lindberk, as an individual, is immune from suit with respect to claims for breach of the duty of fair representation.

9

However, failing to respond to requests for information or failing to file a grievance do not rise to the level of breach of the duty of fair representation. The Union did not purposefully discriminate against Mr. Gagliardi, nor does the complaint allege purposeful discrimination. In <u>Connecticut State Police Union (Caputo)</u>, Decision No. 2478 (1986), the Labor Board states that purposeful discrimination is the key to a violation of the duty of fair representation.

The plaintiff has alleged, "The Defendant Union has a duty to represent all of its members equally without discrimination." [Amended Complaint at Count Three, ¶ 54(B)]. The plaintiff's claim must fail. Mr. Gagliardi has failed to allege purposeful discrimination <u>and</u> set forth any evidence of purposeful discrimination by the Union. In <u>Air Line Pilots</u>, the Court acknowledged the wide latitude which will be granted to a Union in its representation of bargaining unit members. One of the issues in that case was a claim that the Union had discriminated because the agreement that it reached favored one group of pilots over another. The Court held, however, that the fact that a different decision by the Union would have led to a better result for the plaintiff did not constitute a breach of the duty of fair representation. Accordingly, the fact that the Union did not file grievances on the plaintiff's behalf is not sufficient to establish a breach of the duty of fair representation.

The plaintiff has identified absolutely no facts which would permit an inference, however slim, that the Union acted arbitrarily and capriciously, discriminatorily, or in bad faith in not filing grievances on the plaintiff's behalf. Therefore, the Union has not breached its duty of fair representation to Mr. Gagliardi and plaintiff's claim must fail.

Even if this Court finds that it has jurisdiction over the plaintiff's claim of the breach of the duty of fair representation, the plaintiff has failed to state a claim upon which relief may be properly awarded, and the motion to dismiss should be granted.

C. **The defendant, Robert Lindberk, as an individual, is not liable to the plaintiff under any theory set forth in the plaintiff's complaint.**

The instant case includes allegations against defendant Robert Lindberk in his individual and official capacity. Because no such claim may be asserted, the plaintiff cannot recover against such defendant under the theories set forth in his complaint, and therefore all claims against Robert Lindberk must fail.

As set forth above, the defendant is an individual. Although the caption of the plaintiff's complaint purports to sue Lindberk in his individual capacity and as business agent for the union, the well-settled law establishes that the plaintiff cannot recover damages against him.

The plaintiff cannot recover damages against the defendant as an individual where the allegations focus on his conduct as business agent. Morris v. Local 819, 169 F.3d 782 (2d Cir. 1999); Covello v. Depository Trust Co., 88 F.Supp.2d 59, 61 (E.D.N.Y. 2000); Butler v. McCarty, 740 N.Y.S.2d 801, 808, 191 Misc.2d 318, 327 (2002); Stafford v. Meek, 762 So.2d 925, 926 (Fla.App. 2000) ("It is well settled that union agents may not be held individually liable when they act on behalf of the union in a collective bargaining activity."); In re ABF Freight System, Inc., Labor Contract Litigation, 988 F.Supp. 556, 569 (D.Md. 1997); Moore v. Local 569 of the Int'l Bhd. of Electrical Workers, 653 F.Supp. 767, 774 (S.D. Cal. 1987).

11

The duty of fair representation applicable to municipal employees, set forth in Conn. Gen. Stat. § 7-468(d), clearly establishes that such duty is owed by the labor organization:

> When an employee organization has been designated in accordance with the provisions of sections 7-467 to 7-477, inclusive, as the exclusive representative of employees in an appropriate unit, it shall have a duty of fair representation to the members of that unit.

[emphasis added]  Therefore, the duty which is owed to the plaintiff is owed by the union, and he is not entitled to single out an officer thereof and seek to recover damages against him personally for acts undertaken within the scope of his position as union representative.

The United States Court of Appeals for the Second Circuit concluded, in Morris v. Local 819, 169 F.3d 782 (2d Cir. 1999), that: "We now join the other circuits that have considered the issue and hold that...[there is] a shield of immunity for individual union members in suits for breach of the duty of fair representation."

Therefore, because defendant Lindberk cannot be held individually liable for the claims alleged by the plaintiff, all such claims against him must fail, and therefore should be dismissed.

## IV. CONCLUSION

For the above stated reasons the defendant requests that this Court grant its Motion to Dismiss with respect to all claims against defendant Robert Lindberk and AFSCME, Council 4, Local 1303-353.

DEFENDANT,

By _____

J. William Gagne, Jr.
Gagne & Associates, P.C.
1260 Silas Deane Highway
Wethersfield, CT  06109
(860) 522-5049
Fed. Bar No. ct02126

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed by U.S. Mail, first class, postage prepaid on November 13, 2003 to the following:

James S. Brewer, Esquire
Erin O'Neil, Esquire
818 Farmington Avenue
West Hartford, CT 06119
(860) 523-4055

Kevin Coles, Esquire
Coles, Baldwin & Craft, LLC
1261 Post Road
P.O. Box 577
Fairfield, CT 06430
(203) 319-0800

J. William Gagne, Jr.

STATE OF CONNECTICUT
LABOR DEPARTMENT

CONNECTICUT STATE BOARD OF LABOR RELATIONS

In the matter of

CONNECTICUT STATE POLICE UNION,
Jerry Herskowitz, CSPU President

-and-

LT. JOHN A. CAPUTO
SGT. RICHARD COVELLO
SGT. MANFRED A. BRIDEAU

Case No. SUPP-8583

Decision No. 2478

April 15, 1986

APPEARANCES:

Robert J. Rrzys, Esq.
for Respondents

Glenn E. Coe, Esq.
for Complainants

DECISION
and
DISMISSAL OF COMPLAINT

On June 18, 1984, Lt. John A. Caputo, Sgt. Richard Covello, and Sgt. Manfred A. Brideau (the Complainants) filed with the Connecticut State Board of Labor Relations (the Labor Board) a complaint alleging that the Connecticut State Police Union and its President Jerry Herskowitz (the Respondents) had engaged in prohibited practices within the meaning of Section 5-272 of the Act Concerning Collective Bargaining for State Employees (the Act) in that Respondents "have violated their duty of fair representation to the Complainants, and have used their offices in an abusive manner for personal purposes to the injury of the Complainants. Said actions are of an on-going nature."

After the requisite preliminary steps had been taken, the parties entered into a stipulation, dated March 8, 1985, of all facts and exhibits which they considered relevant to the case. The parties agreed to waive an evidentiary hearing before the Labor Board and instead have the Board decide the case on the basis of said stipulation and exhibits. On July 23, 1985, the Respondents filed a written brief. The Complainants filed no post-stipulation brief. However, they had previously filed an "Objection to Recommendation For Dismissal" to the Agent's Recommendation For Dismissal of the Complaint. Said Objection was in brief form and we have considered it in deciding this case.

Upon the record presented, we make the following findings of fact, conclusions of law, and dismissal of the complaint.

### Findings of Fact

The following findings of fact are taken directly from the Stipulation submitted by the parties:

1. The Connecticut State Police Union is an employee organization within the meaning of the State Employee Relations Act (the Act).

2. At all material times there was a contract in effect between the State of Connecticut and Connecticut State Police Union (Ex. No. 2).

3. Pursuant to the Recognition Clause of the contract, Sergeants are in the bargaining unit and Lieutenants are excluded from the bargaining unit.

4. Complainant Caputo was a Sergeant of the State Police and a member of the Union until December 23, 1983, when he was promoted to Lieutenant.

5. Complainants Covello and Brideau were Sergeants of the State Police and were members of the Union at the time Complaint No. SUPP-8583 was filed. Subsequent to the filing of the complaint, Complainants Covello and Brideau have been appointed to Lieutenant.

6. In May, 1983, a promotional examination for State Police Lieutenant was taken and passed by the Complainants and other Sergeants, resulting in their being placed on a certified list (Ex. No. 3).

7. Prior to November, 1983, seven persons were promoted to Lieutenant from said certified list without challenge or objection by the Union.

8. Sometime in late May or early June, the President asked the Union's Attorney to research whether the Lieutenant's exam could be challenged. After being told that there was a basis upon which to challenge the exam, the President directed the suit be filed. On November 15, 1983, the suit was filed on behalf of Sergeant Timmeny, challenging the validity of said promotional examination and seeking to enjoin the Department of Public Safety from making further promotions from said certified list and also seeking to have promotions previously made from said certified list rescinded and declared null and void (Ex. No. 4, 5).

9. No formal vote of the Union Executive Committee or Union Board of Directors was taken authorizing the filing of the lawsuit. The Union President unilaterally made the decision to file the suit without seeking prior approval or authorization from either the Union Executive Committee or the Union Board of Directors or the Union membership and without reference to any existing standards or guidelines other than the best judgment of the president. Complainants allege this action is a violation of the Union by-laws (Ex. No. 6).

10. The President of the Union did not conduct a poll of all of the Sergeants to determine their feelings about instituting the lawsuit.

-2-

## Conclusions of Law

1. There was no evidence to show that Herskowitz or the Union had coerced and restrained the Complainants in violation of Section 5-271 (b)(1) of the Act or otherwise violated its duty of fair representation owed to the Complainants.

2. Mere failure to follow internal union requests for approval to bring a lawsuit would not be a matter over which we have jurisdiction.

## Discussion

Based upon the record presented to us, there is no alternative other than dismissal of the complaint.. The record shows that the Union, initially through its President Jerry Herskowitz, and subsequently by ratification of the Union's Executive Committee, brought suit against the State of Connecticut to invalidate a promotional list for the rank of lieutenant. The complaint in that lawsuit alleged legitimate reasons to challenge the promotional list. If the lawsuit were successful and the list invalidated, some bargaining unit members would have benefited while others (including the Complainants here) would have suffered a loss.

There is no doubt that tine bringing of this lawsuit to challenge the promotional list could constitute a violation of the Union's duty of fair representation if the Complainants were to prove that the actual reason for bringing the lawsuit was to inflict harm upon the Complainants in retaliation for their having engaged in activities protected by the Act or because of other innocent conduct of Complainants or simply to favor bargaining unit members who were friendly with the Union leadership, See generally, Foy and Moskowitz, Connecticut Labor Relations Law: Recent Developments In An Evolving Identity, Vol. 17 Conn. L. Rev. No. 2 (1985) at pp. 294-299 and cases cited therein. See also Connecticut Employees Union Independent (Arseneault), Decision No. 2464 (1986). However, the record presented here is wholly devoid of evidence to support such a claim. The only evidence presented to us concerning why the lawsuit was brought was that Herskowitz received complaints from bargaining unit members concerning the test procedure used by the State to create the list. The complaint in the lawsuit contains allegations consistent with the complaints received by Herskowitz. Without further evidence, we cannot simply assume that Herskowitz or the Union Executive Committee acted upon anything other than a good faith belief in the merits of the complaints received by Herskowitz from bargaining unit members. The mere fact that a provision in a collective bargaining agreement, a decision to bring a grievance or to file a lawsuit benefits some members at the expense of others is not a basis for finding that an exclusive bargaining representative has violated any legal obligation to its members. This point was succinctly made by the United States Supreme Court in the following often quoted passage from a case arising under the National Labor Relations Act:

-3-

"Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative- in serving the unit it represents, subject always to complete good faith and honesty of purpose in the existence of its discretion." Ford Motor Co. v. Hoffman, 345 U.S. 330, 338 (1953).

Our own case law has been entirely consistent with this view.

Another element of the complaint in this case is Complainants' allegation that Herskowitz filed the lawsuit without first obtaining approval of the Union Executive Committee. Complainants argue that such approval was required by the Union's By-laws. From our reading of that document, it appears that such approval is probably not required. However, even if we were wrong on that score, a mere violation of internal union rules of procedure with nothing more would not be a matter falling within our jurisdiction. Connecticut State Employees Association (Soloman), Decision No. 1704 (1979).

For the reasons discussed above, the complaint must be dismissed.

Dismissal of Complaint

By virtue of and pursuant to the powers vested in the Connecticut State Board of Labor Relations by the Act Concerning Collective Bargaining for State Employees, it is

ORDERERD, that the complaint filed herein be, and the same hereby is, dismissed.

CONNECTICUT STATE BOARD OF LABOR RELATIONS

By   s/ Victor M. Ferrante
     Victor M. Ferrante, Chairman

     s/ Patricia V. Low
     Patricia V. Low

     s/ Craig Shea
     Craig Shea

-4-