UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMELO GAGLIARDI,                    :       CIVIL ACTION NO.
                Plaintiff,            :       3:02CV478 (EBB)
vs.                                   :
                                      :
THE EAST HARTFORD HOUSING             :
AUTHORITY, and in their individual    :
official capacities ANDRE DUMAS, JOHN :
ROGHN, ROBERT COUNIHAN,               :
JEFF ARNS, TERRY MADIGAN and          :
ROBERT LINDBERK,                      :
                Defendants.           :       November 24, 2003


## PLAINTIFF'S OPPOSITION TO UNION
## DEFENDANT'S MOTION TO DISMISS


## I.     INTRODUCTION

This action is brought by Carmelo Gagliardi (hereinafter "Plaintiff") against defendants,

who acting under color of state and federal law, charter, ordinance, regulation, custom or usage,

have unlawfully violated plaintiff's constitutional rights to free speech, due process, equal

protection, as well as discriminated against the plaintiff based upon her age and gender.  This

action arises under Title 42 U.S.C. §1983;  the First and Fourteenth Amendments to the United

States Constitution; the Civil Rights Act of 1991, the Age Discrimination in Employment Act of

1967, 29 U.S.C. Section 621, et. seq., (hereinafter "ADEA"), as well as state common law claims

of intentional infliction of emotional distress and duty of fair representation.

## II.    FACTS

Plaintiff began working for the East Hartford Housing Authority in 1978 as a Maintenance Aid.

(Amended Complaint ¶ 5.)  Plaintiff became the steward for AFSCME, Council 4, Local 1174 in

1998 and held that position until 2000. (Amended Complaint ¶ 6.) In 2000, he became Union

President. (Amended Complaint ¶ 7.) Since 1989 The plaintiff has requested a promoted to

Maintenance Mechanic at least eleven times– with all requests being denied.  (Amended

Complaint ¶ 13.)  The plaintiff has consistently been denied a promotion despite being the most

senior employee.  (Amended Complaint ¶ 14.)  Despite his employer's failure to promote him,

Plaintiff has been performing the duties of Maintenance Mechanic since 1989.  (Amended

Complaint ¶¶ 15-16).  As Maintenance Mechanic positions have opened less senior employees

have been given the position.  (Amended Complaint ¶¶ 17-24.)  Defendant, UNION-Local 1303-

353, ("Union" or "Union Defendant") is the collective bargaining representative of East Hartford

employees. (Amended Complaint ¶ 53.) Lindberk was the business agent for the union, and is

sued in his official and individual capacity.  (Amended Complaint ¶ 54.)  The Defendant Union

has a duty to represent all of its members equally without discrimination.(Amended Complaint ¶

55.)

In 2000 and 2001 Plaintiff filed at least thirty-five grievances against the Housing

Authority in his capacity as Union President. The East Hartford Housing Authority, Andre

Dumas, John Roghn, Robert Counihan, Jeff Arns and Terry Madigan ("Housing Authority

Defendants") and Union Defendant have failed to take action upon and retaliated against plaintiff

for filing grievances with the Housing Authority.   (Amended Complaint ¶¶ 33, 56.)  In fact, the

Union has taken no actions whatsoever to protect the rights of the Plaintiff.(Amended Complaint

¶ 56.)

Union Defendant, as representative for the Plaintiff, breached his duty of fair

representation of the Plaintiff by failing to take action against the Housing Authority on behalf of

2

the plaintiff, including:(a) Failing to respond to the plaintiff's numerous requests for information including several subpoenaed documents from 2000 through 2002; (b) Failing to file grievances on the plaintiff's behalf for the denial of promotion to Maintenance Mechanic in 1996; and (c) Pressuring the plaintiff to sign a settlement agreement with the Housing Authority, withdrawing all of the grievances filed on behalf of the plaintiff involving the plaintiff's claim that he should have been promoted in 2000. (Amended Complaint ¶ 57.) The acts of Union Defendants as set forth herein have deprived Plaintiff of rights afforded him by the personnel rules and the collective bargaining agreement between the Housing Authority and the Union. (Amended Complaint ¶ 58.)

Lindberk and the Housing Authority Defendants intended to inflict severe emotional distress upon the plaintiff for filing the grievances, and knew or should have known at all times that their acts or omissions would result in severe emotional distress to the plaintiff. (Amended Complaint ¶ 80.) As a proximate result of these extreme and outrageous acts Plaintiff suffered severe emotional distress. (Amended Complaint ¶¶ 81-82.)

## III. **ARGUMENT**

### A.    **Standards of Review**

On a motion to dismiss for lack of subject matter jurisdiction, a court must accept all factual allegations in the complaint as true and draw all inferences from those allegations in plaintiff's favor. Jaghory v. New York State Dept. of Educ., 131 F.3d 326, 329 (2d Cir. 1997). The court may not dismiss a complaint unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitled him to relief." Id. Where the existence of subject matter jurisdiction turns on a factual issue,

3

however, the court is permitted to look beyond the complaint itself and may consider evidence outside the pleadings. <u>United States v. Vazquez</u>, 145 F.3d 74, 80 (2d Cir. 1998); <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 108 (2d Cir. 1997).

On a motion to dismiss for failure to state a claim a court functions "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." <u>Ryder Energy and Distribution v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1986). "In ruling on a motion to dismiss, a court must construe in plaintiff's favor any well pleaded allegations in the complaint." <u>Allen v. Westpoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991). "A court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant: the standard is applied with particular strictness when the plaintiff complains of a civil rights violation." <u>Branham v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). It is inappropriate to dismiss a case unless ""it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."" <u>Feiner v. SS & C Technologies</u>, 11 F. Supp. 2d 204, 205 (D. Conn. 1998) *quoting* <u>Meyer Pincus & Assoc. v. Oppenheimer & Co.</u>, 936 F. 2d 759, 762 (2d Cir. 1991). Plaintiff has plead facts upon which, if accepted as true, relief could be granted.

**B.    This Court has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1367, Therefore the Motion To Dismiss Should Be Denied.**

Plaintiff has asserted federal claims against defendants The East Hartford Housing Authority, Robert Counihan, Andre Dumas, Arns Madigan and Rohn Roghn and, thus, asserts

4

"federal question jurisdiction" under 28 U.S.C. § 1331. (Amended Complaint, Counts One, Two

Four & Eight.)  Plaintiff pleads only state law claims against Defendant Robert Lindberk.

(hereinafter "Lindberk") (Amended Complaint, Counts Three & Seven, ¶¶ 53-57, 80-83.)

Plaintiff seeks jurisdiction for these claims under the doctrine of supplemental jurisdiction,

pursuant to 28 U.S.C. § 1367. (Amended Complaint, Jurisdiction Statement.)

Supplemental jurisdiction has allowed federal courts to entertain claims over which they

have no independent basis for jurisdiction. The main underlying basis for such jurisdiction lies in

the interests of judicial efficiency and economy. Sullivan v. Metro-North R.R. Co., 179 F. Supp.

2d 2, 5 (D. Conn. 2002).

Supplemental jurisdiction was originally a judge-made doctrine and included the related

but separate concepts of pendent and ancillary jurisdiction. Id. Originally an expansive doctrine,

in the 1970's the Supreme Court began to limit the use of pendent jurisdiction over additional

parties. See, Aldinger v. Howard, 427 U.S. 1 (1976); Finley v. United States, 490 U.S. 545

(1989) The Court went so far as to state that judicial economy could not justify an extension of

jurisdiction over parties who were never properly before the court. Finley, 490 U.S. at 552-53.

However, in 1990, Congress codified the doctrine of supplemental jurisdiction in 28 U.S.

§ 1367. "Subsection (a) of the statute is a broad grant of jurisdiction which extends to the limits

of Article III and encompasses both ancillary and pendent jurisdiction." Sullivan v. Metro-North

R.R. Co., 179 F. Supp. 2d 2, 5 (D. Conn. 2002).  16 James Wm. Moore, et al., Moore's Federal

Practice, P 106.05 (3d ed. 2001). Section 1367(a) states that:

> In any civil action of which the district courts have original jurisdiction, the district
> courts shall have supplemental jurisdiction over all other claims that are so related to
> claims in the action within such original jurisdiction that they form part of the same

5

case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

"The last sentence of subsection (a) overrules both Aldinger and Finley by permitting pendent party jurisdiction in all federal question cases." Sullivan v. Metro-North R.R. Co., 179 F. Supp. 2d 2, 5-6 (D. Conn. 2002); see Kirschner v. Klemons, 225 F.3d 227, 239 (2d Cir. 2000) ("We have previously observed that 28 U.S.C. § 1367(a) responds to Finley and thereby makes pendent party jurisdiction possible where the claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party"); see also, Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 576 (2d Cir. 1995); Moore v. Natwest Markets, 1996 U.S. Dist. LEXIS 12947, 1996 WL 507333, *2 (S.D.N.Y. 1996); Wilson v. Roberson, 1993 U.S. Dist. LEXIS 4922, 1993 WL 119695, *2 (S.D.N.Y. 1993). Therefore, supplemental jurisdiction can be exercised over Lindberk if the requirements of § 1367(a) are met, namely that the claims form part of the same case or controversy.

The claims against Lindberk form part of the same case or controversy as the federal claims against the other defendants. All of plaintiff's allegations and claims stem from a course of transaction involving Lindberk and the other defendants. This course of transactions all relate to Plaintiff's grievances against the Housing Authority; specifically: Lindberk's failure to (a) respond to the plaintiff's numerous requests for information including several subpoenaed documents from 2000 through 2002; (b) file grievances on the plaintiff's behalf for the denial of promotion to Maintenance Mechanic in 1996; and (c) Lindberk's pressuring the plaintiff to sign a settlement agreement with the Housing Authority, withdrawing all of the grievances filed on behalf of the plaintiff involving the plaintiff's claim that he should have been promoted in 2000.

6

The Housing Authority Defendants and Union Defendant have failed to take action upon and retaliated against plaintiff for filing grievances with the Housing Authority. In fact, the Union has taken no actions whatsoever to protect the rights of the Plaintiff.(Amended Complaint ¶ 56.) Lindberk and the Housing Authority Defendants intended to inflict severe emotional distress upon the plaintiff for filing the grievances, and knew or should have known at all times that their acts or omissions would result in severe emotional distress to the plaintiff. (Amended Complaint ¶ 80.)

It is clear that all of the causes of action listed in the Amended Complaint stem from the inaction and retaliation of the defendants collectively towards Plaintiff. The inactions and retaliation alleged all stem from the same grievances, the same set of facts, the same occurrences. Therefore this court has jurisdiction over both the Housing Authority Defendants and the Union Defendant.

**C.    The Plaintiff Alleges Sufficient Facts to Maintain a Cause of Action for Breach of the Duty of Fair Representation.**

"A union must represent its members in good faith. This duty of fair representation derives from the union's status as the sole bargaining representative for its members. As such, the union has the exclusive right and obligation to act for its members and to represent their interests. (internal citations and quotations omitted). <u>Labbe v. Hartford Pension Comm'n</u>, 239 Conn. 168, 193 (1996). "Because the individual members are thereby deprived of the opportunity to represent themselves or to select a minority union, this duty of fair representation is a necessary bulwark to prevent arbitrary union conduct." (internal citations and quotations omitted). <u>Id</u>.

7

"The duty of fair representation requires the union to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion in complete good faith and honesty, and to avoid arbitrary conduct.  A union breaches this duty if it acts arbitrarily, discriminatorily or in bad faith." (internal citations and quotations omitted). Id. at 194.

"[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational.  Furthermore, a union's actions are in bad faith if the union acts fraudulently or deceitfully; or does not act to further the best interests of its members. (internal citations and quotations omitted). Id. at 195

Plaintiff alleges that the Lindberk had a duty to protect him from discrimination, (Amended Complaint, ¶ 54)  and that Lindberk took no actions to protects these rights. (Amended Complaint, ¶ 55).  Furthermore, Plaintiff makes allegations which could cause a reasonable trier of fact to believe that Lindberk's actions were irrational and against the best interests of the Union's members.  (Amended Complaint, ¶¶ 54-57.)

**D.     The Plaintiff Alleges Sufficient Facts  to Maintain a Cause of Action Against Lindberk in his Individual Capacity.**

Under certain legal theories a cause of action may not be maintained against a defendant in his individual capacity for the violation of a duty owed by the union.  See e.g. Bonilla v. Bevona, 1993 U.S. Dist. LEXIS 16889, * 10 (S.D.N.Y. 1993) (finding defendant "cannot be held responsible in his individual capacity for acts of Union representatives under respondeat superior".) However, in other contexts courts have been willing to allow a plaintiff to maintain a cause of action against a defendant in his individual capacity.  See, e.g., New York State United

8

<u>Teachers v. Thompson</u>, 459 F. Supp. 677 (N.D.N.Y. 1978) (cause of action exists under 29 U.S.C. § 185 for damages in favor of employer against individual employees where there are allegations of wholly individualized and personal breaches of the collective bargaining agreement between the employer and the employees' bargaining representative); <u>Alloy Cast Steel Co. v. United Steelworkers of America</u>, 429 F. Supp. 445, 451 (N.D. Ohio 1976) (where there is no actionable violation by the union, the court is not foreclosed from hearing and deciding a claim where individual members of the union violated the collective bargaining agreement).

Defendant's failure to respond to plaintiff's requests for information, failure to file grievances, and defendant's pressuring of plaintiff to sign a settlement agreement constitute individual and personal breaches of the duty of fair representation making Lindberk liable both in his official and individual capacity. (Amended Complaint, ¶¶ 56-57.)

## CONCLUSION

This court has subject matter jurisdiction and the Complaint alleges sufficient facts to maintain a cause of action against Lindberk. Plaintiff therefore respectfully requests that the Court deny Defendant's Motion to Dismiss.

THE PLAINTIFF,
CARMELO GAGLIARDI

By _____
Erin I. O'Neil
818 Farmington Avenue
West Hartford, CT  06119
(860) 523-4055
Federal Bar # ct 23073
His Attorney

9

## CERTIFICATION

This is to certify that the foregoing has been sent, postage pre-paid, on November 24, 2003 to all counsel and pro se parties of record:

Kevin Coles, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road
P.O. Box 577
Fairfield, CT 06430

J. William Gagne, Esq.
J. William Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT  06109

Clerk
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

Erin L. O'Neil

10