UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI | : | CIVIL ACTION NO. |
|     Plaintiff | | |
| V. | : | 3:02 CV 478 (EBB) |
| | : | |
| EAST HARTFORD HOUSING AUTHORITY, ANDRE DUMAS, JOHN ROGHN, ROBERT LINDBERK, UNION REPRESENTATIVE and ROBERT COUNIHAN | : | |
|     Defendants | : | December 1, 2003 |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants East Hartford Housing Authority, Andre Dumas, Robert Counihan, Terry Madigan and Jeffrey Arn move for summary judgment against counts one, two and four through eight of Plaintiff's complaint.

Plaintiff, in his action against EHHA and the individual defendants both in their personal and official capacities as employees of EHHA, seeks redress of alleged violations of Plaintiff's rights of substantive and procedural due process under the Fourteenth Amendment to the United States Constitution, the Age Discrimination in Employment Act and pendant state law claims.  Plaintiff cites a list of purported constitutional and statutory violations of his rights.  He  alleges deprivations of his due process rights under the Fourteenth Amendment to the United States Constitution. Plaintiff additionally has brought claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 (hereinafter "ADEA"); Connecticut's Fair Employment Practices Act, General Statutes §§

1

46a-58(a) through 46a-60 et seq, Connecticut General Statutes §31-290a; and a state common law claim of intentional infliction of emotional distress.

The motion for summary judgment against Counts One and Eight should be granted on the ground that Plaintiff has not alleged that Defendants were state actors or that their conduct constituted state action. Furthermore, Plaintiff's claims in Count One, which are directed against the individual defendants acting in their official capacities are barred by the U.S. Constitution. In addition, Plaintiff fails to advance non-conclusory allegations establishing the basic elements of a First Amendment retaliation claim. The motion for summary judgment against Count Two should be granted on the same grounds as Count One.

Count Four cannot survive the motion for summary judgment on the ground that Plaintiff fails to allege a prima facie claim of discrimination and, even if he did, Defendants have a legitimate nondiscriminatory reason for their action. Count Five and Count Six must fail on the same grounds as Count Four. The motion for summary judgment should be granted as to Count Seven on the ground that Plaintiff's allegations do not constitute extreme and outrageous conduct. Finally, the court should grant Defendants' motion for summary judgment as to Counts One, Two, Four, Five, Six and Seven on the ground that Plaintiff's claims regarding Defendants' denial of his promotion requests are barred by the doctrines of res judicata, collateral estoppel and Rooker-Feldman.

A memorandum of law, affidavit and exhibits are submitted in support of the motion for summary judgment.

RESPECTFULLY SUBMITTED,
THE DEFENDANTS,

THE EAST HARTFORD HOUSING AUTHORITY, and in their individual and official capacities, ANDRE DUMAS, ROBERT COUNIHAN, TERRY MADIGAN and JEFFREY ARN

By: *Catherine L. Creager*
Catherine L. Creager, ct23645
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06430
Tel. (203) 319-0800

**CERTIFICATION**

    I hereby certify that a copy of the foregoing has been forwarded this date to the following counsel of record:

| | |
|---|---|
| Erin I. O'Neil-Baker, Esq.<br>James S. Brewer, Esq.<br>818 Farmington Avenue<br>West Hartford, CT 06119 | J. William Gagne & Associates<br>1260 Silas Deane Highway<br>Wethersfield, CT 06109 |

                                                                                     Catherine L. Creager