## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI | : | CIVIL ACTION NO. |
| Plaintiff | | |
| V. | : | 3:02 CV 478 (EBB) |
| | | |
| EAST HARTFORD HOUSING | : | |
| AUTHORITY, ANDRE DUMAS, JOHN | | |
| ROGHN, ROBERT LINDBERK, UNION | : | |
| REPRESENTATIVE and ROBERT | | |
| COUNIHAN | | |
| Defendants | : | December 1, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants East Hartford Housing Authority, Andre Dumas, Robert Counihan, Terry Madigan and Jeffrey Arn move for summary judgment against counts one, two and four through eight of Plaintiff's complaint. The grounds upon which Defendants move are explained below.

## I. FACTUAL BACKGROUND

This action arises out of an on going dispute between East Hartford Housing Authority (hereinafter "EHHA") and Carmelo Gagliardi (hereinafter "Plaintiff"), said dispute being the subject of multiple grievances and hearings during the period of 1989 to the present. The gravamen of the underlying actions is Plaintiff's allegation that EHHA failed to promote him to the position of Maintenance Mechanic.

Plaintiff began his employment with EHHA on December 7, 1978 in the Maintenance Department as a Maintenance Aide. (Local Rule Statement, para. 1.) Plaintiff's job classification and description included manual work performing a variety of

1

unskilled and semi-skilled tasks which did not require a journeyman's knowledge. (Local Rule Statement, para. 2.)  In addition to general maintenance tasks, plaintiff assisted Maintenance Mechanics in the operation of boiler rooms at various EHHA sites under the direct supervision of a Maintenance Supervisor.   On or about, April 5, 1981, an occupational licence requirement was instituted by EHHA board for all Maintenance Mechanics.  (Local Rule Statement, para. 3.)    This requirement remains in effect to today.  (Local Rule Statement, para. 3.)     At the time of the institution of the licensing requirement by EHHA, Plaintiff did not hold an occupational license.   (Local Rule Statement, para. 4.)

On or about, June 6, 1989, Plaintiff filed a grievance with the Union because he was denied a Maintenance Mechanic's position based on the fact that he did not have a license.  (Local Rule Statement, para. 5.)  The case went before arbitration panel as a result of the EHHA's denial of Plaintiff's grievance.   (Local Rule Statement, para. 8.) On March 23, 1993 a hearing was held at the State Labor Board regarding the grievance.  (Local Rule Statement, para. 9.)

On October 22, 1993 the Labor Department issued an arbitration decision in favor of the EHHA on the issue of the license requirement.  (Local Rule Statement, para. 10.)   In its decision, the arbitration panel responded to the issue of whether the EHHA violated the collective bargaining agreement when it did not promote Plaintiff to the position of Maintenance Mechanic in June of 1989.  (Local Rule Statement, para. 11.)  The majority held that Plaintiff was not qualified for the Maintenance Mechanic's

2

position pursuant to  Section 4.3 of the collective bargaining agreement.  (Local Rule Statement, para. 12.)    The majority also addressed Plaintiff's argument that licenses are exempt under Connecticut General Statutes § 20-340 holding that this section is irrelevant since it deals with unlicensed workers of governmental entities working on non-residential buildings and property.  (Local Rule Statement, para. 13.)    The panel's majority further held that the license requirement was within the prerogative of the EHHA to determine.  (Local Rule Statement, para. 14.)    The panel's majority, in supporting EHHA's licensing requirement, cited the need to ensure and preserve public health and safety.[1]  (Local Rule Statement, para. 15.)  The decision of the arbitration panel was appealed to the Connecticut Superior Court and upheld. AFSCME, Local 1174, AFL-CIO v. Hous. Auth. of E. Hartford, Conn. Super. Ct., Docket No. 704770 (November 22, 1996, *Wagner, J.T.R.*)(Local Rule Statement, para. 17.)

Despite the binding decision of the arbitration panel and the Superior Court, in January 1995, Plaintiff filed a complaint (#95-40329) with the Connecticut Commission on Human Rights and Opportunities.  (Local Rule Statement, para. 18.)  In that complaint, Plaintiff alleged that he was denied a promotion based upon the license requirement and claiming that he had been doing Mechanic's work without the title and compensation of the position of Maintenance Mechanic.   (Local Rule Statement, para.

---

[1]    In a case of a fellow employee, similar on many of its facts to the instant case the panel also reached the same conclusion on the identical issue.  *See* Hous. Auth. of E. Hartford and Local 1174, Council 4, AFSCME, AFL-CIO, James Jackson, decision of the State of Connecticut Labor Department, Board of Mediation and Arbitration Case No. 8586-A-668, August 13, 1986. (Local Rule Statement, para. 17.)

19.)  On or about July 28, 1995, CHRO Complaint #1 was dismissed for no reasonable cause and for lack of jurisdiction.  (Local Rule Statement, para. 20.)

Since 1989, Plaintiff continually requested that he be promoted to the position of Maintenance Mechanic and submitted grievances on the same issue of the license requirement.  (Local Rule Statement, para. 21.)  In all, plaintiff requested a promotion to Maintenance Mechanic at least eleven (11) times from 1989 to 2002.  (Local Rule Statement, para. 21.)    Consistently, the EHHA denied Plaintiff's request for promotion because he did not possess a valid occupational license issued by the State of Connecticut. (Local Rule Statement, para. 21.)

Plaintiff then filed the present action to which Defendants' motion for summary judgment is directed.

## II. LAW AND ARGUMENT

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).  "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 254 (1986)).  A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

4

there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993).

Plaintiff, in his action against EHHA and the individual defendants both in their personal and official capacities as employees of EHHA, seeks redress of alleged violations of Plaintiff's rights of substantive and procedural due process under the Fourteenth Amendment to the United States Constitution, the Age Discrimination in Employment Act and pendant state law claims. Plaintiff cites a list of purported constitutional and statutory violations of his rights. He alleges deprivations of his due process rights under the Fourteenth Amendment to the United States Constitution. Plaintiff additionally has brought claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 (hereinafter "ADEA"); Connecticut's Fair Employment Practices Act, General Statutes §§ 46a-58(a) through 46a-60 et seq (hereinafter "CFEPA"); Connecticut General Statutes §31-290a; and a state common law claim of intentional infliction of emotional distress. For the following reasons, summary judgment should be granted against counts one, two and four through eight of Plaintiff's complaint, which are directed to the undersigned defendants.

A.    ***Plaintiff's First Amendment retaliation claims in Count One are insufficient to withstand Defendants' motion for summary judgment.***

In count one of his complaint, Plaintiff cites a litany of allegations in an effort to support his claim that Defendants violated his First Amendment rights pursuant to 42 U.S.C. § 1983. (Plaintiff's Amended Complaint, March 14, 2003, pp. 2 - 7.) Among the allegations, Plaintiff states that "Defendants' actions constituted retaliation and

5

harassment of the plaintiff in violation of the First Amendment." (Plaintiff's Amended

Complaint, March 14, 2003, pg. 6, para. 36.)

Summary judgment should be granted in Defendants' favor as to Count One on

the ground that Plaintiff has failed to satisfy the most basic pleading requirements of a

claim of First Amendment retaliation pursuant to 42 U.S.C. § 1983.  "To state a claim

under §§ 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48,

108 S. Ct. 2250 (1988).

In Count One, Plaintiff has not alleged that Defendants were state actors or that

their conduct constituted state action.  "The First Amendment applies only to state

actors."  Loce v. Time Warner Entm't Advance/Newhouse P'ship, 191 F.3d 256, 266

(2d Cir. 1999).

> In order to establish a First Amendment claim against a private entity
> based on the entity's relationship to the state, a plaintiff must
> demonstrate, *inter alia*, a sufficiently close nexus between the State and
> the challenged action of the regulated entity so that the action of the latter
> may be fairly treated as that of the State itself. . . . Such a nexus may be
> found, for example, where a private actor has operated as a willful
> participant in joint activity with the State or its agents.  In the absence of
> such a nexus, a finding of state action may not be premised on the private
> entity's creation, funding, licensing, or regulation by the government.

Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cty., 252 F.3d 545, 557 (2d

Cir. 2001).  In his complaint, Plaintiff fails to articulate how or when any of the

defendants acting under color of state or federal law, charter, ordinance, regulation,

6

custom or usage have unlawfully violated Plaintiff's rights. Plaintiff's complaint does not include allegations to support a claim that Defendants were state actors or that a challenged action has a nexus with the State, therefore, the motion for summary judgment against Count One should be granted.

Even if Plaintiff's allegations were sufficient to establish a state action, Plaintiff's claims against the individual defendants acting in their official capacities are barred by the U.S. Constitution.  State actors who perform in their official capacities are also protected by the Eleventh Amendment against suits by private plaintiffs for damages. *See* Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347 (1974).  In addition, state actors acting in their official capacities are not "persons" within the meaning of Section 1983. *See* Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 St. Ct. 2304 (1989).

In addition, to survive summary dismissal, a plaintiff asserting First Amendment retaliation claims must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action. Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001).  In the present matter, Plaintiff fails to sufficiently allege all three elements in a manner that would establish a claim of First Amendment retaliation.

As to the first element, adverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.  Dawes v. Walker,

239 F.3d at 492.   Plaintiff alleges that Defendants refused to promote him "at least

eleven times since 1989" and cites incidents  in which he was denied a promotion in

1996, 1997 and 1998.   (Plaintiff's Complaint, March 13, 2003, Count One, para. 13.)

The allegations regarding these three incidents do not address the first and third

elements of a First Amendment retaliation claim, which require Plaintiff's utterance of

protected speech and the causal relationship between Plaintiff's speech and the alleged

failure of Defendants to promote.  (Plaintiff's Complaint, March 13, 2003, Count One,

paras. 9 - 24.)  The failure to set forth a time frame for the alleged events precludes and

inference of a causal relationship.  Diesel v. Town of Lewisboro, 232 F.3d 92, 107 (2d

Cir. 2000).

        Plaintiff's complaint also contains vague allegations that could be construed, in a

light most favorable to Plaintiff as the non-moving party, that his pay was reduced when

he was charged for sick time for a work-related accident.  (Plaintiff's Complaint, March

13, 2003, Count One, paras.  25 - 27.) Although a reduction in pay is a retaliatory act,

Plaintiff again fails to allege the first and third elements of the First Amendment

retaliation claim which require allegations of protected speech and allegations of a

causal relationship between the speech and the retaliatory act.

        Finally, Plaintiff alleges that Defendants filed complaints with the Connecticut

State Board of Labor Relations regarding grievances Plaintiff filed against the

Defendant EHHA.  (Plaintiff's Complaint, March 13, 2003, Count One, para. 33.)  The

filing of these complaints by EHHA were in response to Plaintiff's disregard of the 1993

8

arbitration decision and subsequent settlement agreements.   (Local Rule Statement, paras. 22, 26, 27 and 29.)   The EHHA's filing of these complaints does not constitute a retaliatory act as a matter of law.   Furthermore, Plaintiff's allegations that he filed grievances as Union President are insufficient to establish protected speech.  (Plaintiff's Complaint, March 13, 2003, Count One, para. 31.) The "threshold question" in evaluating First Amendment claims is whether the speech is about "'a matter of public concern.'" Piesco v. City of New York, 933 F.2d 1149, 1155 (2d Cir. 1991), *cert. denied*, 502 U.S. 921, 112 S. Ct. 331 (*quoting* Rankin v. McPherson, 483 U.S. 378, 384, 107 S. Ct. 2891 (1987)).

Plaintiff's mishmash of allegations are insufficient to establish a claim of First Amendment retaliation.  A Section 1983 claim must contain "specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987).  For the foregoing reasons, Defendant's motion for summary judgment against Count One should be granted.

B.    ***Plaintiff's Due Process claims in Count Two are also insufficient to withstand Defendants' motion for summary judgment.***

Plaintiff's claims in Count Two are insufficient for the same reason as his Count One claims in that Plaintiff fails to allege that Defendants were state actors and that their actions were under the color of law. Furthermore, Plaintiff's claims against the

individual defendants acting in their official capacities are barred by the Eleventh Amendment.

Count two of Plaintiff's complaint must fail on additional grounds since the allegations are insufficient to rise to the level of a violation of Plaintiff's right to due process.

In his complaint, Plaintiff does not indicate by his allegations whether his due process claims are procedural or substantive.

> Due process claims may take either of two forms: procedural due process or substantive due process. Procedural due process claims concern the adequacy of the procedure provided by the governmental body for the protection of liberty or property rights of an individual. Substantive due process claims, on the other hand, concern limits on governmental conduct toward an individual regardless of procedural protections.

DeLeon v. Little, 981 F.Supp.2d 728, 732 (1997).  "However, to establish a violation of either substantive or procedural due process, plaintiff must initially show that [he] was deprived of a property or liberty interest . . . Thus, [the] threshold inquiry is whether plaintiff had a constitutionally protected property or liberty interest."  Gordon v. Nicoletti, 84 F. Supp.2d 304, 309 (2000).  "[T]o determine whether due process requirements apply in the first place, we must look not to the 'weight' but to the nature of the interest at stake . . . . We must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property.  Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972).

Plaintiff's second count, which incorporates allegations of the first count, alleges that Plaintiff was denied a promotion.  (Plaintiff's Complaint, March 13, 2003, Count Two, paras.  13, 14, 15, 19, 20, 21, 23.)  Without some controlling factor, such as an ongoing policy or practice, a promotion is not a protected property interest.  Ezekwo v. NYC Health & Hosps. Corp., 940 F.2d 775, 782 (2d Cir. 1991), cert. denied, 502 U.S. 1013 (1991).  See also, LeFebvre v. Shanley, No. 3:96CV1277 (PCD)(Ruling on Motion

for Summary Judgment, Oct. 9, 1997) (Dorsey, J.); Andreucci v. City of New Haven, 916 F.Supp. 146, 148 (D.Conn.1996).  In the present matter, Plaintiff was denied a promotion because he failed to meet the requirement of possessing a valid occupational license.  (Local Rule Statement, paras. 5 and 21.)    Plaintiff had no contractual agreement, and does not allege such an agreement, which would have entitled him to a promotion.  To the contrary, it was the policy of Defendant EHHA to require all persons entering the position of Maintenance Mechanic to be in possession of an occupational license.  (Local Rule Statement, para. 3.)    For these reasons, Plaintiff has failed to allege a protected property interest.

In addition, Plaintiff has not alleged that he was deprived of a protected liberty interest.  In count two, Plaintiff claims that Defendants deprived "him of liberty without due process of law by carrying out a pattern of outrageous conduct . . ." (Plaintiff's Complaint, March 13, 2003, Count Two, para. 47.)  Plaintiff goes on to allege selective enforcement of the job qualifications for Maintenance Mechanic, but these allegations fail to qualify sufficiently as a liberty interest.

> [A liberty interest]  denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men.

Meyer v. Nebraska, 262 U.S. 390, 399, 43 S. Ct. 625 (1923).

Plaintiff's claim of a violation of due process must fail, not only because he does not allege a protected property or liberty interest, but because his allegations do not constitute a substantive or procedural due process violation.  "Substantive due process protects [individuals] against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is

'incorrect or ill-advised.'" Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2 Cir.

1995). Although Plaintiff makes conclusory allegations that Defendant's actions were

"outrageous" (Plaintiff's Complaint, March 13, 2003, Count Two, para. 47) and "extreme

and outrageous, shocking to the sensibilities of any reasonable person" (Plaintiff's

Complaint, March 13, 2003, Count Two, para. 50), Plaintiff's factual allegations do not

support these conclusions.

Furthermore, Plaintiff's second count does not allege a procedural due process

violation pursuant to the Fourteenth Amendment . An analysis of procedural due

process addresses the questions of: "(1) whether the plaintiff has a protected liberty [or

property] interest; (2) what process was due to the plaintiff; and (3) whether plaintiff was

provided with this constitutional minimum to the case under review." Alba v. Ansonia

Bd. of Educ., 999 F.Supp. 687, 690 (D.Conn.1998) (citing Narumanchi v. Bd. of

Trustees of Conn. State Univ., 850 F.2d 70, 72 (2d Cir.1988)). As stated previously,

Plaintiff has not sufficiently alleged a protected liberty or property interest. For these

reasons, the motion for summary judgment as to Count Two should be granted in favor

of Defendants.

C.    ***Plaintiff fails to state a valid age discrimination claim under the ADEA in Count Four.***

Count Four of Plaintiff's complaint is brought pursuant to ADEA. Under the

ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any

individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such

individual's age." 29 U.S.C. § 623(a)(1). The plaintiff has the initial burden of

establishing a prima facie case of age discrimination. Stanojev v. Ebasco Servs., Inc.,

643 F.2d 914, 919-20 (2d Cir.1981).  It is well settled that to establish a prima facie

claim of discrimination, the plaintiff must demonstrate that "(1) he was within a

protected class (over the age of 40 years); (2) that he applied for, and was qualified for,

a position for which his employer was seeking applicants; (3) that despite his

qualifications, he was rejected; and (4) that after his rejection, the position remained

open and thereafter was filled by a younger employee.  Sweeney v. Research Found. of

State Univ., 711 F.2d 1179, 1185 (2d Cir.1983) (citing McDonnell Douglas Corp. v.

Green, 411 U.S. 792, 802, 93 S. Ct. 1817 (1973)).

   Plaintiff alleges that he is 60 years old and thus he would fall within the protected

class.  (Plaintiff's Complaint, March 13, 2003, Count Four, para. 60.)   Plaintiff fails,

however, to establish factual allegations to support his contention that Defendants

deprived him of a promotion due to his age.  Paragraph 61 of Count Four states: "The

defendants refuse to promote the plaintiff to the position of Maintenance Mechanic

because of his age, in violation of the ADEA."  Conclusory statements such as this are

insufficient to establish a claim under the ADEA.  A plaintiff cannot survive a motion for

summary judgment merely by asserting that intent is at issue, instead, he must present

"concrete particulars" that substantiate his claim of discrimination. See Meiri v. Dacon,

759 F.2d 989, 998 (2d Cir.1985), cert. denied, 474 U.S. 829, 106 S. Ct. 91.

   Paragraph 62 of Count Four alleges that "[t]he defendants consistently have

promoted younger employees with less seniority to the position of Maintenance

Mechanic, including but not limited to Mike Seamon, who was hired in 1981."  This

alleged incident occurred twenty years prior to Plaintiff's filing of complaints with Equal

Employment Opportunity Commission and the Connecticut Commission on Human

Rights and Opportunities (Plaintiff's Complaint, March 13, 2003, Count Four para. 65) and is outside the time period for making such a claim. Grich v. Textron Lycoming, 822 F.Supp. 66, 69 (1993) (a prerequisite for filing a federal civil action under the ADEA is the filing of a timely charge of unlawful discrimination with the EEOC, which must be filed within 300 days after the alleged unlawful act occurred. 29 U.S.C. § 626(d)(2), 633(b)).

Paragraph 63 of Count Four is irrelevant to a claim of age discrimination as it alleges that Defendants "hired younger employees with less experience for the same position as the plaintiff . . . ." An allegation that younger employees are hired at the same level as plaintiff is insufficient to support a claim under the ADEA. This matter is similar to Wingfield v. United Techs. Corp., 678 F.Supp. 973, 982 (D.Conn.1988) in which the court held that "[t]here are no *specific facts* to show that the acts are related so as to constitute a plan to remove plaintiff from defendant's work force because of his age." (emphasis in original.)

Where a plaintiff can establish a prima facie case, the burden falls to the defendant to articulate a legitimate nondiscriminatory reason for its action. McDonnell Douglas, 411 U.S. at 802-03. Even if the allegations in the present matter were sufficient to establish a claim under the ADEA, Defendants in this matter can sufficiently rebut any presumption of discrimination. As evidenced by the facts set forth by Defendants, the reason for the denial of Plaintiff's requests for promotion was Plaintiff's failure to obtain an occupational license, which has been a requirement of the position since 1981. (Plaintiff's Complaint, March 13, 2003, Count One para. 10; Local Rule

Statement, paras. 5 and 21.)   Such a requirement is a legitimate reason for

Defendants' refusal to promote Plaintiff.

For the above reasons, summary judgment should be granted in favor of

Defendants as to Count Four of Plaintiff's Complaint.  Absent a triable issue of fact as

to discrimination, summary judgment for the defendant is appropriate. Raskin v. The

Wyatt Co, 125 F.3d 55, 64 (2d Cir.1997) (affirming summary judgment in ADEA case

where employee failed to make sufficient showing of discrimination).

D.    ***Plaintiff's claim pursuant to CFEPA must fail for the same reasons as his
      ADEA claim.***

Count Five alleges a violation of Connecticut Fair Employment Practices Act,

C.G.S.A. § 46a-60(a)(1).[2]    It is well settled that the same legal standards apply to

claims under CFEPA as to claims under the ADEA.  Hill v. Pinkerton Sec. &

Investigation Serv., Inc., 977 F.Supp. 148, 153 (D.Conn.1997); Gorman v. Earmark,

Inc., 968 F.Supp. 58 (D.Conn.1997); Levy v. Comm'n on Human Rights and

Opportunities, 35 Conn. App. 474, 646 A.2d 893 (1994), *aff'd*, 236 Conn. 96, 671 A.2d

349 (1996).   Therefore, Plaintiff's claim in Count Five must fail on the same grounds as

Count Four.

Furthermore, where summary judgment is granted as to a plaintiff's federal law

claims, it is customary for the court to refuse jurisdiction over the remaining state law

claims.  "[I]n the usual case in which all federal-law claims are eliminated before trial,

the balance of factors to be considered under the pendent jurisdiction doctrine--judicial

---

[2] As set forth in their answer, the undersigned defendants do not respond to certain
allegations given that they are directed to the "Defendant Transport."  (Plaintiff's
Complaint, March 14, 2003, Count Five, One para. 10.)

economy, convenience, fairness and comity--will point toward declining jurisdiction over the remaining state-law claims." Lanza v. Merrill Lynch & Co. (In re Merrill Lynch Ltd. Pshps. Litig.), 154 F.3d 56, 61 (2d Cir.1998) (*quoting* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988)).

E.    ***Plaintiff's claim of discrimination because he filed for workers' compensation benefits is insufficient as a matter of law.***

Count six is brought pursuant to Connecticut General Statues § 31-290a, which states in relevant part:  "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." C.G.S.A. § 31-290a(a).

The Connecticut Supreme Court has stated that "[i]n setting forth the burden of proof requirements in a §§ 31-290a action, we look to the federal law for guidance." Ford v. Blue Cross & Blue Shield of Connecticut Inc., 216 Conn. 40, 53, 578 S. Ct. 1054 (1990).

> "The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. . . ."

(Citation omitted; internal quotation marks omitted.)  Kopacz v. Day Kimball Hosp. of Windham Cty., Inc., 64 Conn. App. 263, 268, 779 A.2d 862 (2001); *see also*, Venterina v. Cummings & Lockwood, 117 F.Supp.2d, 114, 117-18 (1999).

In Count Six, Plaintiff alleges that Defendant EHHA refuses to promote Plaintiff to the position of Maintenance Mechanic "in retaliation for his workers compensation

injury."  (Plaintiff's Complaint, March 14, 2003, Count Six, para. 75.)[3]  Plaintiff fails to

set forth any allegations more than this conclusory statement, such as the specific

retaliatory act and allegations to support any alleged causal relationship between

Plaintiff obtaining workers' compensation benefits and Defendants' alleged retaliatory

acts.  Furthermore, Defendants had a legitimate business reason for declining Plaintiff's

request for promotion, as argued previously in this memorandum.  The reason for the

denial of Plaintiff's' requests for promotion was Plaintiff's failure to obtain an

occupational license, which has been a requirement of the position since 1981.

(Plaintiff's Complaint, March 13, 2003, Count One para. 10; Local Rule Statement,

paras. 3, 5 and 21.)  Finally, should this court grant Defendants' motion for summary

judgment as to Plaintiff's federal claims, the court should decline to exercise

independent jurisdiction over the remaining state law claims, including the statutory

claim in Count Six.

For the above reasons, the court should grant Defendants' motion for summary

judgment as to Count Six.

F.    ***Defendants' motion for summary judgment as to Count Seven should
be granted on the ground that Plaintiff's allegations do not rise to that of
intentional infliction of emotional distress.***

In Count Seven of his complaint, Plaintiff claims that the individual defendants

intended to inflict severe emotional distress on Plaintiff.  In order to prevail on a claim

for intentional infliction of emotional distress the plaintiff must allege that: (1) the

defendant intended or knew that emotional distress would likely result from its conduct;

(2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct

caused plaintiff distress; and (4) plaintiff's distress was severe. *See* Petyan v. Ellis, 200

Conn. 243, 253, 510 A.2d 1337 (1986). The disputed conduct must exceed all bounds

---

[3]

  Like Count Five, Defendants do not respond to those allegations directed to "defendant
Transport."   (Plaintiff's Complaint, March 14, 2003, Count Six, para. 77-79.)

tolerated by decent society, and cannot be merely rude, tactless or insulting. *See* Petyan, 200 Conn. at 254.  The question of whether Defendants' conduct was extreme and outrageous is appropriate for consideration in this summary judgment motion. *See* Johnson v. Chesebrough-Pond's USA Co., 918 F. Supp. 543, 552 (D. Conn. 1996) *aff'd,* 104 F.3d 355 (2d Cir.1996) (whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine).   "There is no bright line rule to determine what constitutes extreme and outrageous conduct sufficient to maintain an action as the court must look to the specific facts and circumstances of each case in making its decisions." Rhonda Craddock v. Church Cmty. Supported Living Ass'n, No. 990592711S, 2000 Conn. Super. LEXIS 3008 (Conn. Super. Ct. November 13, 2000). "If a defendant's conduct is merely insulting, displays bad taste, or results in hurt feelings or embarrassment, the claim is generally dismissed as a matter of law." Cowras v. Hard Copy, 56 F. Supp. 2d 207, 210 (D. Conn. 1999).

        "In interpreting what constitutes 'extreme and outrageous' conduct, Connecticut courts have relied on the Restatement (Second) of Torts §§ 46, comment (d) (1965), which provides: 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Dobrich v. General Dynamics Corp., 40 F.Supp.2d 90, 104 (1999) (*citing* DeLaurentis v. City of New Haven*,* 220 Conn. 225, 266-67, 597 A.2d 807 (1991); Petyan v. Ellis*,* 200 Conn. at 254, n. 5).

        Although Plaintiff in the present matter makes conclusory statements that Defendants' conduct was extreme and outrageous, he provides no allegations to support these statements.  (Plaintiff's Complaint, March 14, 2003, Count Seven, para.

81.)  *See* <u>Schwapp v. Town of Avon</u>, 118 F.3d 106, 110 (2d Cir. 1997) (the nonmoving party must present more than conclusory allegations to defeat a motion for summary judgment).  The allegations that Plaintiff does set forth show that Defendants declined to promote Plaintiff because he did not meet the job requirement of possessing an occupational license.  This does not constitute the type of behavior that would establish a claim for intentional infliction of emotional harm.  No case has held that an allegation of discriminatory failure to promote, standing alone, amounts to extreme and outrageous behavior.  <u>Hill v. Meta Group</u>, 62 F.Supp.2d 639, 644 (D. Conn. 1999).

Furthermore, without pending federal law claims, the court should decline to exercise independent jurisdiction over the remaining state law claims, including this claim of intentional infliction of emotional distress.  <u>Spear v. Town of W. Hartford</u>, 771 F.Supp. 521, 530 (D. Conn.1991) aff'd, 954 F.2d 63 (2d Cir.), *cert. denied*, 506 U.S. 819 (1992).  (absent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendant state law claims on the basis of a federal question claim already disposed of).

For the above reasons, the court should grant Defendants' motion for summary judgment as to Count Seven.

G.     ***The court should grant Defendants' motion for summary judgment as to Counts One, Two, Four, Five, Six and Seven on the ground that Plaintiff's claims regarding Defendants' denial of his promotion requests are barred by the doctrines of res judicata, collateral estoppel and Rooker-Feldman.***

Plaintiff cannot maintain his claims in counts one, two, four, five, six and seven of this action against Defendants because the substance of his complaint has been previously adjudicated in prior administrative and judicial proceedings.  The facts and events which formed the substance of Plaintiff's allegations are the same as those allegations on which Plaintiff attempted to advance in his grievance filed before the

State Labor Board and which has been decided, appealed to the Superior Court and upheld.  (Local Rule Statement, paras. 10, 17.)

At the core of Plaintiff's complaint is the allegation that EHHA has declined to promote him because he does not possess an occupational license.  Any claim arising out of this allegation is barred by the doctrines of res judicata and collateral estoppel. "The doctrine of res judicata, or claim preclusion, holds that following entry of a valid final judgment, the parties to the suit . . . are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Central Hudson Gas & Elec. v. Empresa Naviera, 56 F.3d 359, 366 (2d Cir. 1995); *See* Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Servs.), 762 F.2d 185, 190 (2d Cir. 1985); Commissioner v. Sunnen, 333 U.S. 591, 68 S. Ct. 715 (1948); Cromwell v. County of Sac, 94 U.S. 351, 352 (1876).  "Collateral estoppel is that aspect of res judicata which is concerned with the effect of a final judgment on the subsequent litigation of a different cause of action involving some of the same legal or factual issues necessarily determined in a former action between the parties."  Hartford Accident & Indem. Co. v. Columbia Cas. Co., 98 F. Supp. 2d 251, 255 (D. Conn. 2000).

Plaintiff's allegation of EHHA's failure to promote was raised in previous grievances and was arbitrated before the State Labor Board.  (Local Rule Statement, paras. 8-15.)   The arbitration decision was upheld by the Superior Court.  (Local Rule Statement, para. 17.)    Additionally, Plaintiff's union, as Plaintiff's representative, signed a settlement agreement agreeing to not file another grievance on the issue of denial of a promotion again. (Local Rule Statement, paras. 23 and 28.)   Plaintiff's filings with the CHRO have also been dismissed.  (Local Rule Statement, paras. 18-21and 31-34.)  The majority of claims raised in the instant law suit spring from exactly

the same point in time, and originate from the same evidence as presented during these. Plaintiff has exhausted his administrative and judicial remedies regarding EHHA's failure to promote and for these reasons, his claims in the present action are barred by the doctrines of res judicata and collateral estoppel. "Under Connecticut law, a final arbitration award (even one never reviewed by any court) is accorded res judicata or collateral estoppel effect in much the same manner as a judgment of a court." Id., (*citing* Corey v. Avco-Lycoming Div., 163 Conn. 309, 317-318, 307 A.2d 155 (1972), *cert. denied*, 409 U.S. 1116).

Furthermore, to the extent Plaintiff's claims have been adjudicated by the Connecticut Superior Court, they are barred by the Rooker-Feldman doctrine. "The Rooker-Feldman doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir.1998). The Rooker-Feldman doctrine also bars federal courts from considering claims that are 'inextricably intertwined' with a prior state court determination." Johnson v. Smithsonian Inst., 189 F.3d 180, 185 (2d Cir.1999)(citations omitted). (citations omitted). Thus, "[i]f the precise claims raised in a state court proceeding are raised in the subsequent federal proceeding, *Rooker-Feldman* plainly will bar the action." Moccio v. N.Y. State Office of Court Admin., 95 F.3d 195, 198-99 (2d Cir.1996).

For the above reasons, Defendants' motion for summary judgment should be granted as to all of Plaintiff's claims regarding EHHA's denial of Plaintiff's requests for promotion.

H.    ***Plaintiff's First Amendment retaliation claims in Count Eight are insufficient to withstand Defendants' motion for summary judgment.***

Plaintiff brings a second First Amendment retaliation claim in Count Eight of his complaint.  As with the First Amendment retaliation claim in Count One, Count Eight is insufficient and cannot withstand a motion for summary judgment.

As argued in the previous section related to the motion for summary judgment against Count One, Plaintiff must show that the alleged deprivation was committed by a person acting under color of state law.  *See* <u>West v. Atkins</u>, 487 U.S. at 48.  As in Count One, Count Eight does not include allegations to support a claim that Defendants were state actors or that a challenged action has a nexus with the State, therefore, the motion for summary judgment against count eight should be granted.  Furthermore, even if Plaintiff's allegations were sufficient to establish a state action, Plaintiff's claims against the individual defendants acting in their official capacities are barred by the U.S. Constitution.

Finally, Plaintiff's allegations in Count Eight fail to allege an adverse employment action.  Instead, Plaintiff states that the alleged verbal and physical threats by the individual defendants were retaliatory acts.  (Plaintiff's Complaint, March 14, 2003, Count Eight, paras. 3-5, 9-13.)  These allegations are insufficient to establish an adverse employment action for the purpose of his retaliation claim.  *See* <u>Petrario v. Culter</u>, 187 F.Supp.2d 26, 34 (D. Conn. 2002).

For the foregoing reasons, Defendant's motion for summary judgment against Count Eight should be granted.

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment against

Counts One, Two, Four, Five, Six, Seven and Eight of Plaintiff's complaint should be

granted.

<div style="margin-left: 40%;">

RESPECTFULLY SUBMITTED,
THE DEFENDANTS,

THE EAST HARTFORD HOUSING
AUTHORITY, and in their individual and
official capacities, ANDRE DUMAS,
ROBERT COUNIHAN, TERRY MADIGAN
and JEFFREY ARN


By: _Catherine L. Creager_
    Catherine L. Creager, ct23645
    Coles, Baldwin & Craft, LLC
    1261 Post Road, P.O. Box 577
    Fairfield, CT 06430
    Tel. (203) 319-0800

</div>

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been forwarded this date to the

following counsel of record:

Erin I. O'Neil-Baker, Esq.                     J. William Gagne & Associates
James S. Brewer, Esq.                          1260 Silas Deane Highway
818 Farmington Avenue                          Wethersfield, CT 06109
West Hartford, CT 06119


*Catherine L. Creager*

Catherine L. Creager