UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI<br>    Plaintiff | : | CIVIL ACTION NO. |
| V. | : | 3:02 CV 478 (EBB) |
| EAST HARTFORD HOUSING<br>AUTHORITY, ANDRE DUMAS, JOHN<br>ROGHN, ROBERT LINDBERK, UNION<br>REPRESENTATIVE and ROBERT<br>COUNIHAN | :<br><br>: | |
|     Defendants | : | December 1, 2003 |

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, Defendants East Hartford Housing Authority, Andre Dumas, Robert Counihan, Terry Madigan and Jeffrey Arn, hereby submit their statement of material facts.

1.  Plaintiff began his employment with the East Hartford Housing Authority (hereinafter "EHHA") on December 7, 1978 in the Maintenance Department as a Maintenance Aide. (Exhibit A, para. 5.)

2.  The job classification of Maintenance Aide and description included manual work performing a variety of unskilled and semi-skilled tasks, which did not require a journeyman's knowledge. (See Exhibit B.).

3.  On or about, April 5, 1981, the requirement of an occupational license was instituted by EHHA board for all Maintenance Mechanics. This requirement remains in effect to today. (See Exhibit C.)

4.  At the time of the institution of the licensing requirement by EHHA, Plaintiff did not hold an occupational license. (Exhibit A, para. 6.)

5.     On or about, June 6, 1989, Plaintiff filed a grievance with the Union because he was denied a Maintenance Mechanic's position based on the fact that he did not have an occupational license.   (See Exhibit D.)

6.     The EHHA denied Plaintiff's grievance. (See Exhibit E.)

7.     The denial of Plaintiff's grievance was upheld by the EHHA Board of Commissioners.  (See Exhibit F.)

8.     The case went before the Connecticut State Board of Mediation and Arbitration as a result of the EHHA's denial of Plaintiff's grievance. (Exhibits G, I.)

9.     On March 23, 1993 a hearing was held at the State Labor Board regarding the grievance.  (Exhibit G.)

10.    On October 22, 1993 the Labor Department issued an arbitration decision in favor of the EHHA on the issue of the occupational license requirement.  (See Exhibit G.)

11.    In its decision, the arbitration panel responded to the issue of whether the EHHA violated the collective bargaining agreement when it did not promote Plaintiff to the position of Maintenance Mechanic in June of 1989.  (See Exhibit G, pg. 1.)

12.    The majority of the arbitration panel held that Plaintiff was not qualified for the Maintenance Mechanic's position pursuant to Section 4.3 of the collective bargaining agreement.  (Exhibit G, pg. 2.)

13.    The arbitration panel addressed Plaintiff's argument that licenses are exempt

under Connecticut General Statutes § 20-340 and the majority of the panel held that this section is irrelevant since it deals with unlicensed workers of governmental entities working on non-residential buildings and property.  (See Exhibit G, pg. 3.)

14.     The arbitration panel's majority further held that the requirement of an occupational license was within the prerogative of the EHHA to determine.  (Exhibit G, pg. 3.)

15.     The arbitration panel's majority, in supporting EHHA's licensing requirement, cited the need to ensure and preserve public health and safety.  (Exhibit G, pg. 4.)

16.     A like decision was found in the case of a fellow employee, which similar on many of its facts to the instant case the panel also reached the same conclusion on the identical issue.  See <u>Housing Authority of East Hartford and Local 1174, Council 4, AFSCME, AFL-CIO, James Jackson</u>, decision of the State of Connecticut Labor Department, Board of Mediation and Arbitration Case No. 8586-A-668 dated March 3, 1987.  (Exhibit H.)

17.     The decision of the arbitration panel involving the present matter was appealed to the Superior Court and upheld. <u>AFSCME, Local 1174, AFL-CIO v. Housing Authority of East Hartford</u>, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704770 (November 22, 1996, *Wagner, J.T.R.*)(Exhibit I.)

18.     On or about November 8, 1994, Plaintiff filed a complaint (#95-40329) with the Connecticut Commission on Human Rights and Opportunities.  (See Exhibit J.)

19.     In the CHRO complaint, Plaintiff alleged that he was denied a promotion based

upon the occupational license requirement and claiming that he had been doing Mechanic's work without the title and compensation of the position of Maintenance Mechanic. (See Exhibit J, pp. 1-3.)

20.   On or about July 28, 1995, CHRO complaint was dismissed for no reasonable cause and for lack of jurisdiction. (See Exhibit K.)

21.   Since 1989, Plaintiff requested a promotion to Maintenance Mechanic at least eleven (11) times from 1989 to 2002. The EHHA denied Plaintiff's request for promotion because he did not possess a valid, current, occupational license issued by the State of Connecticut. Plaintiff filed a grievance with his union following many of the EHHA's denials of a promotion. (See Exhibits D, L, M, N, O, P, Q, R, S, T, U, V.)

22.   On or about February 19, 1998, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that Plaintiff's union violated the relevant provisions of the collective bargaining agreement when it filed a grievance on January 29, 1998 regarding Plaintiff's promotion to Maintenance Mechanic. The complaint further alleged that the union was acting contrary to the decision of the State Board of Mediation and Arbitration of October 22, 1993. (Exhibits O and W.)

23.   On July 7, 1998, the EHHA and Plaintiff's union entered into a settlement agreement in which Plaintiff's union agreed to withdraw the grievance filed by Plaintiff on January 29, 1998. (Exhibit X.)

24.   The union further agreed that it would not "file or process any grievance relative to the same issue of the grievance [of January 29, 1998]." (See Exhibit X.)

25. Following the settlement agreement, Plaintiff continued to file, and the union continued to file and process, grievances related to the issue of Plaintiff's promotion to Maintenance Mechanic. (See Exhibits Q, S, V.)

26. On or about October 16, 1998, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed a grievance on October 9, 1998 on behalf of Plaintiff regarding the issue of Plaintiff's promotion to Maintenance Mechanic. (See Exhibit Y.)

27. On or about August 27, 1999, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed grievances on June 10, 1999 and July 26, 1999. (See Exhibit Z.)

28. On or about June 6, 2000, EHHA and the union entered into a second settlement agreement in which EHHA agreed to withdraw its pending complaints and not seek to recover legal fees and costs. (See Exhibit AA.)

29. On or about November 1, 2001, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed a grievance on October 10, 2001 on behalf of Plaintiff regarding Plaintiff's promotion to Maintenance Mechanic. (See Exhibit BB.)

30. The November 1, 2001 complaint sought an order for the union to cease and

desist, costs and sanctions pursuant to the 2000 settlement agreement. (See Exhibit BB.)

31.  On or about July 12, 2001, Plaintiff filed a complaint with the CHRO and Opportunities and the Equal Employment Opportunity Commission. (See Exhibit CC.)

32.  In his complaint, Plaintiff alleged that he was discriminated against because of his age and disability. (See Exhibit CC, pg. 2.)

33.  Plaintiff further alleged that he was denied a Maintenance Supervisor position in 1996; that he was denied a Maintenance Mechanic position in 1997; that he was charged with sick time in 1993 from a 1986 injury; that his appeal of the 1993 arbitration award was unsuccessful; and that he was retaliated against by filing grievances. (See Exhibit CC, paras. 8-11; 12-13; 17-19; 20; and 21.)

34.  The complaint was dismissed by the CHRO on or about December 20, 2001 on the ground that there was no reasonable cause and lack of jurisdiction. (Exhibit DD.)

35.  The CHRO released jurisdiction of Plaintiff's complaint on or about January 9, 2002. (Exhibit EE.)

36.    The present action was filed on or about March 19, 2002.

                                              RESPECTFULLY SUBMITTED,
                                              THE DEFENDANTS,

THE EAST HARTFORD HOUSING AUTHORITY, and in their individual and official capacities, ANDRE DUMAS, ROBERT COUNIHAN, TERRY MADIGAN and JEFFREY ARN

By: *Catherine L. Creager*
Catherine L. Creager, ct23645
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06430
Tel. (203) 319-0800

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been forwarded this date to the following counsel of record:

Erin I. O'Neil-Baker, Esq.  
James S. Brewer, Esq.  
818 Farmington Avenue  
West Hartford, CT 06119

J. William Gagne & Associates  
1260 Silas Deane Highway  
Wethersfield, CT 06109

_____  
Catherine L. Creager