# EXHIBIT A

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI | : | CIVIL ACTION NO. |
| Plaintiff | | |
| V. | : | 3:02 CV 478 (EBB) |
| | : | |
| EAST HARTFORD HOUSING | | |
| AUTHORITY, ANDRE DUMAS, JOHN | : | |
| ROGHN, ROBERT LINDBERK, UNION | | |
| REPRESENTATIVE and ROBERT | | |
| COUNIHAN | | |
| Defendants | : | November 26, 2003 |

### AFFIDAVIT OF ROBERT COUNIHAN

The undersigned represents:

1.    I make this statement based upon my own knowledge and information.

2.    I believe in the obligation of an oath.

3.    I am over 21 years of age.

4.    I am a co-defendant in the above-entitled action.

5.    The plaintiff, Carmelo Gagliargi began his employment with the East Hartford Housing Authority on December 7, 1978 in the Maintenance Department as a Maintenance Aide.

6.    At the time of the plaintiff's hire, the position of Maintenance Mechanic did not require an occupational license and the plaintiff did not have such a license.

7.    Beginning on or about April 5, 1981, the East Hartford Housing Authority has required that anyone applying for the position of Maintenance Mechanic to posses an occupational license

9.    Since 1989, the plaintiff has filed numerous requests for a promotion to

1

the position of Maintenance Mechanic.

10.     Each of the plaintiff's requests for a promotion has been denied due to the fact that the plaintiff does not possess the required license.

11.     Since 1989, the plaintiff has filed numerous grievances because he was denied a promotion to the position of Maintenance Mechanic.

12.     On March 23, 1993 a hearing was held at the State Labor Board regarding one of the plaintiff's grievances regarding the denial of his request for promotion.

13.     On October 22, 1993 the Labor Department issued an arbitration decision in favor of the East Hartford Housing Authority on the issue of the license requirement.

14.     The decision of the arbitration panel involving the present matter was appealed  to the Superior Court and upheld.

15.     The plaintiff has filed two complaints with the Connecticut Commission on Human Rights and Opportunities.

16.     Both of the plaintiff's complaints were dismissed.

17.     On or about February 19, 1998, EHHA filed a complaint with the Connecticut  State Board of Labor Relations alleging that the plaintiff's union violated the relevant provisions of the collective bargaining agreement and ignored the October 22, 1993 arbitration decision when it filed a grievance on January 29, 1998 regarding Plaintiff's promotion to Maintenance Mechanic.

18.     On July 7, 1998, the EHHA and Plaintiff's union entered into a settlement

2

agreement in which the plaintiff's union agreed to withdraw the last grievance filed by Plaintiff and promised not to process any more grievances relative to the same issue of the plaintiff's promotion.

19.    Following the settlement agreement, the plaintiff continued to file, and the union continued to file and process, grievances related to the issue of the plaintiff's promotion to Maintenance Mechanic.  (See Exhibits P, R, U.)

20.    On or about October 16, 1998 and August 27, 1999, the EHHA filed additional complaints with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement.

21.    On or about June 6, 2000, EHHA and the union entered into a second settlement agreement in which EHHA agreed to withdraw its pending complaints and not seek to recover legal fees and costs and the union again agreed not to file additional grievances on the same promotion issue.

22.    On or about November 1, 2001, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed a grievance on October 10, 2001 on behalf of the plaintiff regarding the plaintiff's promotion to Maintenance Mechanic.

23. The plaintiff has not been discriminated against or retaliated against by the EHHA, its employees, commissioners or agents.

24.    I do certify that the evidence submitted in support of this motion for summary judgment is true and accurate to the best of my knowledge.

Dated at Fairfield, Connecticut, this 26 day of November, 2003.

Robert Counihan

STATE OF CONNECTICUT        )

                            )    ss:    Fairfield

COUNTY OF FAIRFIELD         )

Personally appeared, Robert Counihan, known to me or satisfactorily proven to be the subscriber, who subscribed and swore to before me this 1st day of December, 2003.

Kevin A. Coles
Commissioner of the Superior Court

4

# EXHIBIT B

EAST HARTFORD HOUSING AUTHORITY

## MAINTENANCE - AIDE

### Nature of Work:

This position is responsible for performing a variety of semi-skilled tasks related to building and grounds maintenenace. Performs both heavy and normal manual labor in connection with the maintenance and upkeep of buildings and grounds.  Work is performed under the supervision of a Maintenance Supervisor and/or the Maintenance Superintendent.

### Illustrative Examples of Work:

Performs minor repair and adjustments to electrical facilities, hot water heaters, furnaces, electric and gas ranges and plumbing facilities.  Repairs and replaces windows; performs carpentry repairs; cleans vacant dwelling units; makes needed repairs to dwelling units for re-occupancy; cuts grass using power equipment; removes snow and ice from building areas and grounds using manual and/or power equipment; loads truck with dirt and/or salt/spread/ sand over project areas; moves equipment, material and supplies; prunes trees; cuts shrubs; removes rubbish and trash from buildings, grounds, incinerators and compactors; cleans and makes repairs and adjustments to maintenance equipment; operates pick-up truck, snow removal equipment, power mowers, mechanical sweeper and floor cleaning and polishing machines; performs masonry repairs and replacements; completes work slips for all maintenance work performed; may assist in the performance of skilled tasks related to building and grounds maintenance; prepares reports of situations which need correction; performs related work as required in the maintenance and repair of agency property.

### Required Knowledge, Skills and Abilities

Ability to perform semi-skilled tasks independently; working knowledge of several trades required; ability to understand and follow oral and written instructions; ability to prepare and complete reports, records and work slips; ability to safely operate power equipment; ability to use hand tools and equipment; ability to perform manual tasks requiring physical strength and endurance; must possess a valid Connecticut driver's license;

must be able to read and write English; must be in good
physical condition.

Minimum Education, Experience and Training
Considerable experience performing heavy and normal manual
building and grounds maintenance work is required; considerable
experience operating power equipment is required; considerable
experience utilizing hand tools is required; graduation from
high school/trade school or GED is preferred.

April, 1989

# EXHIBIT C

TOWN OF EAST HARTFORD
452 MAIN STREET
EAST HARTFORD, CONN 06118

## JOB CLASSIFICATION

<u>MAINTENANCE MECHANIC</u> (Skilled)   Under General Direction of Maintenance
    (HEATING)                        Superintendent and Supervisors

<u>NATURE OF WORK:</u>  This is skilled work at the journeyman level, and included
        in this class are painters, carpenters, plumbers, glaziers,
        steamfitters and heating man and other journeymen who may be
        employed by the agency.  Assignments are received in oral and/
        or written form and tasks are performed in accordance with
        standard trade practices, either under direct supervision or
        independently, and in the latter case, work is checked upon
        completion.

<u>SCOPE OF WORK:</u>  Incumbent performs all the various tasks associated with his
        trade, reflecting all the skills of the journeyman.  Performs
        related work as well as snow removal by equipment or shovel as
        well as sanding or salting sidewalks.

<u>KNOWLEDGE, ABILITY, SKILL:</u>  Considerable knowledge of the standard methods,
        practices, tools and materials of the trade such as pneumatic
        controls, burners, piping and valves.  Considerable knowledge
        of the occupational hazards and safety precautions of the tasks.
        Ability to estimate time and materials needed and to keep simple
        records.  Ability to understand and follow oral and written in-
        structions.  Considerable skill in the use and care of the tools,
        machines and equipment of the agency.  Must be in good physical
        condition.  Must have a driver's license.

<u>EXPERIENCE AND TRAINING:</u>  Considerable experience on the journeyman level.
        Graduation from high school or trade school.
        Class B-4 Heating License or equivalent required.

        <u>Mechanic needed at this time must be expert in
        heating in accordance with all the above requirements.</u>

---

JOB OPENING FOR HEATING MECHANIC AS OF 4/15/85.   INQUIRE AT
MAINTENANCE OFFICE, 452 Main Street, East Hartford, Ct. Tel. 569-4900

## GENERAL DESCRIPTION:

This is highly responsible skilled work at the full performance level involving complex tasks related to buildings, grounds and building systems maintenance.

Performs highly skilled tasks and duties in connection with the maintenance, repair, alteration, and replacement of building and grounds systems and facilities.

## SUPERVISION RECEIVED:

Works under the general direction of a Maintenance Supervisor or the Maintenance Superintendent.

## EXAMPLES OF DUTIES:

Performs complex repairs, replacement and adjustments to: ventilation systems, electrical facilities and systems, heating and hot water systems, plumbing facilities and systems, building envelope systems, dwelling equipment, floors, ceilings, dwelling unit systems, water, sewage and building fire sprinkler systems.

Performs tasks and duties in accordance with standard trade practices.

Performs tasks and duties at the full journeyman level.

May perform any task or duty of a subordinate classification.

Operates complex and standard equipment and systems related to building, grounds and systems maintenance.

Completes work order slips for all work performed.

Investigates conditions and/or situations that may affect the health and/or safety of building occupants or the general public.

Investigates conditions and/or situations that may affect the integrity of buildings, building systems and/or grounds.

Prepares detailed, definitive reports concerning health and/or safety conditions, and/or situations, which require attention and/or correction.

Performs related work as required for the maintenance, repair and/or replacement of agency property, equipment and systems.

## KNOWLEDGE, SKILLS AND ABILITIES:

Thorough ability to perform highly skilled tasks independently.

Thorough knowledge and ability in applicable building trades.

Thorough knowledge of standard trade practices.

Considerable ability to understand oral and written instructions and communications.

Thorough knowledge, skill and ability to perform highly skilled tasks and duties in the areas of: plumbing, heating, ventilation and electrical.

Thorough knowledge of building, grounds and building systems maintenance.

Considerable ability to prepare, complete and analyze reports, records and complex orders.

Considerable ability to perform manual tasks and duties requiring physical strength and endurance.

Thorough skills in building, grounds and building systems maintenance.

Through ability to safely operate complex equipment, building equipment, and building systems.

Must be physically able to perform the duties of the position.

Must possess a valid Connecticut driver's license.

Thorough knowledge of occupational hazards and safety precautions.

Good ability to establish and maintain effective working relationships with coworkers, supervisors, residents and the general public.

Ability to read, understand and interpret, blueprints, drawings and specifications.

QUALIFICATIONS:

A high school diploma, or the equivalent, is required.

A minimum of five years experience performing complex, highly skilled tasks and duties relative to building, grounds and building systems maintenance.

A minimum of five years experience at the full performance, journeyman level.

A minimum of five years experience in standard trade practices.

A minimum of five years experience in the area(s) of: plumbing, heating, ventilation or electrical work.

SPECIAL REQUIREMENTS:

Possession of a valid, current, occupational license issued by the State of Connecticut. The required occupational license shall be at least equivalent to the full journeyman level status for a specific required discipline.

# MAINTENANCE MECHANIC

This is highly responsible skilled work at the full performance level involving complex tasks related to buildings, grounds and building systems maintenance.

Position requires a minimum of five (5) years experience performing complex, highly skilled tasks and duties. A high school diploma, or equivalent, is required. Possession of a valid Connecticut drivers' license is required. Applicants must also possess a valid, current, occupational license issued by the State of Connecticut. The required occupational license shall be at least equivalent to the full journeyman level for a specific discipline, e.g. plumbing, heating, electrical.

Qualified individuals should contact Brenda M. Pliszka, Administrative Secretary, at (860) 290-8301 for an application. East Hartford Housing Authority, 546 Burnside Avenue, East Hartford, Connecticut 06108. TDD number is 1-800-545-1833 Ext. 216.

Deadline for the receipt of application is Friday, April 16, 1999 at 4:00 p.m. AA/EOE

# EXHIBIT D



**AFSCME**
*in the public service*

# OFFICIAL GRIEVANCE FORM

NAME OF EMPLOYEE  Carmen Gagliardi        DEPARTMENT  Maintenance

CLASSIFICATION  Maintenance Aide

WORK LOCATION  Progect #13-4        IMMEDIATE SUPERVISOR  Nick Rago

TITLE

## STATEMENT OF GRIEVANCE:

List applicable violation:  Carmen is being discriminated against, by being denied an opportunity to advance to a Mechanic position.  While on May 22, 1989 a laborer was promoted to an aide position.

Adjustment required:  For the E.Hartford Housing Authority to offer to Carmen Gagliardi and all Aides, the opportunity to be promoted to mechanic positions.

I authorize the A.F.S.C.M.E. Local  1174  as my representative to act for me in the disposition of this grievance

Date  6/19/89        Signature of Employee  Carmelo Gagliardi

Signature of Union Representative  James Jackson        Title  Steward

Date Presented to Management Representative

Signature  John B. Doughen    6/29/89    Title  Ex. Dir

Disposition of Grievance:  Written response will be issued by June 10, 1989 due to vacation of Ex. Dir.

**THIS STATEMENT OF GRIEVANCE IS TO BE MADE OUT IN TRIPLICATE. ALL THREE ARE TO BE SIGNED BY THE EMPLOYEE AND/OR THE AFSCME REPRESENTATIVE HANDLING THE CASE.**

ORIGINAL TO

COPY

COPY: LOCAL UNION GRIEVANCE FILE

**NOTE: ONE COPY OF THIS GRIEVANCE AND ITS DISPOSITION TO BE KEPT IN GRIEVANCE FILE OF LOCAL UNION.**

21        THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES        F29

# EXHIBIT E

# East Hartford Housing Authority

JOHN B. ROUGHAN
EXECUTIVE DIRECTOR

RALPH J. ALEXANDER
ATTORNEY.

JULY 10, 1989

TO:          MICHAEL SEAMON AND JAMES JACKSON
             UNION REPRESENTATIVES

FROM:        JOHN B. ROUGHAN, EXECUTIVE DIRECTOR

SUBJECT:     RESPONSE TO STEP 2 GRIEVANCE
             CARMEN GAGLIARDI, MAINTENANCE AIDE

The above cited "grievance" is hereby denied.

The grievance form submitted states no particular,
definitive section and/or article that the grievant
claims the Housing Authority is violating.

There is no basis for Mr. Gagliardi's claim of
"discrimination".

In 1986, Mr. Gagliardi expressed an interest in being
promoted to a mechanic position, however, when requested
to supply documentation of his qualifications for the
position, Mr. Gagliardi failed to produce evidence of
being qualified for the vacant mechanic position.

# EXHIBIT F

# East Hartford Housing Authority

JOHN B. ROUGHAN
EXECUTIVE DIRECTOR

RALPH J. ALEXANDER
ATTORNEY

August 10, 1989

**TO:**      JAMES JACKSON, STEWARD

**FROM:**    LEO J. BOND, CHAIRMAN BOARD OF COMMISSIONERS

**SUBJECT:** STEP III GRIEVANCE - CARMEN GAGLIARDI

The Board of Commissioners hereby reaffirms the response at Step II of the grievance procedure.

The Union's presentation at Step III offered no evidence of discrimination. Reference is made to Section 4.3A, wherein Mr. Gagliardi has been given the opportunity to fill vacant positions. However, he has not provided the Authority with documentation of his qualifications that would make him eligible for such positions. The issue of a laborer being promoted to an aide position is irrelevant in this instance.

In addition, the Authority has encouraged bargaining unit members, as recently as January of 1989, to consider educational programs in order to increase their individual skill levels. Mr. Gagliardi has expressed no interest in attending such programs.

Due to a lack of qualified internal candidates for promotion to Mechanic, the Authority has utilized Section 4.3B of the Agreement to fill vacancies since 1986. However, the Authority has also followed internal posting procedures in accordance with Section 4.2 for all vacant positions. Mr. Gagliardi has only expressed an interest in one Mechanic vacancy even though there has been more than one vacancy during the past three years.

Based upon the above stated facts, the grievance is hereby denied.

LEO J. BOND
CHAIRMAN

# EXHIBIT G

CONNECTICUT STATE BOARD OF MEDIATION AND ARBITRATION
LABOR DEPARTMENT

200 FOLLY BROOK BOULEVARD
WETHERSFIELD, CONNECTICUT 06109

DATE: October 22, 1993

T R A N S M I T T A L    M E M O R A N D U M

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In the matter of: | Material Transmitted: |
| Housing Authority of East Hartford<br>    -and-<br>AFSCME Council 4, Local 1174 | Arbitration Award |
| Case No. 8990-A-998 | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COPIES SENT TO THE FOLLOWING:    Ralph T. Alexander, Esq.
Charles Lombard, Staff Rep.
Arbitration Panel
Town Clerk's Office\*\*
File

\*\* This decision is filed with you in accordance with Section 31-98, Chapter
560 of the Connecticut General Statutes.

ml

STATE OF CONNECTICUT

DEPARTMENT OF LABOR

STATE BOARD OF MEDIATION AND ARBITRATION

ARBITRATION AWARD

In the matter of:

HOUSING AUTHORITY OF EAST HARTFORD

– AND –

AFSCME, COUNCIL 4, LOCAL 1174

Case No.:  8990-A-998

Award Date: October 22, 1993

Hearing Dates: March 23, 1993

Location of Hearing:

Department of Labor
Wethersfield, CT

APPEARANCES:

For the Authority – Ralph T. Alexander, Esq.

For the Union – Charles Lombard, Staff. Rep.

ISSUE

The parties could not agree to a submission, so the panel has framed the issue as follows:

Did the Authority violate the Agreement when it did not promote the grievant Carmelo Gagliardi to the position of Maintenance Mechanic in June of 1989?

## RELEVANT AGREEMENT PROVISIONS

### Article VI - SENIORITY

Section 4.3A - When a vacancy exists or a new position is created, the employee with the highest seniority shall be given the first opportunity to fill the position provided he is qualified.

### STATEMENT OF CASE AND DISCUSSION

This case is before the arbitration panel as a result of the denial of a grievance filed by the grievant, Carmelo Gagliardi, a Maintenance Aide who was not advanced to the position of Maintenance Mechanic in June of 1989. Testimony at the hearing revealed that the grievant had considerable experience having worked as an Aide for 15 years, had performed some of the tasks of a Maintenance Mechanic (hereinafter "MM"), was an employee with a good work record, and was the most senior person looking for the promotion. The Union claims that the grievant was certainly "qualified" as Section 4.3 requires and that he was unfairly denied the promotion. It is the Authority's position that the grievant was not qualified for the position of MM because he did not possess the training and experience for the job or a license for a B-4 heating mechanic or its equivalent.

It is a finding of a majority of this panel that the grievance be denied since the grievant was not qualified pursuant to Section 4.3 of the Agreement. At the hearing, Leo Gagliardi testified concerning the B-4 heating requirement for the MM position which started in 1977 and became a mandatory job qualification in 1981. When Mr. Gagliardi interviewed the grievant for the MM position, he did not promote him because of the grievant's lack of experience as well as his lack of a license. Mr. Gagliardi testified that although the grievant had performed many MM tasks

during his tenure with the Authority, he did not do so on a regular basis, and the grievant was not qualified for the job since he did not have a B-4 license or the training and experience that was required by the job description. The Authority presented a number of other witnesses who confirmed that the grievant either did MM work occasionally or not at all prior to 1989. Given this credible testimony from numerous witnesses, the majority of this panel concludes that the grievant did not have the practical experience which would qualify him for the promotion.

As for the licensing requirement, a majority of the panel is not convinced by the arguments that (1) it should be ignored since it was added in 1981 and that (2) licenses are exempt under Connecticut General Statutes Section 20-340. As for the first point, the majority of this panel agrees with the position of Mr. Walter Dudek in a factually similar case that since the language of the Agreement is silent as to what "qualifies" someone for the MM position, "it is the prerogative of the Authority to determine the qualifications necessary for the positions covered by the Agreement", one such reasonable qualification being a Class B-4 heating license. (See Housing Authority for East Hartford and AFSCME, Council 4, Local 1174, Case No 8586-A-668). Nor does a majority of this panel find Connecticut General Statutes Section 20-340 relevant to the instant case since that statute deals with unlicensed workers of governmental entities working on non-residential buildings and property. The instant case involves primarily multi-family residential property, whose heating systems heat dwellings where hundreds of family units made up of the elderly as well as low to moderate income families live. The Authority's requirement that MM workers have the license serves not to

CASE NO. 8990-A-998

avoid liability from the state for having unlicensed people perform heating work but rather to ensure the safety of the families who reside in the Authority's residences.

### AWARD

The Authority did not violate the Agreement when it did not promote the grievant Carmelo Gagliardi to the position of Maintenance Mechanic in June of 1989.

The grievance is denied.

THE CONNECTICUT STATE BOARD OF
MEDIATION AND ARBITRATION

By:    _Laurie G. Cain_
Laurie G. Cain, Esq.
Panel Chairperson

_Lucien Baldwin_
Lucien Baldwin
Management Member

_John P. Colangelo_
John Colangelo
Union Member
(Dissenting opinion attached)

In the matter of
Housing Authority of East Hartford

    —and—

AFSCME, Council 4, Local 1174

CASE NO. 8990—A—998


## Dissenting Opinion

The grievant had requested, on many occasions, to be promoted to the position of Maintenance Mechanic (Union #2).

Even though the grievant was the senior person he was passed over by a junior employee.

Article IV, Seniority, Section 4.3, subparagraph A states: "When a vacancy exists or a new position is created, the employee with the highest seniority shall be given the first opportunity to fill the position provided he is qualified.  If he refuses or is proved unqualified it shall go to the next senior man who is qualified, etc."

During the hearing the Union was able to show, through many witnesses that the grievant has and continues to perform the work of a Maintenance Mechanic.  These witnesses not only included the grievants co-workers but also his own supervisor who stated that the grievant "has performed mechanic work not only on a call—in basis but also during regular working hours of work".

The grievants' supervisor also stated that he "was satisfied" with the work performed and "did not have a problem with his work".

Case No. 8990-A-998          ·          Page 2

The East Hartford Housing Authority has maintained a position that a B4 license is a requirement of the position of Maintenance Mechanic and therefore the grievant is not qualified for that position.  However, the panel will see that (1) this requirement was added to the job description, by the Housing Authority, on or about April 15, 1981 (see H.A. #1) and (2) licenses are exempt under chapter 393, Section 20-340 regarding Electricians, Plumbers, Heating, Piping and Coding Contractors and Journeymen, Elevator and Fire Protection Sprinkler Craftsmen (see Union Exhibit #5).

It must be noted that the impact of this change in the job description was never negotiated with the Union.

However, Union Exhibit #5, Section 20-340, clearly shows that licenses are exempt and therefore the panel cannot give any weight to the Housing Authority's "license required" argument.

The Union showed, clearly, that he was and is qualified for the position of Maintenance Mechanic and that his grievance should be sustained by this panel.


                              Respectfully submitted,


                              John Colangelo

EXHIBIT H

MAR 05 1987

CONNECTICUT STATE BOARD OF MEDIATION AND ARBITRATION
LABOR DEPARTMENT

200 Folly Brook Boulevard
Wethersfield, Connecticut

Date: March 3, 1987

T R A N S M I T T A L   M E M O R A N D U M

\* \* \* \* \* \* \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In the matter of:                    Material Transmitted:

HOUSING AUTHORITY OF EAST HARTFORD

    - and -                              ARBITRATION AWARD

AFSCME, COUNCIL 4, LOCAL 1174

CASE NO. 8586-A-668

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COPIES SENT TO THE FOLLOWING:    Mr. Ralph J. Alexander, Esquire
                                 Mr. John B. Roughan, Executive Director
                                 Mr. Edward T. Caffrey, Staff Representative (2)
                                 Town Clerk
                                 File

jdd
\*\*This decision is filed with you in accordance with Section 31-98,
Chapter 560, of the Connecticut General Statutes.

STATE OF CONNECTICUT
DEPARTMENT OF LABOR

STATE BOARD OF MEDIATION AND ARBITRATION

A R B I T R A T I O N   A W A R D

---

In the matter of:

HOUSING AUTHORITY OF EAST HARTFORD

and

AFSCME, COUNCIL 4, LOCAL 1174

---

CASE NO:  8586-A-668

AWARD DATE: March 3, 1987

HEARING DATE:  August 13, 1986

Place of Hearing:
    Labor Department
    Wethersfield, CT

APPEARANCES:

 For the Town: John B. Roughan
               Executive Director
               East Hartford Housing Authority

 For the Union: Edward T. Caffrey
                Staff Representative

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ISSUE

Did the East Hartford Housing Authority violate
its Agreement with Local 1174 when it refused to
promote James Jackson to the position of Mainten-
ance Mechanic in June 1985?

If so, what shall the remedy be?

CASE NO: 8586-A-668

East Hartford Housing Authority is hereafter referred to as Authority; Local 1174 is hereafter referred to as the Union; James Jackson is hereafter referred to as the Grievant; and Work Agreement Between The Housing Authority of the Town of East Hartford and Local 1174 of Council #4, American Federation of State, County & Municipal Employees, AFL-CIO is hereafter referred to as the Agreement.

The Grievant, an employee of the Authority for over 13 years, applied for promotion to the position of Maintenance Mechanic and upon denial of his request, a grievance was filed by the Grievant which was also denied by the Authority on June 2, 1985. The basis for the denial of the Grievant's request for promotion was that he did not have the necessary qualifications for the Maintenance Mechanic position. The position was filled by what the Authority deemed was a qualified Maintenance Mechanic holding a B-4 heating license or its equivalent.

There are three classifications of maintenance employee: Mechanic, Painter, and Maintenance Aide. The employee classification of Mechanic and Painter received about 10% more hourly wage than the Maintenance Aide.

In 1977 the Authority employed 5 Maintenance Mechanics; 2 holding heating licenses and 3 unlicensed. During 1977 an unlicensed mechanic left the employment of the Authority and was replaced with a licensed mechanic. In 1985 an unlicensed mechanic who left his job with the Authority was also replaced with a licensed mechanic. During the period 1977 - 1985 several licensed Maintenance Mechanics were replaced with licensed mechanics.

CASE NO: 8586-A-668

Page Three

The Union argues that by denying the grievant the promotion, the Authority violated Section 3.3.(A) of the Agreement:

Said Section states: "When a vacancy exists or a new position is created, the employee with the highest seniority shall be given the first opportunity to fill the position provided he is qualified. If he refused or is proved unqualified, it shall go to the next senior man who is qualified, etc."

The Union points out that the Grievant, an employee of the Authority for some 13 years, was the employee with highest seniority seeking the promotion and that his many years of experience as a Maintenance Aide gave him the necessary qualifications for promotion. It is stressed by the Union that as a Maintenance Aide he had efficiently worked on the heating systems and that his record clearly qualifies him for the promotion notwithstanding the fact that he did not have the necessary heating license. It is further contended by the Union that in 1977 the Maintenance Supervisor approached the Union President stating that the Authority would like to have a licensed heating mechanic fill vacancies as they occur. This proposal was accepted by the Union provided that 2 mechanic positions would remain without such licensing requirements. Discussion between the parties took place several times after 1977 reaffirming this understanding. The Union further asserts that in denying the grievant the promotion to Maintenance Mechanic, the Authority was retaliating because the Union would not agree to a standard overtime system for the 3 Licensed Maintenance Mechanics.

In response to the various allegations of the Union, the Authority points out that from 1980 to the time of hiring the individual for the position for which this grievance was filed,

CASE NO: 8586-A-668

Page Four

4 Maintenance Mechanics with B-4 Heating Licenses or equivalent licenses were hired and 3 Union contracts were negotiated without any objection from the Union. It further asserts that the Maintenance Supervisor did not make any promises relative to the promotion of Unlicensed Mechanic Aides to the position of Maintenance Mechanic. Furthermore, only the Executive Director with the consent of the Authority could make such promise.

The Authority, although acknowledging the fact that the Grievant was a loyal employee; did have seniority; and did, over a space of several years, work on the various heating systems of the several housing complexes under the jurisdiction of the Authority, points out the fact that the Grievant did not have the necessary B-4 heating license or its equivalent. The heating license is a necessity inasmuch as there are 876 housing units in 12 housing complexes scattered throughout East Hartford and each complex has its own heating system ranging in size and complexity. Under these circumstances, properly servicing these various heating systems by a licensed heating mechanic is a necessity. To do otherwise could endanger the occupants of the housing complexes.

From the testimony of the Union's representatives and the Authority, it does appear that there were several conversations relative to unlicensed Mechanic Aides such as the Grievant who could be promoted to Maintenance Mechanic. In perusing the entire Agreement which apparently has been negotiated several times prior to the instant grievance, it is apparent that Section 3.3 (A) and Section 8.0 of the Agreement are pertinent to this grievance.

Section 8.0 states: "The position classification and compensation plan shall be negotiated and made part of this agreement."

The Agreement between the parties does not set any standard

CASE NO:  8586-A-668                                        Page Five

ifications for Mechanics and Mechanic Aides nor any standard for
promotion other than seniority and that a person seeking a promo-
tion must have the necessary qualifications.  Section 8.0 of the
Agreement does not in any way make a determination as to what type
of experience or ability is required for any of the positions men-
tioned in the Agreement i.e. Mechanic; Painter; Maintenance Aide.
Under these circumstances, the Agreement being silent, it is the
prerogative of the Authority to determine the qualifications ne-
cessary for the positions covered by the Agreement.

The Authority has reasonably determined that a Mechanic with
a heating license or equivalent be given the position inasmuch he
has had special training and ability to handle the complex heating
systems within the housing complexes.  The Grievant has no such
license or equivalent nor does he have the necessary qualifications
for promotion to perform all duties required of a Maintenance Me-
chanic.

This Panel of Arbitrators has given serious consideration to
all evidence presented and is of the opinion that the Grievant
did have considerable experience, was a responsible employee and
was the most senior employee seeking the promotion.  The evidence
suggests that the Grievant did reasonably expect the promotion to
Maintenance Mechanic.  Under these circumstances it is the unan-
imous recommendation of the Arbitration Panel that notwithstanding
the denial of this grievance, the Authority should exert every
possible means to help this Grievant and provide him with the
necessary schooling for him to obtain a B-4 heating license or
its equivalent.

## AWARD

The East Hartford Housing Authority did not violate its Agreement with Local 1174 when it refused to promote James Jackson to the position of Maintenance Mechanic in June 1985.

Grievance Denied.

CONNECTICUT STATE BOARD OF
MEDIATION AND ARBITRATION

Walter R. Dudek, Panel Chairperson
Public Member

Harold T. LeMay
Management Member

Frank J. Avallone
Labor Member

# EXHIBIT I

NO. CV93 0704770                                    NOV 26 1996

AMERICAN FEDERATION OF STATE            :    SUPERIOR COURT
AND COUNTY MUNICIPAL EMPLOYEES,
COUNCIL 4 LOCAL 1174, AFL-CIO

v.                                      :    HARTFORD-NEW BRITAIN
                                             JUDICIAL DISTRICT
                                             AT HARTFORD

HOUSING AUTHORITY OF EAST HARTFORD   :    NOVEMBER 22, 1996


### MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARD

The Plaintiff union seeks to vacate an arbitration award dated October 23, 1993 upholding the action of defendant Housing Authority when it did not promote the grievant Carmelo Gagliardi to the position of Maintenance Mechanic in June, 1989.

The plaintiff claims that under the collective bargaining agreement between the parties, the grievant should have been given the position of Maintenance Mechanic because Article VI, Section 4.3A provides

When a vacancy exists or a new position is created, the employee with the highest seniority shall be given the first opportunity to fill the position provided he is qualified.

SUPERIOR COURT
HARTFORD J.D.

Nov 22  10 49 AM '96

FILED

It is undisputed that grievant had the highest seniority, but defendant justified its refusal to give him the position because he did not have the requisite training and experience and did not have a B-4 heating mechanic license. Plaintiff claims that the award demonstrates "a manifest disregard of the law" because it refused to give proper weight to General Statutes § 20-340 which exempts from licensing requirements persons employed by governmental agencies. The arbitrators' decision did not find this statute relevant "since that statute deals with unlicensed workers of governmental entities working on non-residential buildings and properties."

Plaintiff has failed to demonstrate that General Statutes § 20-340 is applicable to a housing authority like the defendant, see <u>Gordon v. Bridgeport Housing Authority</u>, 208 Conn. 161 (1988). Even if this exemption statute were applicable it is by no means certain that defendant violated the seniority provision in the collective bargaining agreement by making the license requirement a key element of the "qualified" requirement in the same paragraph. It is not disputed that the license requirement was part of the job description since at least 1981.

Under these circumstances, there is at most a "disagreement with the arbitrators application of controlling legal principles" by the plaintiff and not a "manifest disregard of the law" by the arbitrators which is

required to set aside an award. <u>Garrity v. McCaskey</u>, 223 Conn. 1 (1992).

Motion to Vacate is denied.

Jerry Wagner
Trial Judge Referee

# EXHIBIT J



# STATE OF CONNECTICUT
### *COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES*
EASTERN REGION OFFICE
100 BROADWAY, CITY HALL, NORWICH, CONNECTICUT 06360
Tel. (203) 886-5703     Fax: (203) 886-2550
<u>AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE</u>

IN REPLY:

DATE: 11-8-94 _____     CASE NO. ___9540329___

My name is _Carmelo L. Gagliardi_

and I reside at _26 Loren Cir, Windsor, Ct 06095-_

The respondent is _East Hartford Housing Authority_

whose business address is _542 Burnside Ave, E Hfd Ct 06108_

( ) terminated
( ) suspended
( ) placed on probation
( ) demoted
( ) warned
( ) given a poor evaluation
( ) denied a raise
( ) less trained
( ) denied an office
( ) discriminated against in terms and conditions of employment

(✓) not hired/<u>not promoted</u>/not rented a dwelling
( ) harassed    ( ) sexually harassed
( ) earning a different rate of pay
( ) constructively discharged
( ) retaliated
( ) not hired due to a BFOQ
( ) not hired due to a disability
( ) delegated difficult assignments
( ) denied service(s)

on _June 6, 1989_____ and believe that my

( ) race [          ]
( ) color [          ]
( ) sex [ . ] M [ ] F
( ) ancestry
( ) age [     ]
      DOB  /  /
( ) pregnancy

( ) national origin [
( ) marital status  [
( ) physical disability
( ) mental retardation
( ) religion
( ) familial status
( ) learning disability

]  ( ) mental disorder
]  ( ) alienage
   ( ) previously
      opposed, filed
or testified
   ( ) sexual orientation

was in part a factor in this action. I believe that the respondent violated the following Connecticut General Statutes Sections [statute] enforced through Section 46a-58(a) and [act(s) listed below]

( ) 46a-58( )( )
( ) 46a-60(a)(1)
( ) 46a-60(a)(4)

( ) 46a-60(a)(7)( )( )( )( )
( ) 46a-60(a)(8)( )( )( )( )
( ) 46a-64( )( )
( ) 46a-64a( )( )
( ) 46a-80

( ) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991 [cite for over 15 individuals employed]

( ) Age Discrimination in Employment Act, 29 U.S.C. 621-634 [cite for over 20 individuals employed]
( ) Americans with Disabilities Act, 42 U.S.C. 12101 et seq.
( ) Equal Pay Act of 1964, 29 U.S.C 206
( ) Section 504 of the Rehabilitation Act of 1973

I provide the following particulars: (PLEASE TYPE OR PRINT THE INFORMATION)
***(Use numbered, short paragraphs for each specific allegation)

1# East Hartford Housing employs approximately 33 employees - in which 3 are mechanics, 9 are maint. aids, 2 are laborers, the rest are office workers

2# April 15 1981 a B-4 heating license was insituted as a job requirement to become a Mechanic

3# June 6th 1989 I put in a grievance because I didn't get a mechanics job because I didn't have a B-4 license.

4# March 23, 1993 I attended a hearing at the State Labor Dpt for discrimination by being denied advancement cause of the licensing requirements.

5# Oct 22, 1993 the Labor Dpt favored the Housing Authority

6# Aug 29, 1991 - a P-2 - and a E-2 License was added as job requirements to become a mechanic

I provide the following particulars: (<u>PLEASE TYPE OR PRINT THE INFORMATION</u>)
***(Use numbered, short paragraphs for each specific allegation)

7# Oct 25, 1993 - a hearing at the State Labor Dpt was scheduled but I withdrew the grievance

8# I'm doing all the "mechantic" work and have been since 1978 but I have been denied job advancement to a mechantic position because of the Lincense requirements that weren't insituted until 1981

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above-cited laws and secure for me any remedy to which I may be entitled.

_Carmelo L. Gagliardi_ being duly sworn, on oath, states that s/he is the complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at _East Hartford_, Connecticut this _7_ day of _November_, 19_94_.

Y _Carmelo Gagliardi_
Complainant's Signature

Subscribed and sworn to before me this _7_ day of _November_, 19_94_

_James T. Durkin_ Notary Public
Notary Public/Commissioner of the Superior Court)
James T. Durkin

My commission expires: _10/31/97_