# EXHIBIT K



SERVICE OF COMPLAINT                                    FORM 105R
(Lack of Jurisdiction)

Date: July 28, 1995

Certified Letter No. Z 404 756 009          Reply To: Thomas Brainard

Mr. John Roughan, Executive Director
East Hartford Housing Authority
546 Burnside Ave.
East Hartford, CT. 06106

Dear Sir:

RE:  Notice of Draft Finding of No Reasonable Cause
Reason:  (Lack of Jurisdiction)    (Case No. 9540329)


Notice is hereby given that a complaint of discrimination has been filed
against the above-named Respondent pursuant to C.G.S. 46a-60(a) et seq.  A
copy of the complaint was served upon you on January 5, 1995 by letter from
me.

In accordance with the Regulations of Connecticut State Agencies, Section 46a-
54-56(b)(2), there is no need for the respondent to answer the complaint
inasmuch as we are entering a "draft finding of No Reasonable Cause due to
lack of jurisdiction."    Therefore, please consider this writing the
Commission's notice of its issuance of a "draft finding" upon this complaint
in accordance with Section 46a-54-76 of the Regulations of connecticut State
Agencies.

Further in accordance with the latter Section of the Regulations, you are
hereby notified that you and the complainant have the right to inspect, copy
and comment on all evidence in the Commission's file and have fifth-teen (15)
days from the mailing of this letter to comment on the merits of the draft
finding.    Your comments shall be considered by the Commission in our
determination of the merits of this complaint.

Please refer any inquiries to the above-noted person.

Respectfully,

Thomas Brainard, Inv.
CHRO Eastern Regional Office
100 Broadway
Norwich, CT. 06360
tel: (203)886-5703  FAX (203)886-2550

RECEIVED BY

*[signature]*

AUG 31  9 05 AM '95

TOWN CLERK
EAST HARTFORD

25

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
(fORM 401(6)

VOLUME____ PAGE____

Carmelo L. Gagliardi, Windsor
Complainant
      vs.          Finding of No Reasonable Cause

East Hartford Housing Authority, East Hartford
Respondent

Case No.: 9540329
EEOC No.:
Deferral Code: 00

Date Filed: Nov. 8, 1994
Date Filed: Nov. 8, 1994

## STATEMENT OF INCIDENTS

Was Complainant denied promotion to a mechanic position on June 6, 1989 on the basis of 'licensing requirements' in violation of any Connecticut or EEOC anti-discrimination law?

## SUMMARY OF POSITIONS

Complainant alleged his was denied promotion to a mechanic position on the basis of licensing requirements.
The Respondent was served the Complaint but not required to submit an answer due to lack of jurisdiction.

## JURISDICTION

In accordance with the Commission's Rules and Regulations, the complaint and case file were reviewed for the purpose of determining the Commission's jurisdiction. As a result thereof, the Commission acting through its Investigator concludes that the Commmission does not have jurisdiction to receive, investigate, and issue a determination on the merits of this complaint due to the following particulars, to wit:

1) Connecticut General Statutes 46a-82 requires a complaint be filed within 180 days of the time a discrimiantory act occurred. Complainant filed this complaint on Nov. 8, 1994 therefore the investigator has determined that all acts occuring prior to May 9, 1994 are untimely filed. The cover sheet and body of the the affidavit cite no timely allegation of discrimination. Additionally, the investigator has noted no citation of a protected class membership. (A1,B1)

Case No. 9540329                                          Page 2

Instead of filing a <u>timely</u> request for reconsideration, the
Complainant may appeal this disposition to the Superior Court of
the State of Connecticut. Any appeal must strictly comply with all
of the applicable statutory procedures, requirements and time
frames.  You may wish to consult an attorney regarding the proper
filing of an administrative appeal.

Very truly yours,

Lawrence J. Conlon
Eastern Regional Manager

LJC:dlh
Enc:

  cc:  Complainant's Attorney:  N/A
       Referral Party:  N/A
       Respondent:  Anne R. Fornabi, Town Clerk
                    Town of East Hartford, Town Hall
                    740 Main Street
                    East Hartford, CT 06108
       CERTIFIED MAIL NO. Z 134 691 484
       Respondent's Attorney:  N/A


DISPOSITION/NO REASONABLE CAUSE
ADMINISTRATIVELY DISMISSED:  1/93

# EXHIBIT L

AFSCME LOCAL 1174
STEP 2



**AFSCME**
in the public service

# OFFICIAL GRIEVANCE FORM

NAME OF EMPLOYEE _Carmen Gagliardi_          DEPARTMENT _Housing Authority_

CLASSIFICATION _Maintenance Aide_

WORK LOCATION _Elms Village_          IMMEDIATE SUPERVISOR _Nick Rago_

TITLE _____

## STATEMENT OF GRIEVANCE:

List applicable violation: _The Maintenance Mechanic Posting of the week of August 12th 1991, Requires Liscenses other than the B-4 Heating Liscence. These other Liscenses are not equivalent To the B-4 Heating Liscense._

Adjustment required: _To Require a B-4 Liscense or Equivalent, on This and any future postings._

I authorize the A.F.S.C.M.E. Local __1174__ as my representative to act for me in the disposition of this grievance

Date _8-29-91_          Signature of Employee _Carmen Gagliardi_

Signature of Union Representative _Michael Sivullio_          Title _Exc BRD_

Date Presented to Management Representative _9/9/91_

Signature _John B. Baughan_          Title _Exec. Dir._

Disposition of Grievance: _____

_____

**THIS STATEMENT OF GRIEVANCE IS TO BE MADE OUT IN TRIPLICATE. ALL THREE ARE TO BE SIGNED BY THE EMPLOYEE AND/OR THE AFSCME REPRESENTATIVE HANDLING THE CASE.**

ORIGINAL TO _____

COPY _____

COPY: LOCAL UNION GRIEVANCE FILE

**NOTE: ONE COPY OF THIS GRIEVANCE AND ITS DISPOSITION TO BE KEPT IN GRIEVANCE FILE OF LOCAL UNION.**

## *East Hartford Housing Authority*

JOHN B. ROUGHAN
EXECUTIVE DIRECTOR

RALPH J. ALEXANDER
ATTORNEY

October 8, 1991

TO:        MICHAEL SEAMON
FROM:      JOHN B. ROUGHAN, EXECUTIVE DIRECTOR
SUBJECT:   STEP 2 RESPONSE TO GRIEVANCE FILED 8/29/91
RESPONSE:

Two meetings, on September 9, 1991 and
September 24, 1991, were held regarding this
grievance.

The Authority agreed to pursue a possible
course of action which could possibly enable
unlicensed employees, such as the grievant,
entrance to a state licensing examination.

Regarding the question of the posting, the Authority
has used the same illustrative examples of licenses
since 1986, and again in 1988.

Article III of the agreement states that "the
Employer retains the sole right and prerogative to ....

determine the standards and methods of selection
for employment ....".

Based on the above, grievance is denied.

October 30, 1991

TO:        **MICHAEL SEAMON**

FROM:      **BOARD OF COMMISSIONERS**

SUBJECT:   **STEP 3 RESPONSE TO GRIEVANCE FILED 8/29/91**

RESPONSE:

The Board of Commissioners heard this grievance on
October 24, 1991.

Based on the Board's review of the facts, it is our finding
that under Article III of the agreement the Authority
"retains the sole right and prerogative to ... determine
the standards and methods of selection for employment ...."

It is our understanding also that the Executive Director has
been researching possible means to enable Mr. Gagliardi to
possibly gain entrance to state licensing examinations. We
sincerely hope that Mr. Gagliardi avails himself of this
opportunity if the State Board of Occupational Licensing grants
him admission to any examination in the future.

Based on the above stated facts, the grievance is denied.


*Leo J. Bond*
_____
LEO J. BOND
CHAIRMAN

# EXHIBIT M

*STEP 2*

# OFFICIAL GRIEVANCE FORM

**AFSCME.**
*in the public service*

NAME OF EMPLOYEE __Carmen Gagliardi__     DEPARTMENT __Maintenance__

CLASSIFICATION __Maintenance Aide__

WORK LOCATION __Hockanum Park__     IMMEDIATE SUPERVISOR __Nick Rago__

TITLE _____

## STATEMENT OF GRIEVANCE:

List applicable violation: __The posting notice for Maintenance Mechanic dated__
__July 19, 1996 is in violation of, but not limited to, Article IV,__
__Section 4.2 of the contract.__

Adjustment required: __Acceptance of application submitted on July 26, 1996__
__in consideration for the applicable position.__

I authorize the A.F.S.C.M.E. Local __1303__ as my representative to act for me in the disposition of this grievance

Date __8-9-96__     Signature of Employee _Carmen Gagliardi_

Signature of Union Representative __Salvatore Mennella__     Title __President__

Date Presented to Management Representative __8/39/96__

Signature _Glen B. Coughlin_     Title _Exec. Dir._

Disposition of Grievance: ___Written response to be issued__
__within five (5) working days.__

**THIS STATEMENT OF GRIEVANCE IS TO BE MADE OUT IN TRIPLICATE. ALL THREE ARE TO BE SIGNED BY THE EMPLOYEE AND/OR THE AFSCME REPRESENTATIVE HANDLING THE CASE.**

ORIGINAL TO _____

COPY _____

COPY: LOCAL UNION GRIEVANCE FILE

**NOTE: ONE COPY OF THIS GRIEVANCE AND ITS DISPOSITION TO BE KEPT IN GRIEVANCE FILE OF LOCAL UNION.**

September 4, 1996

TO:    **Salvatore Mennella, President Local 1303-353**

FROM:   **John B. Roughan, Executive Director**

SUBJECT:   **Step II Response to Grievance Filed 8/12/96**

---

A Step II meeting was held on August 29, 1996 to review the facts
concerning the above-referenced grievance.

Present at the 8/29/96 meeting were the following: the grievant,
Carmelo Gagliardi, Union President - Salvatore Mennella, Leo Gagliardi -
Maintenance Superintendent - Nicholas Rago - Maintenance Supervisor -
John B. Roughan, Executive Director.

The facts are as follows:

1) On July 19, 1996 the Authority issued a Posting Notice for an
   anticipated maintenance mechanic vacancy due to a pending
   retirement.   The notice was posted in accordance with Section 4.2
   of the applicable collective bargaining agreement.   A copy of
   the applicable job description was attached to the notice.

2) The 7/19/96 posting notice contained a deadline by which
   employees had to submit their request to their  supervisor to be
   considered for assignment to the vacancy.  The deadline date
   contained on the notice was July 25, 1996, which was five (5)
   working days after the initial date of the posting period,
   i.e. July 19, 1996.

3) The grievant submitted a written request to his supervisor
   on July 26, 1996 which stated, "I would like to apply for the
   mechanic's job.  Carmelo Gagliard, 7/26/96"

4) Mr. Rago, the grievant's immediate supervisor, stated at the
   Step II meeting that the grievant gave him the request, cited
   above in paragraph 3, on July 26, 1996.  The grievant also
   acknowledged at the Step II meeting that he submitted his
   request to his supervisor on July 26, 1996.

- 2 -

5) On July 26, 1996 the Maintenance Superintendent sent a
   memo to the grievant informing him that his request would
   not be processed because it was not submitted by the
   deadline stated in the posting notice.

The position the Union presented at the Step II meeting was that the
posting notice should be posted in accordance with the provisions
of Section 5.0, i.e. hours of work, from 8:00 a.m. to 4:30 p.m.

The Executive Director explained that the term "working"day(s) is
utilized in labor agreements in order to differentiate from
"calendar" days.

There is no mention in Section 4.2 of the applicable agreement
relative to the number of hours a position is required to be posted.

Furthermore, the grievant's supervisor stated at the Step II meeting,
and the grievant agreed, that the grievant had opportunities, <u>twice
each working day during the subject posting period</u>, to submit his
request to his supervisor to be considered for the vacancy.  The
grievant failed to do so in this instance.

Based on the foregoing facts, the discussions at the Step II meeting,
and the glaring obvious fact that the grievant did not submit his
request until July 26, 1996, the grievance is hereby denied.

September 30, 1996

**TO:**      **SALVATORE MENNELLA, PRESIDENT LOCAL 1303-353**

**FROM:**    **BOARD OF COMMISSIONERS, EHHA**

**SUBJECT:**  **STEP III RESPONSE TO GRIEVANCE FILED 8/12/96**
            **BY CARMELO GAGLIARDI**

---

The Union Representative, Mr. Robert Linberk presented the
Union's position regarding this grievance on September 24, 1996
to the Authority's Board of Commissioners.

The Union's contention is that postings must be posted from
8:00 a.m. until 4:30 p.m. to conform to the hours of work provision.

The Union's "adjustment required" is "acceptance of application
submitted on July 26, 1996 in consideration for the applicable
position".

The Board also reviewed the Step II response issued by the Executive
Director on September 4, 1996.

**RESPONSE**

The Board of Commissioners feels that the grievant  had ample
opportunities to apply for the position on July 22, July 23, July 24
and July 25.  The grievant presented no credible evidence as to
why he did not request consideration before July 26, 1996 the
day <u>after</u> the end date contained on the posting.

Based on the brevity of the request submitted by the grievant, it is
apparent that no significant amount of time was required for its
preparation.

The posting period for this position covered five (5) working days,
from July 19, 1996 to July 25, 1996, the grievant did not follow
the instructions in the posting notice for submission of his request.
This fact is apparent.  Therefore, the grievance is denied.

*Arthur T. O'Brien*
ARTHUR T. O'BRIEN
CHAIRMAN

# EXHIBIT N

10-1-1997

To Whom it May Concern,

I would like to be considered for the Mechanic job being vacated by Al Gerner.

Carmelo
Gugliarli

97 OCT -1 AM 11: 11
EASTHARTFORD
HOUSING AUTHORITY

# EAST HARTFORD HOUSING AUTHORITY

'O............Carmelo Gagliardi...........................................................................

ROM......Leo Gagliardi, Maint. Superintendent..............    DATE..October 8, 1997.............

SUBJECT..Position of Maintenance Mechanic...........................

In regards to the position of maintenance mechanic that you
requested to be considered for, this request is denied due to the
fact that you do not meet the qualifications of this position.

**"DON'T SAY IT — WRITE IT"**

# EXHIBIT O

AFSCME LOCAL _1303 - 353_

STEP _1_



# OFFICIAL GRIEVANCE FORM

NAME OF EMPLOYEE _Carmen Gagliardi_    DEPARTMENT _Maint. Aid._

CLASSIFICATION _Maintenance aide_

WORK LOCATION _13-3_    IMMEDIATE SUPERVISOR _Mike Seamon_

TITLE _Maintenance aide_

**STATEMENT OF GRIEVANCE:**

List applicable violation; _4.3 of the contract - states that_ _employee with highest seniority should have an_ _opportunity and qualifies._

Adjustment required: _Wants to be promoted to Maintenance_ _Mechanic_

I authorize the A.F.S.C.M.E. Local _1303 - 353_ as my representative to act for me in the disposition of this grievance

Date _1-29-98_    Signature of Employee _Carmen Gagliardi_

Signature of Union Representative _Joseph A Sousa_    Title _President_

Date Presented to Management Representative _1-29-98_

Signature _Les Gagliardi_    Title _Maint. Supt._

Disposition of Grievance: _In accordance with article 4.3 of the collective_ _bargaining agreement, that you are not qualified for the_ _maintenance mechanics position. Grievance denied. Lg 2-7-98_

**THIS STATEMENT OF GRIEVANCE IS TO BE MADE OUT IN TRIPLICATE. ALL THREE ARE TO BE SIGNED BY THE EMPLOYEE AND/OR THE AFSCME REPRESENTATIVE HANDLING THE CASE.**

ORIGINAL TO _____

COPY _____

COPY: LOCAL UNION GRIEVANCE FILE

**NOTE: ONE COPY OF THIS GRIEVANCE AND ITS DISPOSITION TO BE KEPT IN GRIEVANCE FILE OF LOCAL UNION.**

# EXHIBIT P

East Hartford Housing Authority                    April 7, 1999
546 Burnside Ave.
East Hartford, CT 06108

    I would like to be considered for the position of Maintenance Mechanic.  My many years working for the East Hartford Housing Authority more then qualifies me for this position.

    Thank you for your consideration and I look forward to hearing from you to discuss this position in detail.  I can be reached at 285-0740.

Thank you
Sincerely,

Carmelo L. Gagliardi

# *Memorandum*

To:        Carmen Gagliardi
From:      Andre Dumas, Manager of Buildings,
           Grounds and Facilities
cc:        John B. Roughan, Executive Director
Date:      Thursday, April 08, 1999
Subject:   Maintenance Mechanic Position

In order to consider your request dated April 7, 1999, in which you ask to be considered for the vacant Mechanic position, I need you to provide me with the following:

1: A copy of a valid and current occupational license issued by the state of Connecticut.

The required occupational license shall be at least equivalent to the full journeyman status for the required discipline. Please provide this documentation no later than close of business on April 12, 1999 to my office. I have attached a current job description and highlighted the "special requirements" section for you to refer to.

# EXHIBIT Q

# East Hartford Housing Authority

546 BURNSIDE AVE., EAST HARTFORD, CT 06108
FAX (860) 290-8308 • TDD 1-800-545-1833 EXT 216

(860) 290-8301
ADMINISTRATION

290-8304
MAINTENANCE

290-8306
LEASING

290-8303
MODERNIZATION

June 18, 1999

TO:        East Hartford Housing Authority Maintenance Staff

FROM:      Andre Dumas, Manager of Buildings, Grounds and Facilities

SUBJECT:   Maintenance Mechanic Positions

In accordance with Article IV, Section 4.2 of the collective bargaining agreement, notice is hereby given of two vacancies for Maintenance Mechanic.

Qualified employees wishing to be considered for promotion to one of these positions must submit a written request to me by 4:00 p.m. on June 25, 1999.

*I would like to be considered for the Maintenance Mechanic position as stated above.*

*Carmelo Gafford*

*6-21-99*

99 JUN 21 AM 10: 26

O BRIEN
MAN

CONSTANCE M O'BRIEN
VICE CHAIRMAN

LEO J BONO
TREASURER

WANDA Z FRANEK
ASST TREASURER

LOUISE B SEELEY
ASST TREASURER

JOHN B ROUGHAN
EXECUTIVE DIRECTOR

RALPH J ALEXANDER
LEGAL COUNSEL

# *Memorandum*

*To:*     *Carmen Gagliardi*
*From:*   *Andre Dumas, Manager of Buildings,*
          *Grounds and Facilities*
*cc:*     *John B. Roughan, Executive Director*
*Date:*   *Tuesday, June 22, 1999*
*Subject:*  *Maintenance Mechanic Position*

In order to consider your request dated June 18, 1999, in which you ask to considered for the Mechanic's position, I need you to provide me the following:

1. A copy of a valid and current occupational license issued to you by the state of Connecticut.

The required occupational license shall be at least equivalent to the full journeyman status for the required discipline. This is my second request to you for this type of information as noted on your earlier request dated April 7, 1999 for the same type of consideration. In the future, I will not accept your request for consideration unless you provide the information that is required by this department. Since I have already provided you an earlier job description, please refer to the "special requirements" section I had highlighted for you.

If you have valid documentation, then provide this to me by June 25, 1999 no later than the close of business at 4:30 P.M.

# *Memorandum*

**To:**     *Carmen Gagliardi*
**From:**   *Andre Dumas, Manager of Buildings,*
           *Grounds and Facilities*
**cc:**     *John B. Roughan, Executive Director*
**Date:**   *Tuesday, July 27, 1999*
**Subject:** *#72699CG2  Grievance-Step 1 Response*

On Tuesday, June 22, 1999, I sent you a memo requesting that you  provide me documentation that you possess a valid and current State of Connecticut occupational license.  You did not supply this information so you were not considered for the Mechanic's position that was vacant at that time.  I have attached a copy of this request of information by me to you as proof per your "adjustment required" statement.

Based on the above facts, your grievance is denied.

072799a.doc

# EXHIBIT R

# *Memorandum*

To:         Carmen Gagliardi, Maintenance Aide
From:       Andre Dumas, Manager of Buildings,
            Grounds and Facilities
cc:         John B. Roughan, Executive Director
Date:       Monday, November 22, 1999
Subject:    Mechanic vacancy

I have received your request to be considered for the Mechanic vacancy.  I will not be considering you for this position as you do not meet the Occupational licensing requirements as noted in the Maintenance Mechanic's job description.

112299b.doc

# EXHIBIT S

2-7-00 CGI

**AFSCME**
in the public service

# OFFICIAL GRIEVANCE FORM

NAME OF EMPLOYEE _Carmelo Gagliardi_   DEPARTMENT _Maint_

CLASSIFICATION _Maint. aide_

WORK LOCATION _13-7_   IMMEDIATE SUPERVISOR _Ray D'Addeo_

TITLE _Maint aide_

**STATEMENT OF GRIEVANCE:**

List applicable violation: _Section 4.3 of the contract. A new mechanic position was filled on Tuesday Feb. 01 2000. I wasn't given the opportunity according to section 4.3 of the contract_

Adjustment required: _To be given the opportunity - to make whole_

I authorize the A.F.S.C.M.E. Local _1303-353_ as my representative to act for me in the disposition of this grievance

Date _2-7-00_   Signature of Employee _Carmelo Gagliardi_

Signature of Union Representative _Salute Minella_   Title _Steward_

Date Presented to Management Representative _2-7-00_

Signature _Charlie Dumas_   Title _Manager of Buildings Grounds + Grounds_

Disposition of Grievance _See Attached Step I Response_

**THIS STATEMENT OF GRIEVANCE IS TO BE MADE OUT IN TRIPLICATE. ALL THREE ARE TO BE SIGNED BY THE EMPLOYEE AND/OR THE AFSCME REPRESENTATIVE HANDLING THE CASE.**

ORIGINAL TO _____

COPY _____

COPY. LOCAL UNION GRIEVANCE FILE

**NOTE: ONE COPY OF THIS GRIEVANCE AND ITS DISPOSITION TO BE KEPT IN GRIEVANCE FILE OF LOCAL UNION.**

THE AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES

00 FEB -7 PM 4: 16

*2-7-00 CG I*

*over II*

## 🌐 AFSCME
*in the public service*

# OFFICIAL GRIEVANCE FORM

NAME OF EMPLOYEE _Carmelo Agyliardi_     DEPARTMENT _Maint_

CLASSIFICATION _Maint. aide_

WORK LOCATION _13-7_     IMMEDIATE SUPERVISOR _Ray D'Addeo_

TITLE _Maint aide_

**STATEMENT OF GRIEVANCE:**

List applicable violation: _Section 4.3 of the contract. A new mechanic position was posted on Tuesday Feb. 01 2000. I wasn't given the opportunity according to section 4.3 of the contract_

Adjustment required: _To be given the opportunity - to make whole_

I authorize the A.F.S.C.M.E. Local _1303-353_ as my representative to act for me in the disposition of this grievance

Date _2-7-00_     Signature of Employee _Carmelo Agyliardi_

Signature of Union Representative _Salvato Mennillo_     Title _Steward_

Date Presented to Management Representative _2-14-00_

Signature _Michel Dumas_     Title _Manager of B6+P_

Disposition of Grievance.

**THIS STATEMENT OF GRIEVANCE IS TO BE MADE OUT IN TRIPLICATE. ALL THREE ARE TO BE SIGNED BY THE EMPLOYEE AND/OR THE AFSCME REPRESENTATIVE HANDLING THE CASE.**

ORIGINAL TO

COPY

COPY, LOCAL UNION GRIEVANCE FILE

NOTE: ONE COPY OF THIS GRIEVANCE AND ITS DISPOSITION TO BE KEPT IN GRIEVANCE FILE OF LOCAL UNION.

00 FEB 14 PM 2:56

# *Memorandum*

To:      *Salvatore Mennella, Union Steward, Local*
         *1303-353*
         *Carmen Gagliardi, Grievant*
From:    *Andre Dumas, Manager of Buildings,*
         *Grounds and Facilities*
cc:      *John B. Roughan, Executive Director*
Date:    *Tuesday, February 08, 2000*
Subject: *Grievance 2-7-00CG1, Step 1*

Grievance 2-7-00 CG1 states you "were not given the opportunity" for the mechanic position filled on February 1, 2000

On April 7, 1999 you asked to be considered for a vacant Mechanic position. A request was made of you in writing to provide an Occupational License which is one of the special qualifications of the mechanic's positions. You failed to provide this paperwork.

On June 18, 1999, you again asked to be considered for the vacant Mechanic's position and again you failed to provide the documentation that was required of you in a memo dated June 22, 1999.

On November 10, 1999, you again asked to be considered for a Mechanic's position and again you failed to provide the copy of an Occupational License.

The Housing Authority proceeded with advertising this job and has since filled the position.

Your Step 1 adjustment, "to be given the opportunity" has already occurred several times now. Based on the above facts, you have failed to provide a copy of any level or type of an Occupational License at "several opportunities". Therefore this grievance is denied.

02082000a.doc

February 24, 2000

TO:       Salvatore Mennella, Union Representative

FROM:     John B. Roughan, Executive Director

SUBJECT:  Grievance Form 2-7-00CGI

Please be advised that the filing of this grievance is a continuing violation of a Settlement Agreement executed by the Union on July 7, 1998. Therefore, no response is forthcoming.

JBR:bmp

# EXHIBIT T

# Memorandum

To:      All Maintenance Staff
From:    Andre Dumas, Manager of Buildings, *(AD)*
         Grounds and Facilities
cc:      John B. Roughan, Executive Director
         Ray D'Addeo, Maintenance Supervisor
Date:    Tuesday, July 11, 2000   *PuT IN PAY on*
Subject: Mechanic's vacancy     *July 13. 2000  CG*

Per Article IV, Section 4.2, notice is hereby given of a vacancy for a Maintenance Mechanic position. If interested, a written notice must be submitted to me by close of business on July 20, 2000.

Per the job description, qualified applicants must have an Occupational License issued by the State of Connecticut. Proof of your Occupational License must be submitted along with your letter on interest.

07112000b.doc

*I would like To be considered*
*For The above Mechanic's Vacancy*
*Position*

*THANK You*

*Carmelo Gagliardi*

*7-20-00*

*Recieved on*
*7/20/00*      *Raymond D'Addeo*

WEST HAVEN HOUSING AUTHORITY
00 JUL 20 PM 4:39

# *Memorandum*

|  |  |
|---|---|
| *To:* | *Carmen Gagliardi, Maintenance Aide* |
| *From:* | *Andre Dumas, Manager of Buildings, Grounds and Facilities* |
| *cc:* | *John B. Roughan, Executive Director* |
|  | *Salvatore Mennella, Union Steward, Local 1303-353* |
| *Date:* | *Friday, July 21, 2000* |
| *Subject:* | *Mechanic's vacancy request of consideration dated July 20, 2000* |

I have received your request to be considered for the Maintenance Mechanic vacancy. Your request did not have attached the required information concerning any State of Connecticut Occupational License you must have in order to be considered for this position. This information was required to be submitted per the notice you received in your paycheck which you received on July 13, 2000.

Based on your failure to provide the required documentation, your request to be considered for the Mechanic vacancy is denied.

07212000a.doc

I

# EXHIBIT U

October 3, 2001

East Hartford Housing Authority
546 Burnside Avenue
East Hartford, Connecticut 06108

Carmelo Gagliardi
26 Loren Circle
Windsor, Connecticut 06095armelo Gagliardi

To whom it may concern,

I would like to be considered for the position of Maintenance Mechanic. My 23 years of working experience with the East Hartford Housing Authority more than qualifies me .

Thank you,

*Carmelo Gagliardi*

Carmelo Gagliardi

# *Memorandum*

| | |
|---|---|
| *To:* | *Carmen Gagliardi, Maintenance Aide* |
| *From:* | *Andre Dumas, Manager of Buildings,* |
| | *Grounds and Facilities* |
| *cc:* | *Robert Counihan, Acting Executive* |
| | *Director* |
| *Date:* | *Friday, October 5 2001* |
| *Subject:* | *Mechanic's vacancy - Request of* |
| | *consideration dated October 3, 2001* |

I have received your written request that you want to be considered for the Maintenance Mechanic vacancy that was recently posted. Your request did not have attached the required information concerning any State of Connecticut Occupational License you must have in order to be considered for this position. This information was required to be submitted with your written request of consideration as was clearly stated in the posting.

Based on your failure to provide the required documentation, your request to be considered for the Mechanic vacancy is denied.

10052001a.doc

# EXHIBIT V

To:     Andre Dumas, Manager of Buildings,
        Grounds and Facilities
From:   Carmelo Gagliardi
Date:   October 15, 2002
Subject: Mechanic position vacancy

I would like to be considered for the Maintenance Mechanic position that has
become available.

I have 24 years of on-the-job work experience that more than qualifies me
for this position.

Carmelo Gagliardi

# *Memorandum*

| | |
|---|---|
| *To:* | *Carmen Gagliardi, Maintenance Aide* |
| *From:* | *Andre Dumas, Manager of Buildings, Grounds and Facilities* |
| *cc:* | *Terry Madigan, Executive Director* |
| | *Al Harrison, President, Local 1303-353* |
| *Date:* | *Thursday, October 17, 2002* |
| *Subject:* | *Mechanic consideration* |

Your request to be considered for a vacant Mechanic position has been received. You did not submit the required documentation of an Occupational License issued by the State of Connecticut.

As such, I am not able to consider you for this vacancy.

10172002c.doc

*1022-02-GG    Union Refused*
*STEP I*

AFSCME LOCAL *1303-353*
STEP *II*



**AFSCME**
in the public service

# OFFICIAL GRIEVANCE FORM

NAME OF EMPLOYEE _Carmelo Gagliardi_    DEPARTMENT _maint._

CLASSIFICATION _maint. aide_

WORK LOCATION _V.T. MR58_    IMMEDIATE SUPERVISOR _Andre' Dumas_

TITLE _____

## STATEMENT OF GRIEVANCE:

List applicable violation: _Section 4.3 - A of the contract - I wasn't informed Why I'm unqualified for the position of Mechanic If not having an "occupational license" is the reason, then I maintain that the present two Mechanics are unqualified though they have a licenses they perform tasks out of their license's restrictions._

Adjustment required: _I'd like copies of all licenses that the Mechanics had since 1978 to and including 2002 - To be made whole_

I authorize the A.F.S.C.M.E. Local _1303-353_ as my representative to act for me in the disposition of this grievance

Date _10-22-02_    Signature of Employee _Carmelo Gagliardi_

Signature of Union Representative _Union refuses to file_    Title _____

Date Presented to Management Representative _OCTOBER 22, 2002_

Signature _____    Title _EXEC. DIR._

Disposition of Grievance: _____

## THIS STATEMENT OF GRIEVANCE IS TO BE MADE OUT IN TRIPLICATE. ALL THREE ARE TO BE SIGNED BY THE EMPLOYEE AND/OR THE AFSCME REPRESENTATIVE HANDLING THE CASE.

ORIGINAL TO _____

COPY _____

COPY: LOCAL UNION GRIEVANCE FILE

OCT 22 2002

## NOTE: ONE COPY OF THIS GRIEVANCE AND ITS DISPOSITION TO BE KEPT IN GRIEVANCE FILE OF LOCAL UNION.

Case 3:02-cv-00478-EBB Document 68-3 Filed 12/03/2003 Page 43 of 49

Memorandum

To: Carmen Gagliardi

From: Executive Board, Local 1303-353

Date: 24 October 2002

Re: Grievance denied

Carmen,

As you are aware the Executive Board of Local 1303-353 have advised you that it is not in the best interest of the Local to pursue your grievance regarding your recent rejection for becoming a Mechanic.

As you know there are two (2) settlement agreements concerning this issue. One dated 7/7/98 and the other dated 6/6/2000. (copies are enclosed for your convenience. As you can see, both clearly bind the Union and yourself in attempting to pursue the same issue.

Unless circumstances have changed, specifically the job qualifications or your qualifications, there is no where for us to go. If circumstances have changed, please let us know.

cc: Bob Linbeck, Staff Representative
    Kevin Murphy, Coordinator, Collective Bargaining

# EXHIBIT W

STATE OF CONNECTICUT
LABOR DEPARTMENT

CONNECTICUT STATE BOARD OF LABOR RELATIONS

In the matter of:                                                    :

East Hartford Housing Authority                                     :
                                        (Complainant)               :
            -and-                                                    :
AFSCSME, Council 4                                                   :
Local 1303-353                          (Respondent)                :

Address of Respondent: 444 East Main Street, New Britain, CT 06051

## COMPLAINT

Pursuant to Section 7-471(5) of Municipal Employee Relations Act the undersigned alleges that the above-named Respondent has engaged in and is engaging in prohibited practices within the meaning of Section 7-470 of said Act, in that: (please provide a clear and concise description of the acts which are claimed to constitute prohibited practices including an enumeration of the subdivisions of Section 7-470 claimed to have been violated and a statement of the relief to which the Complainant deems himself entitled. Failure to provide such specificity may result in the complaint being returned without investigation.)

1.    That, at all times relevant hereto, the Respondent was an employee organization as defined under Chapter 113 of the Connecticut General Statutes. That, at all times relevant hereto, the Complainant was a municipal employer as defined under Chapter 113 of the Connecticut General Statutes.

2.    That, on or about January 29, 1998, the Respondent, acting through its President, filed a grievance on behalf of one of its members, Carmello Gagliardi, which stated that "[he] wants to be promoted to Maintenance Mechanic". Part of the qualifications for advancement to this position is the requirement that the applicant have the requisite skill and possess occupational licensing. The Complainant has the authority to make up job descriptions and the qualifications therefore, for all bargaining unit positions, under the Management Rights provisions of the collective bargaining unit agreement between the parties. The validity of the licensing requirement of the job qualifications for the position in question, were upheld by the State Board of Mediation and Arbitration in a prior grievance arbitration involving this grievant, at which time the Arbitration Panel also found that said grievant did not have the requisite training and experience and also did not have a license, as required by the job description. The arbitration decision was upheld by the Superior Court of the State of Connecticut, on appeal.

3.    The Respondent, by now bringing this grievance, is in violation of the relevant provisions of the collective bargaining agreement, the relevant provisions of Sections 7-467 through 7-477 of the Connecticut General Statutes, as well as being contrary to the decision of the State Board of Mediation and Arbitration and the Superior Court for the State of Connecticut.

## REMEDY SOUGHT:

As a remedy, Complainant seeks comprehensive statutory remedy including but not limited to an order to cause Respondent to:

1. Cease and desist.

2. Reimburse Complainant for all its costs and expenses incurred in these proceedings including but not limited to counsel fees, salaries, witness fees, transcript costs, travel expenses and other reasonable costs and expenses.

Subscribed and sworn to before me
this 19th day of February, 1998.                    EAST HARTFORD HOUSING AUTHORITY
                                                    Complainant

_____                    _____
Notary Public                                       John B. Roughan, Executive Director
Justice of the Peace
Commissioner of Superior Court                      Address: 546 Burnside Avenue
                                                    East Hartford, CT 06108
                                                    Telephone No.:(860) 290-8301

## CERTIFICATION OF SERVICE

I hereby certify that, pursuant to Section 7-471-20 of the Connecticut General Regulations, a copy of the foregoing was mailed to the Respondent by registered or certified mail.

_____
Ralph J. Alexander, Legal Counsel for Complainant

# EXHIBIT X

# SETTLEMENT AGREEMENT

IN FULL SETTLEMENT OF CASE NO.
MEPP-19797 THE EAST HARTFORD
HOUSING AUTHORITY AND LOCAL 1303-353
OF COUNCIL 4, AFSCME, AFL-CIO
AGREE AS FOLLOWS:

1) THE UNION AGREES TO WITHDRAW
THE GRIEVANCE FILED BY CARMELO
GAGLIARDI ON JAN 29, 1998.

2) THE UNION AGREES IT SHALL NOT
FILE OR PROCESS ANY GRIEVANCE
RELATIVE TO THE SAME ISSUE
~~THE~~ OF THE GRIEVANCE
RELATED TO ABOVE.

3) IN CONSIDERATION OF THE ABOVE
THE EAST HARTFORD HOUSING AUTHORITY
WITHDRAWS THE ABOVE REFERENCED
COMPLAINT.

7/7/98
DATE

Glen B. Coughlin  7/7/98        Joseph A. Sousa  7/7/98
EAST HARTFORD               LOCAL 1303-353  OF
HOUSING AUTHORITY           COUNCIL  4  AFSCME
                            AFL-CIO

# EXHIBIT Y

STATE OF CONNECTICUT
LABOR DEPARTMENT

## CONNECTICUT STATE BOARD OF LABOR RELATIONS

In the matter of:                                                       :

East Hartford Housing Authority                                        :

                            (Complainant)                              :
              -and-                                                    :
AFSCSME, Council 4                                                     :
Local 1303-353                        (Respondent)                     :
                                                                       :

Address of Respondent: _444 East Main Street, New Britain, CT  06051_

### COMPLAINT

Pursuant to Section 7-471(5) of Municipal Employee Relations Act the undersigned alleges that the above-named Respondent has engaged in and is engaging in prohibited practices within the meaning of Section 7-470 of said Act, in that:  (please provide a clear and concise description of the acts which are claimed to constitute prohibited practices including an enumeration of the subdivisions of Section 7-470 claimed to have been violated and a statement of the relief to which the Complainant deems himself entitled.  Failure to provide such specificity may result in the complaint being returned without investigation.)

1.    That, at all times relevant hereto, the Respondent was an employee organization as defined under Chapter 113 of the Connecticut General Statutes.  That, at all times relevant hereto, the Complainant was a municipal employer as defined under Chapter 113 of the Connecticut General Statutes.

2.    That, on or about October 9, 1998, the Respondent, acting through its President, filed a grievance on behalf of one of its members, Carmello Gagliardi, which stated that "[he] wants to be promoted to Mechanic".  Part of the qualifications for advancement to this position is the requirement that the applicant have the requisite skill and possess occupational licensing.  The validity of the licensing requirement of the job qualifications for the position in question, were upheld by the State Board of Mediation and Arbitration in a prior grievance arbitration involving this grievant, which also determined that said grievant did not have the requisite training and experience required by the job description, said arbitration decision having been upheld by the Superior Court on appeal.  Furthermore on July 7, 1998, the Respondent entered into an agreement in settlement of MEPP-19,797 wherein it agreed that it would not process or file any further grievance on this issue.  (Refer to attached copy of agreement)

3.    The Respondent, by now bringing this grievance, is in violation of the collective bargaining agreement, the relevant provisions of Sections 7-467 through 7-477 of the Connecticut General Statutes, as well as being contrary to the decision of the State Board of Mediation and Arbitration and the Superior Court for the State of Connecticut and in direct violation of the specific terms of the settlement agreement for MEPP-19,797.

### REMEDY SOUGHT:

As a remedy, Complainant seeks comprehensive statutory remedy including but not limited to an order to cause Respondent to:

1. Cease and desist.

2. Reimburse Complainant for all its costs and expenses incurred in these proceedings including but not limited to counsel fees, salaries, witness fees, transcript costs, travel expenses and other reasonable costs and expenses.

Subscribed and sworn to before me
this 16th day of October, 1998

_____
Notary Public
Justice of the Peace
Commissioner of Superior Court

EAST HARTFORD HOUSING AUTHORITY
Complainant

_____
John B. Roughan, Executive Director

Address:  546 Burnside Avenue
East Hartford, CT 06108
Telephone No.:(860) 290-8301

### CERTIFICATION OF SERVICE

I hereby certify that, pursuant to Section 7-471-20 of the Connecticut General Regulations, a copy of the foregoing was mailed to the Respondent by registered or certified mail.

_____
Ralph J. Alexander, Legal Counsel for Complainant