# EXHIBIT Z

STATE OF CONNECTICUT
LABOR DEPARTMENT

CONNECTICUT STATE BOARD OF LABOR RELATIONS

| | | |
|---|---|---|
| In the matter of: | : | |
| East Hartford Housing Authority | : | |
| (Complainant) | : | CASE NO. MEPP-21,082 |
| -and- | : | |
| AFSCSME, Council 4 | : | |
| Local 1303-353    (Respondent) | : | |

Address of Respondent: 444 East Main Street, New Britain, CT 06051

## COMPLAINT

Pursuant to Section 7-471(5) of Municipal Employee Relations Act the undersigned alleges that the above-named Respondent has engaged in and is engaging in prohibited practices within the meaning of Section 7-470 of said Act, in that:

1.    At all times relevant hereto, the Respondent was an employee organization as defined under Chapter 113 of the Connecticut General Statutes. That, at all times relevant hereto, the Complainant was a municipal employer as defined under Chapter 113 of the Connecticut General Statutes.

2.    On or about June 10, 1999 and July 26, 1999 the Respondent, acting through its President, filed grievances on behalf of one of its members, Carmello Gagliardi, which grieved the failure to promote and/or failure to provide an opportunity for that individual to apply for promotion to the "mechanic" position within the collective bargaining unit. Part of the qualifications for advancement to this position is the requirement that the applicant have the requisite skill and possess occupational licensing. This grievant has repeatedly contested these qualifications, but the validity of the licensing requirement for advancement to the said "mechanic" position, has been upheld by the State Board of Mediation and Arbitration in a prior grievance arbitration proceedings involving this grievant, wherein it was also determined that the said grievant did not have the requisite training and experience required by the job description including the requisite occupational licensing. Said arbitration award was upheld by the Superior Court on appeal by the Respondent. The violations referred to herein are especially egregious because, on July 7, 1998, the Respondent entered into an agreement in settlement of MEPP-19,797 wherein it agreed that it would not process or file any further grievances on this issue. The violations cited herein are even more egregious because there is presently pending another MEPP (i.e. MEPP 20,358) wherein the Respondent is charged with violating the July 7, 1998 settlement agreement, on October 9, 1998, and for which the parties are presently in the course of preparing another settlement agreement which is to provide for specific sanctions in the event of further violations of the July 7, 1998 agreement.

3.    The Respondent, by now bringing these grievances, is in violation of the collective bargaining agreement, the relevant provisions of Sections 7-467 through 7-477 of the Connecticut General Statutes, as well as being contrary to the decision of the State Board of Mediation and Arbitration and the Superior Court for the State of Connecticut, and is in direct violation of the specific terms of the July 7, 1998 settlement agreement relating to MEPP-19,797.

## REMEDY SOUGHT:

As a remedy, Complainant seeks comprehensive statutory remedy including but not limited to an order to cause Respondent to:

1. Cease and desist.

2. Reimburse Complainant for all its costs and expenses incurred in these proceedings including but not limited to counsel fees, salaries, witness fees, transcript costs, travel expenses and other reasonable costs and expenses.

3. To cause the Respondent to be subject to sanctions for deliberate and repeated violations of the July 7, 1998 settlement agreement in MEPP 19,797.

Subscribed and sworn to before me
this 27th day of August, 1999

_____
Notary Public
Justice of the Peace
Commissioner of Superior Court

EAST HARTFORD HOUSING AUTHORITY
Complainant

_____
John B. Roughan, Executive Director

Address: 546 Burnside Avenue
East Hartford, CT 06108
Telephone No.:(860) 290-8301

## CERTIFICATION OF SERVICE

I hereby certify that, pursuant to Section 7-471-20 of the Connecticut General Regulations, a copy of the foregoing was mailed to the Respondent by registered or certified mail.

RECEIVED
AUG 30 1999
DEPT. OF LABOR
CONN. STATE LABOR
RELATIONS BOARD

_____
Ralph J. Alexander, Legal Counsel for Complainant

# EXHIBIT AA

## SETTLEMENT AGREEMENT

The parties enter into the following agreement to resolve MEPP – 20,358 and 21,082:

1. The Union (Local 1303-353) will withdraw, with prejudice, any grievances filed by the Union or otherwise processed by the Union, involving the claim by Carmelo Gagliardi (a/k/a Carmen Gagliardi) that he should have been promoted to the Maintenance Mechanic classification on or after July 7, 1998 and through and including the present date;

2. The East Hartford Housing Authority (Employer) will withdraw with prejudice MEPP's 20,358 and 21,0821

3. To date the employer has incurred approximately $7,500 in legal fees and costs. The employer will not seek to recover these fees unless the Union or Carmelo Gagliardi (a/k/a Carmen Gagliardi) violates the terms of this agreement or the July 7, 1998 MEPP 19,797 Settlement Agreement. If the employer has to file an MEPP and prevails in enforcing this agreement, it will be entitled to recover the $7,500 in legal fees plus any additional attorney's fees that the Board may award.

4. The July 7, 1998 MEPP 19,797 Settlement Agreement will remain in full force and effect and is incorporated herein by reference. The Union acknowledges the EHHA shall be entitled to future legal fees, costs and expenses incurred to enforce this agreement.

5. In the case of any violations of this agreement, the EHHA shall be entitled to offer, and the Board shall be entitled to consider the violations that occurred in this action, i.e. grievances file by Carmelo Gagliardi (a/k/a Carmen Gagliardi) on October 9, 1998, June 10, 1999, July 26, 1999 and February 7, 2000, in assessing any damages including punitive damages.

6. This agreement shall be read into the record before the Board prior to the withdrawal of these actions, and the transcript thereof shall be admissible in any MEPP formal for a violation of this agreement.

7. This agreement shall be reduced to word processed text and signed by all parties hereto within two weeks of present date. The Union shall be responsible to have this agreement so reduced to writing.

Signed this 6th day of June, 2000.

FOR THE UNION

*Robert A. Linberk*
Robert A. Linberk, Staff Representative

*Carmelo Gagliardi*
Carmelo Gagliardi (a/k/a Carmen Gagliardi), President
Local 1303-353

*Carmelo Gagliardi*
Carmelo Gagliardi (a/k/a Carmen Gagliardi), Individually

FOR THE EAST HARTFORD HOUSING AUTHORITY

*John B. Roughan*
John B. Roughan, Executive Director

# EXHIBIT BB

CONNECTICUT STATE BOARD OF LABOR RELATIONS

In the matter of:                                   :
                                                    :
East Hartford Housing Authority                     :
                        (Complainant)               :
          -and-                                     :
AFSCSME, Council 4                                  :
Local 1303-353          (Respondent)                :

Address of Respondent:  444 East Main Street, New Britain, CT  06051

## COMPLAINT

Pursuant to Section 7-471(5) of Municipal Employee Relations Act the undersigned alleges that the above-named Respondent has engaged in and is engaging in prohibited practices within the meaning of Section 7-470 of said Act, in that:

1.  At all times relevant hereto, the Respondent was an employee organization as defined under Chapter 113 of the Connecticut General Statutes.  That, at all times relevant hereto, the Complainant was a municipal employer as defined under Chapter 113 of the Connecticut General Statutes.

2.  On or about October 10, 2001 the Respondent, acting through its Vice President, filed the grievance  on behalf  of one of its members, Carmello Gagliardi, which grieved the failure to promote and/or failure to provide an opportunity for that individual to apply for promotion to the "mechanic" position within the collective bargaining unit.  Part of the qualifications for advancement to this position is the requirement that the applicant have the requisite skill and possess occupational licensing.  This grievant has repeatedly contested these qualifications, but the validity of the licensing requirement for advancement to the said "mechanic" position, has been upheld by the State Board of Mediation and Arbitration in a prior grievance arbitration proceedings involving this grievant, wherein it was also determined that the said grievant did not have the requisite training and experience required by the job description including the requisite occupational licensing.  Said arbitration award was upheld by the Superior Court on appeal by the Respondent.  The violations referred to herein are especially egregious because, on July 7, 1998, the Respondent entered into an agreement in settlement of MEPP-19,797 wherein it agreed that it would not process or file any further grievances on this issue, following which the Respondent continued to file such grievances in violation of such settlement, until June 6, 2000 when, at formal hearing, the parties entered into a further settlement agreement in settlement of MEPPs 20,358 AND 21,082, which provided for contingent sanctions in the event of further violations by the Respondent.

3.  The Respondent, by now bringing the present grievances, is in violation of the collective bargaining agreement, the relevant provisions of Sections 7-467 through 7-477 of the Connecticut General Statutes, as well as being contrary to the decision of the State Board of Mediation and Arbitration and the Superior Court for the State of Connecticut, and is in direct violation of the specific terms of the July 7, 1998 settlement agreement relating to MEPP-19,797 and the June 6, 2000 settlement agreement relating to MEPPs 20,358 and 21,082.

## REMEDY SOUGHT:

As a remedy, Complainant seeks comprehensive statutory remedy including but not limited to an order to cause Respondent to:

1.  Cease and desist.

2.  Reimburse Complainant for all its costs and expenses incurred in these proceedings including but not limited to counsel fees, salaries, witness fees, transcript costs, travel expenses and other reasonable costs and expenses.

3.  All sanctions provided for under the June 6, 2000 settlement agreement

4.  To cause the Respondent to be subject to further sanctions for deliberate and repeated violation of the July 7, 1998 and June 6, 2000 settlement agreements.

Subscribed and sworn to before me                          EAST HARTFORD HOUSING AUTHORITY
this 1st day of November, 2001.                            Complainant

Notary Public                                              Robert L. Counihan, Acting Executive Director
Justice of the Peace
Commissioner of Superior Court                             Address: 546 Burnside Avenue
                                                           East Hartford, CT 06108
                                                           Telephone No.:(860) 290-8201.

## CERTIFICATION OF SERVICE

I hereby certify that, pursuant to Section 7-471-20 of the Connecticut General Regulations, a copy of the foregoing was mailed to the Respondent by registered or certified mail.

Ralph J. Alexander, Legal Counsel for Complainant

# EXHIBIT CC

# JAMES S. BREWER
### ATTORNEY AT LAW
818 FARMINGTON AVENUE
WEST HARTFORD, CONNECTICUT 06119
(860) 523-4055

OF COUNSEL
OTTO P. WITT

FACSIMILE (860) 233-4215



July 12, 2001

State of Connecticut
Commission on Human Rights and Opportunities
100 Broadway
Norwich, CT 06360

Re: <u>Carmelo Gagliardi v. East Hartford Housing Authority, et al.</u>

Dear Madam/Sir:

   Please be informed that this office represents Carmelo Gagliardi in certain matters against his employer East Hartford Housing Authority.

   We attach the following executed documents for filing of a discrimination claim with CHRO and the U.S.EEOC.

   1.   Affidavit of Illegal Discriminatory Practice
   2.   Charge of Discrimination, Form 103(1), Form (212)
   3.   Notice To Complainant of Duty To Cooperate, Form 103(1),002
   4.   Notice of Right to Request Processing by EEOC
   5.   Notice of Right to Request Review
   6.   Authorization to Release Information
   7.   Complainant Witness List, Form 001(7)
   8.   Statement of Remedy
   9.   Information Regarding Complaints Previously Filed
   10.  Appearance of Counsel for Complainant

Please enter these and forward us your return, with case numbers and appropriate acknowledgments.

Very truly yours,

James S. Brewer

cc:   Carmelo Galiardi
      East Hartford Housing Authority

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**
**100 BROADWAY**
**NORWICH, CONNECTICUT 06360**
**(860) 886-5703**

## AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

DATE:        July 12, 2001           RE:    Carmelo Gagliardi

                                     COMPLAINT NO.

My name is Carmelo Gagliardi and I can be contacted at 26 Loren Circle, Windsor,

Connecticut 06095.

The respondents are the East Hartford Housing Authority, located at 546 Burnside

Avenue, East Hartford, Connecticut 06108, and in their Individual and Official Capacities John

Roghn, Director,  546 Burnside Avenue, East Hartford, Connecticut 06108  and Bob Lindberk,

Business Agent,  546 Burnside Avenue, East Hartford, Connecticut 06108.

The respondents violated 42 U.S.C. Section 2000e, Title VII of the Civil Rights Act of

1964, the Americans With Disabilities Act 42 U.S.C. §12101, 12111, et seq., the Family and

Medical Leave Act and C.G.S.A. §46a-60 et seq. , and Age Discrimination in Employment Act

of 1967, 29 U.S.C. Section 621, et. seq..

I was discriminated against because of my age (60) and disability.  I am providing the

following particulars:

1.    In 1978 I was hired by the East Hartford Housing Authority ("Authority") as a
      Maintenance Aid.

2.    At my time of hire I was told, by the then Director of the Authority, that I would have
      opportunities for advancement.

3.    I am currently sixty (60) years old.

4.    I am currently the Union president and have held that position for one and one-half (1 ½)
      years.

5.    At the time of hire, licences were not a prerequisite to advancement.

6.    At the time of hire, experience at the journeyman level was the only qualification for
      advancement.

7.    At the time of hire, none of the supervisors had a license.  Each of the supervisors were
      mechanics.

8.    In 1996 a Maintenance Supervisor position became available and three employees applied
      for the position; Mike Seamon, Al Gerner and me.

9.    Of the three applicants I had the most experience, twenty years; compared to fifteen years
      and five years respectively (see ¶7).

10.   I was informed by letter that I would not get the job, and that the job was between Mike
      Seamon and Al Gerner.

2

11.   At the same time the Authority hired a second supervisor, George Senerth, who was hired
      from outside the Authority.  I was never given the opportunity to apply for the position.

12.   In 1997 the Authority hired another person from outside the Authority to fill the position
      for Maintenance Mechanic.  This position was never posted.

13.   In 1998 a notice was posted for a Maintenance Mechanic.  I was on vacation and never
      received the notice.  Again, the Authority hired a person, Charles Daly, from outside the
      Authority.

14.   The Authority's Business Agent, Bob Liberg, said that the East Hartford Housing
      Authority is the only Authority in Connecticut that requires licences for the positions that
      I have applied to and am otherwise qualified for.

15.   The Housing and Urban Development handbook that was in effect at my time of hire
      states that qualifying standards should be realistic with regards to the positions I have
      applied and been rejected.

16.   Licenced employees receive preferential work conditions even though their
      responsibilities are similar to non-licenced employees.

17.   In 1986 I received workers compensation resulting form an injury received while on the
      job.  I was lifting a manhole cover when I injured my left shoulder.

3

18.  In the latter part of December 1993 I was charged with sick time resulting form missed

     work due to the injury to my shoulder.  Even though I was still eligible for worker's

     compensation.

19.  I sought to have my sick time restored between 1994 and 1999 through numerous

     hearings.

20.  In 1996 I appealed to the Connecticut Superior Court to overturn a 1993 Arbitration

     Award.  I was not successful.

21.  As a result of this appeal to the Connecticut Superior Court I was retaliated against by

     denying me positions as a result of my speaking out on the afore mentioned grievances.

22.  I have been subjected to ongoing harassment, intimidation and retaliation against me

     because of my age, disability, and for my filing of, and speaking out on grievances.

23.  This ongoing harassment, intimidation and retaliation against me has continues through

     the date of this affidavit.

24.  I request the Connecticut Commission on Human Rights and opportunities, as a duly

     authorized agency of the Equal Employment Opportunity Commission, investigate my

     complaint, secure for me my rights as guaranteed to me under the above cited laws and

     secure for me any remedy to which I may be entitled.

4

Carmelo Gagliardi, being duly sworn, on oath, states that he is the Complainant herein, that he has read the foregoing complaint and knows the contents thereof; that the same is true of his own knowledge, except as to the matter herein stated on information and belief, and that as to these matters, he believes the same to be true.

_Carmelo Gagliardi_
Complainant's Signature

Dated at West Hartford, Connecticut this 12th day of July, 2001.

_Otto P. Witt_
Notary Public/Commissioner of Superior Court
OTTO P. WITT

5

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

| ENTER CHARGE NUMBER |
| --- |
| ☐ FETA |
| ☐ EEOC |

STATE OF CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
*(State or local Agency, if any)*                                                        and EEOC

| Name (Indicate Mr., Ms., or Mrs.) | HOME TELEPHONE NO. (Include Area Code) |
| --- | --- |
| Carmelo Gagliardi | (860) 285-0740 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| --- | --- | --- |
| 26 Loren Circle | Windsor, CT 06067 | Hartford |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(If more than one list below.)*

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
| --- | --- | --- |
| East Hartford Housing Authority | | (860) 290-8302 |

| STREET ADDRESS, CITY, STATE AND ZIP CODE |
| --- |
| 546 Burnside Avenue, East Hartford, CT 06108 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
| --- | --- |
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ DISCRIMINATION TOOK PLACE

☒ AGE  ☒ RETALIATION  ☒ OTHER(Specify)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE *(Month, day, year)* |
| --- |
| 1/25/01 |

The particulars of this charge of discrimination are set forth in my complaint numbered 1-24 which I filed with the Connecticut Commission on Human Rights and Opportunities on 7/12/2001 which is attached hereto and incorporated as if fully set forth herein.

I, Carmelo Cagaliardi, swear that I have read the above charge and that it is true to the best of my knowledge, information and belief.

*Carmelo Gagliardi*
Carmelo Gagliardi

Subscribed ant Sworn to before me this 12th day of July 2001

*[signature]*
NOTARY PUBLIC  COMM. SUPERIOR COURT

| Requirements) | NOTARY - (When necessary to meet State and Local |
| --- | --- |
| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing it of my charge in accordance with their procedures. | **SEE ABOVE**

I swear or affirm that I have read the above charge and that is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT
**SEE ABOVE** |
| Date                    Charging Party/Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS (Day, month, and year) |

Form 103(l)
Page 8

## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES - FORM 002

### NOTICE TO COMPLAINANT OF DUTY TO COOPERATE

I, **Carmelo Gagliardi**, understand that it is my duty to respond <u>timely</u> to any information and/or <u>assistance requested of me</u> by the Commission  and to cooperate with the Commission at all times.  Further, I understand that it is my <u>sole duty and responsibility to notify the Commission</u> of my whereabouts <u>at all times</u> throughout the pendency of this complaint and, in the event my address and/or telephone number changes it is my duty to notify the Commission immediately.  In this respect, I represent that the individual named below, whose address and telephone number is as stated, will always know my whereabouts and can always contact me.  This individual is:

NAME:  **James S. Brewer, Esq.**
ADDRESS:   **818 Farmington Avenue**
CITY:  **West Hartford**          STATE: **CT**      ZIP CODE:  **06119**
TELEPHONE:   **523-4055**                    AREA CODE: **860**

Additionally, I promise to provide the Commission, within a period of time, not <u>to exceed</u> two working days after my receipt of its copies of the following documents: (check applicable spaces)

 _X_ yes __no (a) copies of any and all decisions and or determinations made by the Connecticut Department of Labor, Division of Unemployment Compensation, respecting my eligibility to receive Unemployment Insurance Compensation;

 _X_ yes __no (b) copies of any writings that my employer gives to the Connecticut Department of Labor as to its consent and/or objection to my receiving benefits;

 _X_ yes __no (c) copies of any transcripts and/or tape recordings of testimony given by myself and my employer to the Connecticut Department of Labor;

 _X_ yes __no (d) copies of any union grievance filed by co-workers or myself challenging the company's's behavior, the outcome of any grievances, etc; and,

 ___yes __no (e) other information, please describe: _____
_____
_____
_____

Form 103(1)
Page 9

If at any time the Commission is unable to contact me, the Commission will be deemed to have provided me with actual notice by mailing two letter first class mail to my last known address. It will be presumed, that once the letters have been mailed that I have received the correspondence unless the letters are returned to the Commission by the Post Office.

For the purposes of the EEOC notice requirement, when the Commission is unable to contact me a letter will be sent certified mail, return receipt requested. Once this letter has been mailed, I will be deemed to have received actual notice.

By _____
        Carmelo Gagliardi

Dated: _____7/12/01_____

(Complainant must sign the original of this form and be given a copy.)

Form 103(I)
Page 10

## NOTICE OF RIGHT TO REQUEST PROCESSING BY EEOC

You have filed with the Connecticut Commission on Human Rights and Opportunities a complaint affidavit alleging a violation of Connecticut's law(s) prohibiting employment discrimination. You have also filed a charge with the United States Equal Employment Opportunity Commission (EEOC) alleging a violation of federal law(s) prohibiting employment discrimination. The Boston Area Office of EEOC has jurisdiction over Title VII and ADEA complaints in Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island and Vermont. The address of the Boston Area Office is John F. Kennedy Federal Building, Room 409, Boston, Massachusetts 02203.

In accordance with applicable worksharing agreements, between the CCHRO and EEOC, your complaint will ordinarily be processed by CCHRO. The EEOC will accept the CCHRO's final finding or resolution of your case and adopt it as its own subject to review by EEOC for compliance with EEOC policy and procedure.

If your initial filing was made with EEOC, that agency, and not CCHRO, may commence processing in the first instance provided you consent. If your initial filing was made with CCHRO, you also have the right to request that EEOC proceed first. You should be aware, however, that CCHRO and EEOC ordinarily will not conduct simultaneous separate investigations of your discrimination claim. This agency will not proceed with its investigation should EEOC commence processing; but will suspend processing pending the conclusion of EEOC's investigation. Upon completion, this agency will review EEOC's investigation of your case and adopt EEOC's disposition, provided it is in accordance with Connecticut law and compatible with this agency's procedures.

CCHRO has no authority to independently waive its jurisdiction once a complainant has properly invoked CCHRO's jurisdiction by duly filing a complaint. The right to the protection of state laws enforced by CCHRO can only be waived by you, the complainant. This right may be exercised by voluntary withdrawal of the complaint. The request to withdraw must be voluntary and cannot be compelled by CCHRO or EEOC.

A request for withdrawal is subject to the approval of CCHRO's Chairperson. Where a request for withdrawal is submitted after the conclusion of this agency's investigation but prior to formal submittal of the case for disposition, approval will not ordinarily be granted. The case will be disposed of on the merits and you may exercise your right, as set forth in the "Notice of Right to Request Review", to request that EEOC conduct a review of this agency's final action in your case.

Should you have any questions regarding this matter, please contact the office of the Commission on Human Rights and Opportunities where you filed your complaint or the Boston Area Office of EEOC.

I ACKNOWLEDGE RECEIPT OF THIS NOTICE

_____    _Carmelo Gagliardi_____

Respondent                          Signature of Complainant/Carmelo Gagliardi

CCHRO NUMBER _____    DATE _7/12/01_____

Form 103(l)
Page 11

## NOTICE OF RIGHT TO REQUEST REVIEW

This notice is to let you know that the charge to which you are a party, filed with both the Connecticut Commission on Human Rights and Opportunities (CCHRO) and the federal Equal Employment Opportunity Commission (EEOC), will be processed by the CCHRO.

In accordance with the Commission's Procedural Regulations, the Commission will accept the CCHRO's final finding or resolution of the charge and adopt it as its own unless a party to the charge requests the EEOC to conduct a review of the CCHRO's final action.

To exercise this right you must submit your request for review, in writing, to the EEOC office at the following address: EEOC Area Office, John F. Kennedy Federal Building, Room 409B, Boston, Massachusetts 02203 within fifteen (15) days of the date on which you receive the CCHRO's notice of its final findings or resolution.

If you have any questions concerning this notice or your right to request review, please contact this office.

I ACKNOWLEDGE RECEIPT OF THIS NOTICE

_Carmelo Gagliardi_
Signature of Complainant/Carmelo Gagliardi

_July 12, 2001_
Date

_____
Respondent's Name

CCHRO NUMBER_____

EEOC NUMBER_____

Form 103(l)
Page 13

Case No._____

AUTHORIZATION TO RELEASE INFORMATION FROM THE RECORDS OF

**Carmelo Gagliardi**
_____
(Name of Undersigned)

I authorize disclosure by ___*EAST HARTFORD HOUSING AUTHORITY*_____

___*546 Rurnside Ave., East Hartford, CT 06095*___
(Address)

to the representative of the CONNECTICUT COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES of the information and record specified below that concern my complaint
filed with the COMMISSION.

(x) Medical Records

(x) Personnel Records

(x) Credit Rating, or information as listed below:

_____

_____

_____

*Carmelo Gagliardi*                              7/12/2001
(Signature of Complainant)                       (Date)


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                                      02-12-1941
(Social Security Number)                         (Date of Birth)

26 Loren Circle, Windsor, CT 06095
(Address)

Form 001(7)

## COMPLAINANT WITNESS LIST

## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Carmelo Galiardi
COMPLAINANT

CASE NO.

V.

East Hartford Housing Authority
RESPONDENT

DATE FILED

### COMPLAINANT'S WITNESS LIST

A.    Witnesses identified at intake

Intake Officer: _____

Name

*TO BE PROVIDED AT A LATER DATE*

| Date Identified | Witnesses' Name and Address | Stated Relevant Areas if Testimony |
|---|---|---|
| | | |

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
### CAPITOL REGION OFFICE
100 Broadway, Norwich, CT 06360
TEL. (860) 886-5703

CHRO NO. _____

## STATEMENT OF REMEDY

I have been told that the full remedy for the discrimination I feel has occurred, <u>if the evidence secured in the investigation fully supports my claims,</u> would probably be:

( )    re-instatement in my job
(X)    full backpay plus interest, minus interim earnings, including unemployment compensation, welfare payments, etc.
(X)    compensatory damages (pain/humiliation)
(X )    restoration or seniority and fringe benefits
(X )    ceasing harassment
(X)    hire
( )    offer of housing
( )    guarantee of equal service
( )    medical benefits/insurance costs
( )    granting of credit
( )    other: specify:

During an investigation, the Respondent may offer a settlement which is less than a full remedy. The investigator will tell you of the offer and give you his/her estimate, based on the results of the investigation until that time of your chance of qualifying for a full remedy. You may then decide whether or not you want the investigator to pursue the settlement offer.

If you decide not to take the offer, the investigation will continue and may result in a finding favorable or unfavorable to you.

I have read and understand the above information.

_____
Complainant / Attorney

7/12/01
_____
Date

_____
Complaint Intake Officer/Investigator

FORM404(3)

## COMPLAINANT'S CERTIFICATION FORM

Case No._____

I, _____ *Carmele Adgerde* _____

(Your Signature)

certify that a copy of these materials were sent to the following person(s) on:

_____
(Date)

[ ] Hand Delivered
[X] Mailed
[ ] Other _____
(Specify)

*Respondent's Address:*

_____
(Respondent's Contact Person)

**East Harford Housing Authority**
(Respondent's Name)

**546 Burnside Avenue, East Hartford, CT 06108**
(Respondent's Address)

*Respondent's Attorney Address:*

_____
(Respondent's Attorney Name)

_____
(Respondent's Attorney Law Firm)

_____
(Respondent's Attorney Address)

**INFORMATION REGARDING COMPLAINTS PREVIOUSLY FILED**

**WITH THE CONNECTICUT COMMISSION ON HUMAN RIGHTS**

Please provide the following information:

[X]  I have filed a previous complaint:

Date of filing:    _Unknown_

Regional Office:    _100 Broadway, Norwich, CT 06360_

Case Number:    _Unknown_

Class Basis:    _Unknown_

[  ]  I have not filed a previous complaint.

I understand that my failure to disclose this information may lead to a delay in the processing of my complaint or a dismissal of my complaint for failure to cooperate.

_Carmelo Gagliardi_
Signature / Carmelo Gagliardi

_7/12/01_
Date

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**
**100 BROADWAY**
**NORWICH, CONNECTICUT 06360**
**(860) 886-5703**

CARMELO GAGLIARDI,                    :          CASE NO.
               PLAINTIFF,              :

V.                                                        :

EAST HARTFORD                         :
HOUSING AUTHORITY,                   :
            DEFENDANTS,        :          JULY 12, 2001

## APPEARANCE

Please enter the appearance of the undersigned on behalf of complainant, CARMELO

GAGLIARDI, in the above-captioned matter.

Dated at West Hartford, Connecticut, this 12th day of July, 2001

COMPLAINANT
LORETTA WARD


BY: _____
James S. Brewer
818 Farmington Avenue
West Hartford, CT 06119
(203) 523-4055
Juris No. 402051

## <u>CERTIFICATION</u>

I hereby certify that the above appearance was mailed, postage prepaid, on July 12, 2001 to all parties:

Carmelo Gagliardi
26 Loren Circle
Windsor, CT 06095

East Hartford Housing Authority
546 Burnside Avenue
East Hartford, CT 06108

_____
James S. Brewer

# EXHIBIT DD

DEC 2 1 2001

State of Connecticut
Commission on Human Rights and Opportunities
100 Broadway, Room 210
Norwich, CT 06360
Tel.: 860-886-5703  Fax: 860-886-2550

Certified Mail No. 7000 1670 0004 1335 6861

Date: December 20, 2001

Carmelo Gagliardi
26 Loren Circle
Windsor,  CT  06067

RE:  NOTICE OF FINAL AGENCY ACTION
     CHRO NO.: 0240018 Carmelo Gagliardi v. Housing Authority of
                                                East Hartford

     EEOC NO.: 16aa14293

Dear Mr. Gagliardi:

Notice is hereby given that pursuant to Section 46a-83(b) of
C.G.S, the Commission has processed your complaint through its
Merit Assessment processes.

Further, you are hereby notified that as a result
of these activities, your complaint has been
**dismissed** for the reason that **there is no
reasonable possibility that further investigation
will result in a finding of reasonable cause**
inasmuch as it was determined that:

   a. The complaint affidavit does not contain any incident of
      alleged discrimination occurring within 180 days prior to
      the filing of the complaint on July 3, 1001.
   b. The most recent incident alleged in the affidavit
      occurred in 1996.
   c. In its response to the complaint affidavit, which was
      certified by Respondent as mailed to the Complainant, it
      is noted that the Commission lacks jurisdiction to

investigate, due to the untimely filing of the complaint.
d. However, the Complainant provided no rebuttal information
   to show that the complaint is timely filed.
e. Therefore, it appears from the case file information that
   the complaint is untimely filed and the Commission lacks
   jurisdiction to investigate.

The complainant may apply for reconsideration, requesting that
the Commission reconsider its decision dismissing the complaint,
as provided in subsection (b) of Section 46a-83 of the C.G.S.
(formerly Public Act 94-238). The reconsideration request must
be in writing and **filed** at the Commission's administrative office
stated on the letterhead **within fifteen (15) calendar days from
the date of this letter**. It is the complainant's responsibility
to file a timely request. No additional information after this
fifteen (15) day period <u>will be considered</u>. **Untimely requests
will not be considered.** The request should state specifically
the grounds upon which the application is based. Generally, no
new documentation or evidence can be considered as only
documentation in the case file at the time of dismissal will be
reviewed. Any request for reconsideration must be submitted to:

James M. Flynn, Regional Manager
State of Conn. Commission on
Human Rights and Opportunities
100 Broadway, City Hall, Rm 208
Norwich, CT. 06360

A copy of your request for reconsideration must be mailed to the
respondent and respondent's attorney, if any, <u>at the address
listed at the bottom of this letter</u>. You should certify that you
have done so in your request for reconsideration filed with the
Commission.

If you do not request reconsideration of the dismissal of your
complaint, you will be issued a release of jurisdiction which
grants you the right to file a civil action in Superior Court.
Effective July 1, 2001, even if you do request reconsideration, a
release of jurisdiction can be obtained by request to the
Executive Director if the reconsideration request has been
pending over ninety (90) days or if the request is made within
fifteen (15) days of receipt of the notice granting or rejecting
reconsideration.

The complainant may appeal this disposition to the Superior Court
of the State of Connecticut if reconsideration is requested and

denied.    Any appeal must strictly comply with all of the
applicable statutory procedures, requirements, and time frames.
You may wish to consult an attorney regarding the proper filing
of an administrative appeal.

Sincerely,

James M. Flynn
Regional Manager

cc:  Complainant's Attorney:  James S. Brewer
                              818 Farmington Avenue
                              West Hartford,   CT    06119
     Respondent:     John Roghn, Director
                     Housing Authority of East Hartford
                     546 Burnside Avenue
                     East Hartford,   CT    06108
     Certified Mail No. 7000  1670  0004  1335  6854
     Respondent's Attorney:   Ralph J. Alexander
                              Brady, Willard & Alexander
                              Suite 400, 330 Roberts Street
                              East Hartford,   CT    06108

Enclosures: Complainant(s)'/Respondent(s)' Certification of
            Mailing CHRO's Form #004

FL407                                          Issued 12/94
                                               Revised 7/1/98

## COMPLAINANT'(s) / RESPONDENT(s)'

### "CERTIFICATION OF MAILING FORM"

Case No.:  Carmelo Gagliardi    v.    Housing Authority of East
Hartford


I hereby certify that I served a copy of the enclosed document(s)

by []hand delivery, []U.S. Mail []other on the []Respondent;

[]Complainant or their attorney named below:


_____

Name


_____

Address


_____

City,State,Zip



_____

Signed

_____

Date

Issued 4/94
Revised 1/1/96

# EXHIBIT EE

COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**RELEASE OF JURISDICTION**                          **FORM 500(6)**

COMMISSION ON HUMAN RIGHTS AND                        January  9,   2002
OPPORTUNITIES, <u>ex rel.</u>

Carmen Gagliardi

    vs.                                      CHRO CASE NO.  0240018
                                                   EEOC NO.       16aa14293

Housing Authority of East Hartford

<u>RELEASE OF JURISDICTION</u>

Pursuant to the provisions of Public Act 98-245, the Commission on Human Rights and
Opportunities hereby releases its jurisdiction over the above numbered and captioned complaint.
The complaint was dismissed pursuant to:

    [ xx ] A merit assessment review pursuant to C.G.S. 46a-83(b)
    [    ] Failure to accept full relief pursuant to C.G.S. 46a-83(c)

The complainant has not requested reconsideration of the dismissal.

Complainant is hereby authorized to commence a civil action in accordance with Section 46a-
100, and sections 46a-102 to 46a-104, C.G.S. inclusive, against the Respondent in the Superior
Court for the judicial district in which the discriminatory practice is alleged to have occurred or
in which the Respondent transacts business.  If this action involves a state agency or official, it
may be brought in the Superior Court for the Hartford-New Britain judicial district.

**<u>The Complainant must bring an action in Superior Court within ninety (90) days of receipt
of this release and within two (2) years of the date of filing the complaint with the
Commission</u>**.  Upon commencing the Superior Court action, the Complainant, or his/her
attorney, <u>shall serve a copy of the complaint on the Commission for the purpose of providing
legal notice</u>.  However, in accordance with 46a-101, of C.G.S., <u>service of the complaint on the
Commission does not make it a necessary party</u>, although, the Commission may opt to intervene.

The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the
C.G.S., and other laws of the State of Connecticut.

The Commission will take no further action in this matter.

*James M. Flynn*

Executive Director/Designee

January  9,  2002
Date Issued

:aes

cc:    Complainant:   **Carmen Gagliardi, 26 Loren Circle, Windsor, Ct. 06067**
Certified Mail: 7000 1670 0004 1335 6847
Complainant's Attorney:   **James S. Brewer, 818 Farmington Avenue, West Hartford,
Ct., 06119**
Respondent:  **John Roghn, Director, Housing Authority of East Hartford, 546
Burnside Avenue, East Hartford, Ct. 06108**
Respondent's Attorney:  **Ralph J. Alexander, Brady, Willard & Alexander, Suite 400,
330 Roberts Street, East Hartford, Ct. 06108**

Form 500(6)

2

Issued 7/1/98