FILED

Dec 30    [illegible]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI<br>Plaintiff | : | CIVIL ACTION NO. |
| V. | : | 3:02 CV 478 (EBB) |
| EAST HARTFORD HOUSING<br>AUTHORITY, ANDRE DUMAS, JOHN<br>ROGHN, ROBERT LINDBERK, UNION<br>REPRESENTATIVE and ROBERT<br>COUNIHAN | : <br><br>: | |
| Defendants | : | December 16, 2003 |

### DEFENDANTS EAST HARTFORD HOUSING AUTHORITY, ANDRE DUMAS, ROBERT COUNIHAN, TERRY MADIGAN, AND JEFFREY ARN'S ANSWER AND SPECIAL DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT, DATED MARCH 14, 2003

Pursuant to Rule 9(b)(1)(a), the defendants, East Hartford Housing Authority, Andre Dumas, Robert Counihan, Terry Madigan and Jeffrey Arn, hereby answer the plaintiff's Amended Complaint, dated March 14, 2003, as follows:

### I. PRELIMINARY STATEMENT

The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of this paragraph and therefore leave the plaintiff to his proof.

### II. NATURE OF ACTION

The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of this paragraph and therefore leave the plaintiff to his proof.

### III. JURISDICTION

The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of this paragraph and therefore leave the plaintiff to his proof.

IV. CAUSES OF ACTION

**FIRST COUNT**

1. As to paragraph 1, the defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of this paragraph and therefore leave the plaintiff to his proof.
2. Paragraph 2 is denied.
3. That portion of Paragraph 3 which alleges that Andre Dumas is being sued in his individual capacity is denied. The remainder of Paragraph 3 is admitted.
4. That portion of Paragraph 4 which alleges that Robert Counihan is being sued in his individual capacity is denied. The remainder of Paragraph 4 is admitted.
5. Paragraph 5 is admitted.
6. Paragraph 6 is denied.
7. Paragraph 7 is denied.
8. Paragraph 8 is denied.
9. Paragraph 9 is admitted.
10. The first sentence of Paragraph 10 is admitted. It is specifically denied that there was a job description change. It is further denied that this job requirement was a subject of collective bargaining. It is admitted that the Union did not negotiate this job requirement.
11. Paragraph 11 is denied.
12. Paragraph 12 is denied.
13. Paragraph 13 is admitted.
14. Paragraph 14 is denied.
15. Paragraph 15 is denied.
16. Paragraph 16 is denied.
17. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 17 and therefore leave the plaintiff to his proof.

2

18. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 18 and therefore leave the plaintiff to his proof.

19. Paragraph 19 is admitted.

20. It is denied that the plaintiff was not given the opportunity to apply for the job. The remainder of Paragraph 20 are admitted.

21. The first sentence of Paragraph 21 is admitted. The second sentence is denied.

22. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 22 and therefore leave the plaintiff to his proof.

23. The first sentence of Paragraph 23 is admitted. The second sentence is denied.

24. Paragraph 24 is denied.

25. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 25 and therefore leave the plaintiff to his proof.

26. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 26 and therefore leave the plaintiff to his proof.

27. Paragraph 27 is denied.

28. Paragraph 28 is admitted.

29. Paragraph 29 is denied.

30. Paragraph 30 is admitted.

31. Paragraph 31 is admitted.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 34 and therefore leave the plaintiff to his proof.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.
37. Paragraph 37 is denied.
38. Paragraph 38 is denied.
39. Paragraph 39 is denied.
40. Paragraph 40 is denied.
41. Paragraph 41 is denied.
42. Paragraph 42 is denied.
43. Paragraph 43 is denied.
44. Paragraph 44 is denied.
45. Paragraph 45 is denied.
46. Paragraph 46 is denied.

## SECOND COUNT

1-46. The defendants repeat and incorporate their answers to Paragraphs 1 through 46 of the First Count as if fully set forth herein.

47. Paragraph 47 is denied.
48. Paragraph 48 is denied.
49. Paragraph 49 is denied.
50. Paragraph 50 is denied.
51. Paragraph 51 is denied.
52. Paragraph 52 is denied.

## THIRD COUNT

1-57. The defendants East Hartford Housing Authority, Andre Dumas, Robert Counihan, Terry Madigan and Jeffrey Arn, shall not respond to the Third Count because it is not directed to them, contains no allegations against them and seeks no relief against them.

## FOURTH COUNT

1-57. The defendants repeat and incorporate their answers to Paragraphs 1 through 57 of the Third Count as if fully set forth herein.

58. Paragraph 58 is admitted.

59. Paragraph 59 is admitted.

60. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 60 and therefore leave the plaintiff to his proof.

61. Paragraph 61 is denied.

62. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 62 and therefore leave the plaintiff to his proof.

63. It is admitted that the defendant, East Hartford Housing Authority has hired younger employees with less experience for the same position as the plaintiff. It is admitted by East Hartford Housing Authority that the plaintiff has been denied promotion. It is denied by East Hartford Housing Authority, as phrased, that these individuals include Bill Hebert and Dave Wentworth. It is denied by East Hartford Housing Authority that the plaintiff has had experience in the position of Maintenance Mechanic since 1978. As to all other defendants, this paragraph is denied.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 66 and therefore leave the plaintiff to his proof.

67. Paragraph 67 is denied.

## FIFTH COUNT

1-66. The defendants repeat and incorporate their answers to Paragraphs 1 through 67 of the Fourth Count as if fully set forth herein.

67. There is no Paragraph 67 in the plaintiff's complaint.

68. Paragraph 68 is denied.

69. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 69 and therefore leave the plaintiff to his proof.

70. The defendants shall not respond to this paragraph because it is not directed to them, makes no claims against them and seeks no relief against them.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

### SIXTH COUNT

1-71. The defendants repeat and incorporate their answers to Paragraphs 1 through 71 of the Fifth Count as if fully set forth herein.

72. Paragraph 72 is denied.

73. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 73 and therefore leave the plaintiff to his proof.

74. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 74 and therefore leave the plaintiff to his proof.

75. Paragraph 75 is denied.

76. The defendants have insufficient knowledge and/or information on which to form a belief regarding the allegations of Paragraph 76 and therefore leave the plaintiff to his proof.

77. The defendants shall not respond to this paragraph because it is not directed to them, makes no claims against them and seeks no relief against them.

78. The defendants shall not respond to this paragraph because it is not directed to them, makes no claims against them and seeks no relief against them.

79. The defendants shall not respond to this paragraph because it is not directed to them, makes no claims against them and seeks no relief against them.

### SEVENTH COUNT

1-79. The defendants repeat and incorporate their answers to Paragraphs 1 through 79 of the Sixth Count as if fully set forth herein.

80. Paragraph 80 is denied.
81. Paragraph 81 is denied.
82. Paragraph 82 is denied.
83. Paragraph 83 is denied.

### EIGHTH COUNT

1. That portion of Paragraph 1 which alleges that Jeff Arn is being sued in his individual capacity is denied. The remainder of Paragraph 1 is admitted.
2. That portion of Paragraph 2 which alleges that Terry Madigan is being sued in his individual capacity is denied. The remainder of Paragraph 2 is admitted.
3. Paragraph 3 is denied.
4. Paragraph 4 is denied.
5. Paragraph 5 is denied.
6. Paragraph 6 is denied.
7. Paragraph 7 is denied.
8. Paragraph 8 is denied.
9. Paragraph 9 is denied.
10. Paragraph 10 is denied.
11. Paragraph 11 is denied.
12. Paragraph 12 is denied.
13. Paragraph 13 is denied.
14. Paragraph 14 is denied.
15. Paragraph 15 is denied.

16. Paragraph 16 is denied.
17. Paragraph 17 is denied.
18. Paragraph 18 is denied.
19. Paragraph 19 is denied.
20. Paragraph 20 is denied.
21. Paragraph 21 is denied.
22. Paragraph 22 is denied.
23. Paragraph 23 is denied.

## BY WAY OF SPECIAL DEFENSE

### FIRST SPECIAL DEFENSE

Some or all of the plaintiff's claims are barred by the applicable statute of limitations.

### SECOND SPECIAL DEFENSE

Some or all of the plaintiff's claims are barred because he has failed to exhaust his administrative remedies.

### THIRD SPECIAL DEFENSE

Some or all of the plaintiff's claims are barred because of the doctrine of *res judicata*.

### FOURTH SPECIAL DEFENSE

Some or all of the plaintiff's claims are barred by the doctrine of collateral estoppel.

**FIFTH SPECIAL DEFENSE**

Some or all of the plaintiff's claims are barred by the doctrine of accord and satisfaction.

**SIXTH SPECIAL DEFENSE**

Some or all of the plaintiff's claims are barred by release.

**SEVENTH SPECIAL DEFENSE**

Some or all of the plaintiff's claims are barred by agreement of the parties.

**EIGHTH SPECIAL DEFENSE**

Some or all of the plaintiff's claims are barred by his covenant not to sue one or more of the defendants for certain claims.

**NINTH SPECIAL DEFENSE**

Some or all of the plaintiff's claims are barred by the Doctrine of Laches.

**TENTH SPECIAL DEFENSE**

The plaintiff is a member of a union and, as such, has agreed to follow and be bound by a certain contractual procedures for resolution of employment issues. At all times relevant hereto, a union contract was in full force and effect. In light of said agreement(s), this action is barred.

**ELEVENTH SPECIAL DEFENSE**

Some or all of the plaintiff's claims are barred by the Rooker-Feldman doctrine.

THE DEFENDANTS
EAST HARTFORD HOUSING AUTHORITY,
ANDRE DUMAS, and ROBERT COUNIHAN

By: */s/ Kevin A. Coles*
Kevin A. Coles
Coles, Baldwin & Craft, LLC
1261 Post Road, P. O. Box 577
Fairfield, CT 06824
(203) 319-0800
Federal Bar No. 04350

10

## CERTIFICATION

I hereby certify that a copy of the foregoing has been forwarded this date to the following counsel of record:

Erin I. O'Neil-Baker, Esq.  
James S. Brewer, Esq.  
818 Farmington Avenue  
West Hartford, CT 06119

J. William Gagne & Associates  
1260 Silas Deane Highway  
Wethersfield, CT 06109

Kevin A. Coles

11

*[Page contains an upside-down prescription form from Ralph F. Stroup, M.D., 874 Howard Ave, New Haven, CT 06519, Fax: 787-1505, (203) 777-2374, DEA# A52263705I]*

Name: James Paltin
Address:
Date: 12/30/03
Tu-Tal # 0,005.684 caps 10/4

Rx: My pt/pt has a medical condition which will make him unfit to serve on a jury for at least 6 months

Ralph F Stroup M.D.

Label ☐
Refill ____ times PRN NR

NRX02061019065B