UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMELO GAGLIARDI,
               Plaintiff

v.                                     3:02 CV 478 (EBB)

THE EAST HARTFORD HOUSING AUTHORITY,
and in their individual and official
capacities ANDRE DUMAS, JOHN ROGHN,
ROBERT COUNIHAN, JEFF ARNS,
TERRY MADIGAN and ROBERT LINDBERK
               Defendant

## RULING ON DEFENDANT'S MOTION TO DISMISS

### Introduction

Carmelo Gagliardi (hereinafter "plaintiff" or "Gagliardi"), an employee of the East Hartford Housing Authority ("EHHA"), brings this action against the EHHA, several employees of the EHHA, AFSCME, Council 4, Local 1303-353, the collective bargaining representative of EHHA employees ("defendant union") and Robert Lindberk ("Lindberk"), in his individual and official capacity as business agent for the union. Plaintiff asserts claims under 42 U.S.C. §1983, the First and Fourteenth Amendments, and the Age Discrimination in Employment Act, and also brings state law claims of intentional infliction of emotional distress and breach of duty of fair representation. Defendants Robert Lindberk and the union, have moved to dismiss

this action as to them on the grounds that this court lacks subject matter jurisdiction over plaintiff's breach of duty of fair representation claim or, in the alternative, because plaintiff has failed to state a claim for breach of the duty of fair representation.

## Background

For the purposes of a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all inferences in favor of the non-movant. Accordingly, the factual background set forth in this opinion is derived from the amended complaint, and sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion.

Plaintiff has worked for the EHHA since 1978 as a maintenance aid, and is the most senior employee of the EHHA. Plaintiff was also the steward for AFSCME, Council 4, Local 1174 from 1998 to 2000. In 2000, he became union president. Plaintiff has filed numerous grievances against the defendants for denial of his promotion to maintenance mechanic and, between 2000 and 2001, as union president, plaintiff filed approximately thirty-five grievances against the EHHA. The EHHA did not take action on any of the grievances and retaliated against Gagliardi for his membership in the union, his presidency of the Union, and

filing such grievances.

Gagliardi does not have a B-4 license, which became a job requirement for EHHA's maintenance mechanics in 1981, even though Connecticut General Statute § 20-340 exempts licensure requirements for electricians, plumbers, heating, piping and coding contractors and Journeymen, and Elevator and Fire Sprinkler Craftsmen. The EHHA job posting for a maintenance mechanic position requires "possession of a valid, current, occupational license issued by the State of Connecticut. The required occupational license shall be at least equivalent to the full journeyman level status for a specific required discipline." Since 1989 the plaintiff has continually sought promotion to maintenance mechanic and has consistently been denied a promotion or salary increase, despite the fact that he has been performing the duty of maintenance mechanic since 1989. Gagliardi has performed the duties of Maintenance Mechanic during regular business hours and during "on-call" hours.

Employees who have been working at EHHA for fewer years than plaintiff have been given positions as maintenance mechanic. For example, in December 1996, a Maintenance Supervisory position became available and plaintiff applied for the position. There were two other candidates for the job, both of whom had less experience than plaintiff. However, plaintiff was not given the position. Two additional maintenance supervisor positions became

3

available in 1997 and 1998, but plaintiff was not given the opportunity to apply for the jobs, and the positions were filled by outside individuals. In addition, the EHHA has given promotions to other individuals although they do not hold the requisite license. For example, two employees who had plumbing and electrical licenses, respectively, were allowed to work on boilers, and one employee performed heating work without a heating license.

Plaintiff filed approximately eleven grievances against EHHA for its refusal to promote him to a maintenance mechanic position. Because the defendant union has a duty to represent all of its members equally, plaintiff therefore alleges that the Defendants Union and Lindberk breached their duty of fair representation for declining to take any action against the EHHA on plaintiff's behalf, for failing to respond to plaintiff's requests for information and subpoenaed documents from 2000 to 2002, and for pressuring the plaintiff to sign a settlement agreement with the EHHA, which required the plaintiff to withdraw all of the grievances he had filed with respect to his denial of a promotion in 2000.

## Analysis

I. Subject Matter Jurisdiction

A Motion to Dismiss under Rule 12(b)(1) "challenges the

4

court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et al., MOORE'S FEDERAL PRACTICE 12.07, at 12-49 (2d ed. 1994). When considering a motion to dismiss under this subsection of Rule 12, the allegations of the complaint are construed in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds*, Davis v. Scherer, 468 U.S. 183 (1984). However, once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. *See* LaFrancis v. United States, 66 F. Supp. 2d 335, 337 (D. Conn. 1999)(citing Thomson v. Gaskill, 315 U.S. 442, 446 (1942)).

Defendants move this court to dismiss plaintiff's claim of breach of fiduciary duty because state and municipal employers and employees are excluded from the National Labor Management Relations Act ("NLRA"), the federal act from which the federal duty of fair representation arises. Plaintiff responds, however, by asserting that his claim is based on state common law claims of breach of duty of fair representation[1], and urges this court to hear this state law claim under the doctrine of supplemental jurisdiction.

"[I]n any civil action of which the district courts have

---

[1] Although neither pleaded by plaintiff in the amended complaint, nor cited in his responsive brief, Conn. Gen. Stat. §§7-468(c) and 7-470 set forth defendant union's duty of fair representation.

5

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A federal district court has broad discretion to decide whether to exercise its supplemental jurisdiction over state claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-28 (1966); Seabrook v. Jacobson, 153 F.3d 70, 73 (2d Cir. 1998); Fay v. South Colonie Central, 802 F.2d 21, 34 (2d Cir. 1986). Generally, when a state law claim and a federal claim derive from a common nucleus of operative fact, and thus form the same case or controversy under Article III of the United States Constitution, and where it would be expected that the claims would be tried together in the same judicial proceeding, it is appropriate for the court to exercise its supplemental jurisdiction over the state law claim. The exercise of the court's supplemental jurisdiction, under such circumstances, is appropriate because it is an efficient and economical use of judicial resources. See United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966).

In the instant case, plaintiff's action is brought pursuant to Title 42 U.S.C. §1983, the First and Fourteenth Amendments, the Civil Rights Act of 1991, the ADEA, as well as the state law

claim now at issue. Federal district courts have original jurisdiction of all civil actions arising under the Constitution and laws of the United States. See 28 U.S.C. § 1331. As a result, plaintiff's state law claims may be heard under the court's supplemental jurisdiction if his state and federal claims derive from a common nucleus of operative facts. Plaintiff's breach of duty of fair representation claims against defendant union and defendant Lindberk stem from the same facts as the other federal claims against the other defendants; namely, the circumstances surrounding the denial of numerous promotions by the EHHA and the refusal of the union to file grievances on plaintiff's behalf regarding such denials. Accordingly, this court finds it appropriate, and in the interest of judicial efficiency, to try all of plaintiff's claims together. Defendant's motion to dismiss based on lack of subject matter jurisdiction is therefore denied.

## II. Failure to State a Claim

Defendants next claim that, even if this court asserts subject matter jurisdiction over plaintiff's cause of action against defendants Lindberk and the union, his claims should still be dismissed for failure to state a claim of breach of duty of fair representation.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted

7

under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

### A. Defendant Robert Lindberk as an Individual

In considering the 12(b)(6) dismissal of the fair representation claim against Lindberk, it is necessary to first examine whether, as a matter of law, Lindberk may be subjected to the claim, in an individual capacity. The Supreme Court has long held that "union agents" are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process. *See* Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-49 (1962), *overruled in part on other grounds by* Boys Markets, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 241 (1970). The Second Circuit has since adopted the rule that individual union members have immunity in suits for

breach of the duty of fair representation. Morris v. Local 819, Int'l Bhd. of Teamsters, 169 F.3d 782, 784 (2d Cir. 1999) Therefore, the law is clear that Lindberk may not be held liable as an individual for the union's failure, if any, to fairly represent plaintiff's claims. Since Lindberk is immune from unfair representation claims, his 12(b)(6) motion to dismiss is granted, dismissing Count Three as to Robert Lindberk in his individual capacity.

### B.   Defendant Union

Defendants also move to dismiss plaintiff's claim that the Union itself, and Robert Linberk in his official capacity, breached their duty to fairly represent the plaintiff. Under the NLRA as well as Connecticut law, when a union serves as the sole bargaining representative for its members, the union must represent its members in good faith. Connecticut General Statutes § 7-468(c) provides in pertinent part:

> When an employee organization has been designated in accordance with the provisions of sections 7-467 to 7-477, inclusive, as the exclusive representative of employees in an appropriate unit, it shall have the right to act for and to negotiate agreements covering all employees in the unit and shall be responsible for representing the interests of all such employees without discrimination and without regard to employee organization membership.

In construing Connecticut's labor statutes, courts have relied heavily on judicial interpretations of the NLRA because the state laws are "closely patterned" after the federal act and

9

the language is "essentially the same." Paollilo v. City of New Haven, No. 3:00CV1276, 2001 U.S. Dist. LEXIS 14331 (D. Conn. 2001)(citing Winchester v. Connecticut State Board of Labor Relations, 402 A.2d 332, 335-36 (Conn. 1978) ("The judicial interpretation frequently accorded the federal act is of great assistance and persuasive force in the interpretation of our own act.").

The Connecticut Supreme Court has held that the duty of fair representation requires a union "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion in complete good faith and honesty, and to avoid arbitrary conduct." Labbe v. Pension Comm'n of City of Hartford, 239 Conn. 168, 194, 682 A.2d 490 (1996) (quoting Vaca v. Sipes, 386 U.S. 171, 177 (1967)). While an employee does not have an absolute right to have his grievance taken to arbitration, a union may not arbitrarily ignore a meritorious grievance or process it perfunctorily. Ryan v. The New York Newspaper Printing Pressmen's Union No. 2, 590 F.2d 451, 455 (2d Cir. 1979). In addressing what constitutes arbitrary conduct, the Second Circuit explained "arbitrary conduct amounting to a breach is not limited to intentional conduct by union officials but may include acts of omission which, while not calculated to harm union members, 'may be so egregious, so far short of minimum standards of fairness to the employee and so unrelated to

legitimate union interests as to be arbitrary.'" <u>Cruz v. Local Union No. 3 of the IBEW</u>, 34 F.3d 1148, 1153 (2d Cir. 1994), (citing <u>NLRB v. Local 282, Int'l Bhd. of Teamsters</u>, 740 F.2d 141, 147 (2d Cir. 1984).

"When a plaintiff alleges a union's breach of its duty of fair representation, the 'complaint[] should be construed to avoid dismissal[].'" <u>Kavowras v. N.Y. Times Co.</u>, 328 F.3d 50, 54 (2d. Cir. 2003) (quoting <u>Czosek v. O'Mara</u>, 397 U.S. 25, 27 (1970); see also <u>Eatz v. DME Unit of Local Union Number 3</u>, 794 F.2d 29, 34 (2d Cir. 1986). Interpreting the allegations of the complaint in favor of the plaintiff, Gagliardi sought union representation from defendants for grievances he wished to file as a result of his denial of multiple promotions. Plaintiff claims that the union, which "has a duty to represent all its members equally without discrimination," refused to represent him, and failed to respond to numerous requests for information he made from 2000 to 2002, including requests for several subpoenaed documents. (Complaint, ¶54). He also alleges that the union pressured him to sign a settlement agreement with the EHHA, which resulted in the withdrawal of all his grievances filed. Though these allegations may be somewhat vague and inartfully pleaded, because it is federal policy to construe the allegations liberally, this court finds the plaintiff's allegations create sufficient indicia of arbitrariness to survive a motion to

dismiss. *See* <u>Paollilo v. City of New Haven</u>, 2001 U.S. Dist. LEXIS 14331 (D. Conn. 2001) (denying a motion to dismiss where the "union intentionally (not negligently) refused to represent plaintiff before making any assessment (erroneous or not) of the merits of [plaintiff's] complaint.")(alterations in original). Because plaintiff has stated a claim upon which relief may be granted, the motion to dismiss as to the union and Lindberk in his official capacity as union agent, is denied.

## CONCLUSION

Defendants' motion to dismiss plaintiff's claims against Lindberk, in his individual capacity, for failure to state a claim pursuant to Rule 12(b)(6) [Dkt. No. 61] is GRANTED. Defendants motion to dismiss defendant Union and Lindberk in his official capacity as Union agent [Dkt. No. 61] is DENIED.

SO ORDERED

                                      ELLEN BREE BURNS
                                      SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 4th day of January, 2004.

12