FILED

Jan 15  2 45 PM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI, | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:02CV478 (EBB) |
| vs. | : | |
| | : | |
| THE EAST HARTFORD HOUSING | : | |
| AUTHORITY, ET AL., | : | |
| DEFENDANTS. | : | JANUARY 13, 2004 |

**PLAINTIFF MEMORANDUM IN SUPPORT OF
THE MOTION FOR PROTECTIVE ORDER**

The plaintiff, Carmelo Gagliardi, moves for a protective order against the continued deposition of the plaintiff beyond the allotted seven hours pursuant to Federal Rules of Evidence 26(c). The plaintiff requests that the court prohibits the defendants from deposing the plaintiff longer than seven hours because of his aggravated medical condition and because this extended period of time is meant only to harass, annoy and embarrass the plaintiff.

I.     **STATEMENT OF FACTS RELEVANT TO THE PRESENT MOTION**

The plaintiff brought this action against his employer, the East Hartford Housing Authority. The discovery period of this litigation has lasted nearly a year and a half, commencing in September, 2002, with a current discovery deadline of January 31, 2004. During the discovery period the plaintiff has been noticed for his deposition numerous times, culminating in only one deposition of one and a half hours on December 5, 2003. The plaintiff

1

has appeared at the office of Attorney Gagne on two separate occasions to be deposed to find out that the deposition had been canceled. The latest such incident occurred on January 12, 2004. In order to attend his deposition the plaintiff was required to use his vacation days. Neither the undersigned nor the plaintiff was informed of these cancellations until appearing for the depositions. The plaintiff has not canceled any of the noticed depositions. The defendants have repeatedly requested extensions of time for the discovery deadline which was initially set at April 30, 2003.

The Housing Authority defendants filed a motion to extend the deposition of the plaintiff to be held up to twenty hours, thirteen hours beyond the allowed time under the Federal Rules of Civil Procedure. The court granted the defendants motion. The defendants filed a motion for summary judgment on

The plaintiff suffers from a stress and anxiety related panic disorder and hypertension for which he is under treatment. The plaintiff is under the care of medical doctors as well as a psychiatrist, Dr. Jayesh Kamath. The plaintiff's symptoms have been exacerbated during November and December, 2003 requiring him to be out of work during those months.

## II.    LEGAL ARGUMENT

Federal Rules of Civil Procedure 26(c) provides that: "Upon motion by a party or by the person from whom discovery is sought . . . the court . . . may make an order which justice

2

requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including: (1) that the disclosure or discovery not be had; (2) that the discovery may be had only on specified terms and conditions . . . ."  The plaintiff submits that his deposition should not take place because the defendants have had nearly a year and a half and have not completed his deposition and during that time the defendants have canceled the plaintiff's deposition numerous time without notifying him or his counsel of such cancellation. Such conduct has resulted in the plaintiff using two vacation days from work as well as increased stress and anxiety prior to each deposition.

Alternatively, the court should prevent the deposition from extending more than the allotted seven hours due to: (1) the plaintiff's medical condition, (2) the defendants have not shown good cause for such an extension and (3) the defendants have already filed their dispositive motions and do not require the testimony for such purposes. The extension of time requested by the defendants is meant only to harass and inconvenience the plaintiff.

Twenty hours of deposition time is an undue burden on plaintiff which substantially outweighs any likely benefits and is therefore impermissible under Fed. R. Civ. Pro. 26(b)(2). The plaintiff respectfully requests that the court grant the plaintiff's motion for protective order.

3

THE PLAINTIFF
CARMELO GAGLIARDI

BY: *[signature]*
Erin O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119
(203)523-4055
Federal Bar #CT 23073
His Attorney

4

## CERTIFICATION

     This is to certify that the foregoing has been sent, postage pre-paid, on January 13, 2004 to all counsel and pro se parties of record:

Attorney Kevin Coles
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06430

J. William Gagne
J. William Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT 06109

Clerk
US District Court
141 Church Street
New Haven, CT 06510

                                                _/s/ Erin O'Neil_
                                                Erin O'Neil