UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
FEB 4  12 52 PM '04

| | | |
|---|---|---|
| CARMELO GAGLIARDI | : | CIVIL ACTION NO. |
|     Plaintiff | | |
| V. | : | 3:02 CV 478 (EBB) |
| EAST HARTFORD HOUSING AUTHORITY, ANDRE DUMAS, JOHN ROGHN, ROBERT LINDBERK, UNION REPRESENTATIVE and ROBERT COUNIHAN | : | |
|     Defendants | : | February 2, 2004 |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER DATED JANUARY 13, 2004

This action arises out of an on going dispute between defendants East Hartford Housing Authority, Andre Dumas, Robert Counihan, Terry Madigan and Jeffrey Arn and plaintiff, said dispute being the subject of multiple grievances and hearings during the period of 1989 to the present. The gravamen of the underlying actions is plaintiff's allegation that EHHA failed to promote him to the position of Maintenance Mechanic. Plaintiff's deposition commenced on December 5, 2003 and lasted approximately 1½ hours. Due to the scope and nature of Plaintiff's claims, these defendants filed a motion to extend the time under Rule 30 FRCP to allow up to a total of 20 hours to examine the plaintiff.

The court granted that motion, and denied the plaintiff's objection thereto and denied the plaintiff's motion for rehearing. Now, the plaintiff raises his health as an impediment to a thorough deposition.

In the present matter, the scope of Plaintiff's deposition is based upon the allegations of Plaintiff's complaint, which contains eight counts and encompasses the beginning of his employment with EHHA on December 7, 1978 to the present, a period of 25 years. Among Plaintiff's allegations are that he requested a promotion to the position of Maintenance Mechanic on at least eleven occasions and appealed one denial all the way to the Superior Court. (Plaintiff's Complaint, March 14, 2003, Count One, paras. 13 and 28.) He alleges that he was denied workers' compensation benefits

in 1993. (Plaintiff's Complaint, March 14, 2003, Count One, para. 26.) Plaintiff also alleges that he filed at least 35 grievances between 2000 and 2001 against the EHHA. (Plaintiff's Complaint, March 14, 2003, Count One, para. 31.) He further claims that his constitutional rights were abridged by Defendants and he that suffered severe emotional distress based on the above alleged events. In regard to these and other allegations, Plaintiff will be asked to review documents selected from the over 1,700 pages of documents already produced in this matter.

The defendants are not seeking to harass or intimidate the plaintiff. The defendants will address only questions relating directly to the broad scope of Plaintiff's claims. It would be fundamentally unfair to permit Plaintiff to bring a suit with such a complex factual history and be insulated from examination on his factual allegations based on the artificial barrier imposed by Rule 30.

The defendants will be happy to agree to any recesses or intervals between deposition sessions to accommodate the plaintiff's alleged emotional conditions. The defendants, through counsel, have always indicated a willingness to accommodate the plaintiff in this regard, and the undersigned continues to do so.

The court should also know that, on January 20, 2004, the plaintiff, his wife, and his counsel spent the better part of five hours reviewing records at the offices of the East Hartford Housing Authority. This was personally observed by the undersigned.

Furthermore, the plaintiff, for the first time, has attached medical reports dated September 23, 2003, October 7, 2003, October 24, 2003 and January 5, 2004 to his Motion for Protective Order. Three of these reports existed at the time the plaintiff opposed and then sought reconsideration of the defendants' Motion to Extend the time of the deposition. They were not brought to light at that time and should not be considered now.

Even if the court elects to consider these reports, the court should note that, as of October 27, 2003, the plaintiff was allowed to return to work.

In the report dated January 5, 2004, Dr. Kamath noted that: "Recently, Mr. Gagliardi had severe exacerbation of his mental illness requiring emergent intervention

2

and management." Mr. Gagliardi's deposition had been held on December 5, 2003, over a month before for only an hour and a half.

Any party who institutes a lawsuit must expect to go through some stress in connection with the litigation. The stress of litigation is part and parcel of what a litigant must endure in order to prosecute his claim.

This case is no different. The plaintiff should not be allowed to bring a lawsuit and then claim that he can't be questioned because it might upset him. Even if the questioning does upset him, does raise his blood pressure and does increase his anxiety, this is part of the price and consequences of litigation.

The defendants respectfully request that the court deny the plaintiff's motion for protective order.

> THE DEFENDANTS
> EAST HARTFORD HOUSING AUTHORITY, ANDRE DUMAS, ROBERT COUNIHAN, TERRY MADIGAN AND JEFFREY ARN
>
> By: _____
> Kevin A. Coles
> Coles, Baldwin & Craft, LLC
> 1261 Post Road, P. O. Box 577
> Fairfield, CT 06824
> Phone: (203) 319-0800
> Fax: (203) 319-1210
> Federal Bar No. 04350

## CERTIFICATION

I hereby certify that a copy of the foregoing has been forwarded this date to the following counsel of record:

James S. Brewer, Esq.
818 Farmington Avenue
West Hartford, CT 06119

J. William Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT 06109

_____
Kevin A. Coles