**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARMELO GAGLIARDI, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV478 (EBB) |
| vs. | : | |
| | : | |
| THE EAST HARTFORD HOUSING | : | |
| AUTHORITY, and in their individual | : | |
| official capacities ANDRE DUMAS, JOHN | : | |
| ROGHN, ROBERT COUNIHAN, | : | |
| JEFF ARNS, TERRY MADIGAN and | : | |
| ROBERT LINDBERK, | : | |
| Defendants. | : | APRIL 19, 2004 |

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF LOCAL RULE 56(a)2 STATEMENT**

**State of Connecticut )**
                    **)**    ss:    West Hartford, April ___, 2004
**County of Hartford )**

      I, Carmelo Gagliardi, being duly sworn, hereby depose and state, upon knowledge, information and belief that:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am a member of UNION-Local 1303-353 ("union").

3. In February 1997 a position for Maintenance Mechanic was filled by an outside individual who did not have a B-4 license. This position was never posted AND I was never given the opportunity to apply for the job.

4. In 1996, Bill Hebert had a plumbing license but performed work on boilers

5. In 2000, Jim Lawrence has an electrical license but works on boilers

6. In 2001, Dave Wentworth performed heating work but did not have a heating license.

7. I have not been promoted to Maintenance Mechanic, or paid him the salary of a Maintenance Mechanic, but I have performed the duties of the Maintenance Mechanic

       from 1978 through the present.

8. Since 1989 I have performed the duties of Maintenance Mechanic during regular hours as well as during "on-call" hours.

9. The defendant, John Roughn ("Rohgn"), refused to meet with me and retaliated against me because I was the Union president continuously throughout 2000.

10. In 1993, I was charged with sick time for my 1986 injury even though I was still eligible for workers' compensation.

11. I tried to have my sick time reinstated between 1994 and 1998 through numerous hearings but it was not fully restored.

12. The defendants have charged me forty-five sick days for my injury even though it was covered by workers compensation.

13. The defendants refuse to promote me to the position of Maintenance Mechanic because of my age, my union activity and my shoulder injury.

14. The defendants consistently have promoted younger employees with less seniority to the position of Maintenance Mechanic, including but not limited to Mike Seamon, who was hired in 1981, Bill Hebert who was hired in 1996 and Dave Wentworth who was hired in 2001.

15. The Housing Authority refuses to promote me to Maintenance Mechanic in retaliation for my workers compensation injury.

16. Since filing this present litigation in the federal court on March 19, 2002, I have been the target of retaliation by Jeff Arns ("Arns") and Terry Madigan ("Madigan") in violation of the First Amendment.

17. On or about December 19, 2002, I was approached by Arns in the parking lot outside of

       the company Christmas party.

18. Arns proceeded to verbally and physically threaten me about continuing to pursue legal action specifically stating, "If you take this any further you'll be sorry".

19. On or about February 5, 2003, I was called into the office of Madigan to discuss a second step grievance.

20. I am allowed by my union contract to have a third party present at these meetings but my request to have council present was denied by Madigan.

21. I was immediately confronted by Arns, Andre Dumas ("Dumas") and Madigan with questions about my pending legal action.

22. Arns, Dumas, and Madigan became increasing hostile when I refused to answer any questions about my pending legal action.

23. Madigan then physically and verbally threatened me.

24. Madigan was physically restrained to prevent him from making contact with me.

25. Madigan later told me, "If you take this any further you'll be sorry," referring to my legal action.

26. The acts and conduct of the defendants' in charging me for sick days and in not promoting me to Maintenance Mechanic were intentional and willful.

27. Defendants are aware of, and permit, persons who do not hold licenses for the jobs they perform, continue to perform those jobs.

28. In January 2000, the plaintiff notified the defendant Andre Dumas, that a sprinkler pipe had frozen and that Dumas needed to call someone to repair it. Dumas responded that hopefully nothing would happen. The frozen pipe broke costing the Housing Department $20,000. (Exhibit B, ¶ 28.)

 

_____
Carmelo Gagliardi

Subscribed and sworn before me this    day of April, 2004.

_____
Erin I. O'Neil
Commissioner of the Superior Court

                                                   _____
                                                   Carmelo Gagliardi

Subscribed and sworn before me this    day of January, 2004.

                                                 _____
                                               Erin I. O'Neil
                                               Commissioner of the Superior Court