**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARMELO GAGLIARDI, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV478 (EBB) |
| vs. | : | |
| | : | |
| THE EAST HARTFORD HOUSING | : | |
| AUTHORITY, and in their individual | : | |
| official capacities ANDRE DUMAS, JOHN | : | |
| ROGHN, ROBERT COUNIHAN, | : | |
| JEFF ARNS, TERRY MADIGAN and | : | |
| ROBERT LINDBERK, | : | |
| Defendants. | : | APRIL 19, 2004 |

## LOCAL RULE 56(a) 1 STATEMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, Defendants East Hartford Housing Authority, Andre Dumas, Robert Counihan, Terry Madigan and Jeffrey Arn, hereby submit their statement of material facts.

1. Plaintiff began his employment with the East Hartford Housing Authority (hereinafter "EHHA") on December 7, 1978 in the Maintenance Department as a Maintenance Aide.

**1. Admit.**

2. The job classification of Maintenance Aide and description included manual work performing a variety of unskilled and semi-skilled tasks, which did not require a journeyman's knowledge.

**2. Admit.**

3. On or about, April 5, 1981, the requirement of an occupational license was instituted by EHHA board for all Maintenance Mechanics.  This requirement remains in effect to today.

3. **Deny.  This requirement is not in effect today.  This requirement has been selectively enforced, specifically, it has been enforced to prevent the plaintiff from**

> **being promoted to Maintenance Mechanic. (See 56(c)(2) Statement ¶ 41.)**

4. At the time of the institution of the licensing requirement by EHHA, Plaintiff did not hold an occupational license.

4. **Admit.**

5. On or about, June 6, 1989, Plaintiff filed a grievance with the Union because he was denied a Maintenance Mechanic's position based on the fact that he did not have an occupational license.

5. **Deny, in part, in that the defendants stated reason for the denial of the promotion was that he did not have an occupational license, but the reason for the denial was because of the plaintiff's involvement with the union and other discriminatory reasons.**

6. The EHHA denied Plaintiff's grievance.

6. **Admit.**

7. The denial of Plaintiff's grievance was upheld by the EHHA Board of Commissioners.

7. **Admit.**

8. The case went before the Connecticut State Board of Mediation and Arbitration as a result of the EHHA's denial of Plaintiff's grievance.

8. **Admit.**

9. On March 23, 1993 a hearing was held at the State Labor Board regarding the grievance.

9. **Admit.**

10. On October 22, 1993 the Labor Department issued an arbitration decision in favor of the EHHA on the issue of the occupational license requirement.

10. **Admit.**

11. In this decision, the arbitration panel responded to the issue of whether the EHHA violated the collective bargaining agreement when it did not promote Plaintiff to the position of Maintenance Mechanic in June of 1989.

11. **Admit.**

12. The majority of the arbitration panel held that Plaintiff was not qualified for the Maintenance Mechanic's position pursuant to Section 4.3 of the collective bargaining agreement.

12. **Admit.**

13. The arbitration panel addressed Plaintiff's argument that licenses are exempt under Connecticut General Statutes § 20-340 and the majority of the panel held that this section is irrelevant since it deals with unlicenced workers of governmental entities working on non-residential buildings and property.

13. **Admit.**

14. The arbitration panel's majority further held that the requirement of an occupational license was within the prerogative of the EHHA to determine.

14. **Admit.**

15. The arbitration panel's majority, in supporting EHHA's licensing requirement, cited the need to ensure and preserve public health and safety.

15. **Deny. The majority cited only the need to "ensure the safety of the families who reside in the Authority's residence". (Defendants' Exhibit G, pg. 4).**

16. A like decision was found in the case of a fellow employee, which similar on many of its facts to the instant case the panel also reached the same conclusion on the identical issue. See <u>Housing Authority of East Hartford and Local 1174, Council 4, AFSCME, AFL-CIO, James Jackson</u>, decision of the State of Connecticut Labor Department, Board of Mediation and Arbitration Case No. 8586-A-668 dated March 3, 1987.

16. **Deny. Plaintiff objects to material fact 16 in that it is legal argument and not appropriately included in Defendants' Local Rule 56(a)1 Statement. Furthermore, the panel in Case No. 8586-A-668 made numerous conclusions. One of their conclusions was that, "the Grievant did have considerable experience, was a responsible employee and was the most senior employee seeking the promotion. . . Under these circumstances it is the unanimous recommendation of the Arbitration Panel that . . . the Authority should exert every possible means to help this Grievant and provide him with the necessary schooling for him to obtain a B-4 heating license." (Defendants' Exhibit H).**

17. The decision of the arbitration panel involving the present matter was appealed to the Superior Court and upheld. <u>AFSCME, Local 1174, AFL-CIO v. Housing Authority of East Hartford</u>, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704770 (November 22, 1996, *Wagner, J.T.R.*) (Exhibit I.)

17. **Deny. The Superior Court denied plaintiff's motion to vacate the arbitration award finding "there is at most a 'disagreement with the arbitrators application of controlling legal principles' by the plaintiff and not a 'manifest disregard of the law.'" (Defendants' Exhibit I).**

18. On or about November 8, 1994, Plaintiff filed a complaint (#95-40329) with the Connecticut Commission on Human Rights and Opportunities.

18. **Admit.**

19. In the CHRO complaint, Plaintiff alleged that he was denied a promotion based upon the occupational license requirement and claiming that he had been doing Mechanic's work without the title and compensation of the position of Maintenance Mechanic.

19. **Admit.**

20. On or about July 28, 1995, CHRO complaint was dismissed for no reasonable cause and for lack of jurisdiction.

20. **Deny. The CHRO Complaint was dismissed for "No Reasonable Cause due to Lack of Jurisdiction." (See Defendants' Exhibit K).**

21. Since 1989, Plaintiff requested a promotion to Maintenance Mechanic at least eleven (11) times form 1989 to 2002. The EHHA denied Plaintiff's request for promotion because he did not possess a valid, current, occupational license issued by the State of Connecticut. Plaintiff filled a grievance with his union following many of the EHHA's denials of a promotion.

21. **Admit.**

22. On or about February 19, 1998, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that Plaintiff's's union violated the relevant provision of the collective bargaining agreement when it filed a grievance on January 29, 1998 regarding Plaintiff's promotion to Maintenance Mechanic. The complaint further alleged that the union was acting contrary to the decision of the State Board of Mediation and Arbitration of October 22, 1993.

22. **Admit that EHHA filed a complaint containing allegations; however, Plaintiff denies the veracity of those allegations.**

23. On July 7, 1998, the EHHA and Plaintiff's union entered into a settlement agreement in which Plaintiff's union agreed to withdraw the grievance filed by Plaintiff on January 29, 1998.

23. **Admit.**

24. The union further agreed that it would not "file or process any grievance relative to the same issue of the grievance [of January 29, 1998]."

24. **Admit.**

25. Following the settlement agreement, Plaintiff continued to file, and the union continued to file and process, grievances related to the issue of Plaintiff's promotion to Maintenance Mechanic.

25. **Deny.  Following the settlement agreement, Plaintiff filed for the first time, grievances related to the denial of EHHA to promote Plaintiff to openings for Maintenance Mechanic positions which became available in the years: 1999, 2000, 2001 and 2002.  (See Defendants' Exhibits Q, S, U, V.)**

26. On or about October 16, 1998, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed a grievance on October 9, 1998 on behalf of Plaintiff regarding the issue of Plaintiff's promotion to Maintenance Mechanic.

26. **Admit.**

27. On or about August 27, 1999, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed grievances on June 10, 1999 and July 26, 1999.

27. **Admit.**

28. On or about June 6, 2000, EHHA and the union entered into a second settlement agreement in which EHHA agreed to withdraw its pending complaints and not seek to recover legal fees and costs.

28. **Admit.**

29. On or about November 1, 2001, EHHA filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed a grievance on October 10, 2001 on behalf of Plaintiff regarding Plaintiff's promotion to Maintenance Mechanic.

29. **Admit.**

30. The November 1, 2001 complaint sought an order for the union to cease and desist, costs and sanctions pursuant to the 2000 settlement agreement.

30. **Admit.**

31. On or about July 12, 2001, Plaintiff filed a complaint with the CHRO and Opportunities and the Equal Employment Opportunity Commission.

31. **Admit.**

32. In his complaint, Plaintiff alleged that he was discriminated against because of his age and disability.

32. **Admit.**

33. Plaintiff further alleged that he was denied a Maintenance Supervisor position in 1996; that he was denied a Maintenance Mechanic position in 1997; that was charged with sick time in 1993 from a 1986 injury; that his appeal of the 1993 arbitration award was unsuccessful; and that he was retaliated against by filing grievances.

33. **Admit.**

34. The complaint was dismissed by the CHRO on or about December 20, 2001 on the ground that there was no reasonable cause and lack of jurisdiction.

34. **Deny. The CHRO Complaint was dismissed for no reasonable cause due to lack of jurisdiction. (See Defendants' Exhibit DD).**

35. The CHRO released jurisdiction of Plaintiff complaint on or about January 9, 2002.

35. **Admit.**

36. The present action was filed on or about March 19, 2002.

36. **Admit.**

```
                    THE PLAINTIFF,
                    CARMELO GAGLIARDI


            BY: _____
                    Erin I. O'Neil
                    Brewer & O'Neil, LLC
                    818 Farmington Avenue
                    West Hartford, CT 06119
                    (860) 523-4055
                    Fed. ct#: 23073
                    His Attorney
```