UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI<br>Plaintiff | : | CIVIL ACTION NO. |
| V. | : | 3:02 CV 478 (EBB) |
| EAST HARTFORD HOUSING AUTHORITY, ANDRE DUMAS, JOHN ROGHN, ROBERT LINDBERK, UNION REPRESENTATIVE and ROBERT COUNIHAN | : : | |
| Defendants | : | APRIL 20, 2004 |

## MOTION FOR SANCTIONS

Pursuant to Local Rule 37(d) of the Federal Rules of Civil Procedure, the defendants, East Hartford Housing Authority, Andre Dumas, Robert Counihan, Terry Madigan and Jeffrey Arn, respectfully request that the court sanction both the plaintiff and his counsel for the reasons set forth below:

1. On December 3, 2003, the defendants filed their motion for summary judgment as to counts one, two, four, five, six, seven and eight of the plaintiff's complaint. (Docket Nos. 66-68.)

2. On December 4, 2003, the plaintiff requested an extension of time to respond to the defendants' motion for summary judgment on the grounds that additional time was necessary to complete the plaintiff's deposition and then to compose a response. (Docket No. 69.)

3. The defendants took the first deposition of the plaintiff, Carmello Gagliardi on December 5, 2003. (The deposition was noticed by the defendants on November 11, 2003.)

4. The court granted the plaintiff's extension of time to respond to the defendants' motion for summary judgment. (Docket No. 70.)

5. By motion dated December 15, 2003 (Docket No. 71), the defendants requested additional time to depose the plaintiff, up to twenty hours, due to the complexity of the issues involved in the matter as well as the large amount of documentary evidence.

6. The court granted the defendants' motion. (Docket No. 72.)

7. The plaintiff requested reconsideration of the court's decision, but this request was denied. (Docket Nos. 74 and 75.)

8. On January 15, 2004, the plaintiff filed a motion for protective order to prevent further depositions. (Docket Nos. 80 through 83.)

9. On January 22, 2004, the plaintiff again requested additional time, up to three weeks following the conclusion of the plaintiff's deposition, to respond to the defendants' motion for summary judgment. (Docket No. 84.)

10. The court granted the plaintiff's motion for extension of time and required that the plaintiff's deposition be completed on or before March 1, 2004. (Docket No. 85.)

11. The defendants conducted the second deposition of the plaintiff on February 3, 2004.

12. On February 20, 2004, the court denied the plaintiff's motion for protective order (Docket No. 89), thus allowing the defendants to depose the plaintiff for a total of up to twenty hours.

13. By motion dated February 27, 2004 (Docket No. 90), the defendants requested an extension of time, until March 30, 2004, to continue to depose the plaintiff on the ground that time had passed due to the reluctance of the plaintiff to continue his deposition until his motion for protective order was ruled upon. (Docket No. 90.)

14. The defendants' motion for extension of time was granted by the court on March 4, 2004 (Docket No. 91.)

15. Due to scheduling conflicts, the parties were unable to find a convenient date to continue the plaintiff's deposition until March 29, 2004.

16. On March 29, 2004, the plaintiff's deposition continued.

17. After a few hours of testimony on that date, the deposition was stopped at the request of plaintiff's counsel's due to her client's fatigue. It was mutually agreed by both counsel at that time that the deposition would continue at the earliest available date.

18. Defense counsel agreed to accommodate the plaintiff's health and well being in scheduling and by limiting the number of hours of each session of the deposition.

19. The continuation of the March 29, 2004 deposition was scheduled for April 6, 2004.

20. On April 6, 2004, plaintiff's counsel asked defendants' counsel to cancel the continued deposition due to a family emergency.

21. Defense counsel re-noticed the deposition for April 20, 2004.

22. On April 19, 2004, counsel for the defendants received the attached correspondence from plaintiff's counsel stating that she plans to take advantage of the last scheduling order. (Docket No. 91.)

23. To date, the plaintiff's depositions have comprised slightly over nine hours, leaving almost eleven hours of deposition time available to the defendants.

Since the filing of the defendants' motion for summary judgment on December 3, 2003, the court has granted numerous motions for extension of time to accommodate the plaintiff's request that his deposition be completed before responding to the summary judgment motion. The defendants obliged both the plaintiff's requests for shortened deposition periods and his counsel's request to postpone the deposition. The defendants efforts have been rewarded with the plaintiff's refusal to attend his next scheduled deposition and the filing of a motion for protective order to prevent any further depositions.

On April 19, 2004, counsel for the defendants attempted to resolve the issue for forwarding a letter to counsel for the plaintiffs. The letter reminded plaintiff's counsel of the agreement to continue the deposition and informed counsel that, if the plaintiff did not appear for his deposition, the defendants would seek an extension of the discovery period and sanctions. In response, counsel for the plaintiff filed a motion for protective order to prevent the deposition from continuing. Most of the arguments presented by the plaintiff in his motion for protective order are the same as those advanced by the plaintiff in his objection to the defendants' request for additional time to depose the plaintiff, as well as the plaintiff's previous motion for protective order. Although both of these motions were denied by the court, the plaintiff is attempting to assert these same arguments again. Additionally, the plaintiff argues that additional depositions are not allowed due to the expiration of the discovery deadline, despite the fact that plaintiff's counsel verbally agreed to go forward with the depositions.

4

The stream of motions and court orders over the past several months arose out the plaintiff's request to extend the time period to respond to the defendants' motion for summary judgment until after the completion of his deposition.[1] The plaintiff, through his counsel's dilatory tactics, has delayed the adjudication of the defendants' motion for summary judgment and possibly the resolution of this matter.

Pursuant to Rule 37(b) as incorporated by reference by Rule 37(d), the defendants respectfully request the court enter sanctions against the plaintiff and Erin O'Neil-Baker, plaintiff's counsel. "[A] court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 106-7 (2002).

Rule 37 authorizes a range of sanctions. "The District Court may bar the disobedient party from introducing certain evidence, or it may direct that certain facts shall be 'taken to be established for the purposes of the action. . . .' The Rule also permits the trial court to strike claims from the pleadings, and even to 'dismiss the action ... or render a judgment by default against the disobedient party.'" Roadway Exp., Inc. v. Piper, 447 U.S. 752, 763, 100 S. Ct. 2455 (1980). "Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders." Id. at 763-4. "By its terms, Rule, 37 'places the burden on the disobedient party to avoid (assessment of) expenses by

---

[1] If the plaintiff's motion for protective order is granted as the plaintiff requests, the last day for filing the plaintiff's objection to the motion for summary judgment, pursuant to order of the court, is April 20, 2004, three weeks after the last day of the plaintiff's deposition.

showing that his failure is justified or that special circumstances make an award of expenses unjust.'" J. M. Cleminshaw Co. v. City of Norwich, 93 F.R.D. 338, 351 (D.C.Conn., 1981), quoting Advisory Committee on Civil Rules, Note to 1970 Amendment to Rule 37(b)(2), Fed.R.Civ.P. (1980 ed.). "[A]lthough the most drastic sanctions may not be imposed as 'mere penalties,' . . . courts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on whom they are imposed is, in some sense, at fault." Penthouse Intern., Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 387 (1981)(citations omitted).

Wherefore, the defendants respectfully request the following sanctions on the ground that the plaintiff has needlessly delayed the adjudication of the motion for summary judgment and his filing of a motion for protective order to prevent future depositions, contrary to counsel's representations and the court's prior orders:

1. an order requiring the plaintiff to pay the defendants reasonable expenses, including attorney's fees, caused by the costs of filing this motion;

2. an order refusing to allow the plaintiff to submit his opposition memorandum to the defendants' motion for summary judgment;

3. an order of contempt against the plaintiff for failing to comply with the court's orders to appear for his deposition for a period of twenty hours; and

4.  dismissal of the plaintiff's action.

                    THE DEFENDANTS
                    EAST HARTFORD HOUSING AUTHORITY,
                    ANDRE DUMAS, ROBERT COUNIHAN, TERRY
                    MADIGAN AND JEFFREY ARN

By: _____
Kevin A. Coles
Coles, Baldwin & Craft, LLC
1261 Post Road
Fairfield, CT 06824
(203) 319-0800
Federal Bar No. 04350

7

## CERTIFICATION

I hereby certify that a copy of the foregoing has been forwarded this date to the following counsel of record:

| | |
|---|---|
| Erin I. O'Neil-Baker, Esq. | J. William Gagne, Esq. |
| James S. Brewer, Esq. | J. William Gagne & Associates |
| 818 Farmington Avenue | 1260 Silas Deane Highway |
| West Hartford, CT 06119 | Wethersfield, CT 06109 |

_____
Kevin A. Coles