**UNITED STATE DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARMELO GAGLIARDI, | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:02CV478(EBB) |

v.

EAST HARTFORD HOUSING
AUTHORITY, and in their individual
and official capacities, ANDRE DUMAS,
JOHN ROGHN, ROBERT COUNIHAN
and ROBERT LINDBERK,
                DEFENDANTS        :        MAY 11, 2004


**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

The defendants' motion for sanctions against both the plaintiff and his counsel should be denied. Prior to the deposition of the plaintiff that is the subject of this motion, plaintiff filed a Motion for a Protection Order putting forth valid arguments prohibiting the defendants from deposing the plaintiff. Plaintiff awaited the court's ruling prior to agreeing to the continuation of the deposition of the plaintiff. Now that the court has ruled in the defendants' favor, the plaintiff is available to testify in accordance with the court order and has presented himself for a deposition of May 6, 2004.

The defendants argue that "the plaintiff through his counsel's dilatory tactics, has delayed the adjudication of the defendants' motion for summary judgment and possibly the resolution of this matter", when in fact the plaintiffs submitted his Memorandum in Opposition to the Defendants' Motion for Summary Judgment within the three weeks after the last day of the plaintiff's deposition, pursuant to the order of the court.

## I. LAW AND ARGUMENT

**A. Applicable legal standards**

1. Federal Rules of Civil Procedure, Rule 37(d)

In general, Courts disfavor the granting of a motion for sanctions. The court should not deviate from this pattern in this case. In the matter at bar, sanctions are inappropriate under Federal Rules of Civil Procedure 30(d), because the plaintiff had a pending Motion for Protective Order. Pursuant to Rule 37(b) as incorporated by reference Rule 37(d), "the failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Federal Rules of Civil Procedure, Rule 37(d). Because the plaintiff's continued deposition had been scheduled subsequent to the discovery deadline, the plaintiff filed a Motion for a Protective Order, therefore the alleged failure to act should be excused.

It has been found that the purpose of 28 U.S.C. § 1927 is 'to deter unnecessary delays in litigation'". United States v. International Broth. of Teamsters, 948 F.2d 1338, 1345 (2nd Cir. 1991), quoting H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S. Code Cong. & Admin. News, 2716, 2782. Additionally, the Second Circuit has engrafted a bad faith requirement for sanctions to be awarded under the statute[1]. Id. For a moving party to prevail in a motion for sanctions it must prove that the attorney engaged in conduct that "multiplies the proceedings in any case unreasonably and vexatiously", that it was in bad faith and it was done to create an "unnecessary delay in litigation".

---

[1]"Bad faith is the touchstone of an award under this statute." United States v. International Broth. of Teamsters, 948 F.2d 1338, 1345 (2nd Cir. 1991).

2

"When the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay." State of New York v. Operation Rescue Nat'l, 80 F.3d 64, 72 (2d Cir.). Neither the plaintiff nor his attorney has an interest in delaying litigation. Both plaintiff and his counsel are working to vindicate the plaintiff's rights and make the plaintiff whole in the shortest amount of time possible. The defendants have made no showing that the plaintiff or his attorney acted in bad faith. The defendants have failed to carry their burden under 28 U.S.C. § 1927, thus sanctions are not appropriate. Plaintiff's counsel properly filed a Motion for Protective Order prior to the scheduled deposition.

## II. CONCLUSION

Wherefore, the plaintiff respectfully requests that the defendant be denied the costs of filing defendants' motion for sanctions because a Motion for an Extension of Time would have been the appropriate motion for the defendant to file. Furthermore, because the plaintiff filed his opposition to the defendants' motion for summary judgment by April 20, 2004, in accordance with the Court's order, the defendants' request for an order refusing to allow the plaintiff to submit his opposition memorandum to the defendants' motion for summary judgment should be denied. Additionally, the defendants' request for an order of contempt against the plaintiff and the defendant's request for dismissal of the plaintiff's action should be denied.

3

PLAINTIFF, CARMELO GAGLIARDI,

BY:_____
    Erin I. O'Neil
    818 Farmington Avenue
    West Hartford, CT 06119
    Federal Bar #ct 23073
    Tel.: (860)523-4055
    Fax: (860) 233-4215

## **CERTIFICATION**

This is to certify that the foregoing has been sent, postage pre-paid, on May 11, 2004 to all counsel and pro se parties of record:

Attorney Kevin Coles
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06430


J. William Gagne
J. William Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT  06109

Clerk of the District Court
New Haven District Court
141 Church Street
New Haven, CT 06510

_____
Erin O'Neil