UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CARMELO GAGLIARDI,** <br> Plaintiff | CASE NO. 3:02-CV-478 (EBB) |
| V. | |
| **EAST HARTFORD HOUSING AUTHORITY ET AL.,** <br> Defendants | DECEMBER 28, 2004 |

### LOCAL RULE 56(a)l STATEMENT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56(a)l, Defendant Robert Linberk and the American Federation of State, County and Municipal Employees, Local 1303-353, hereby submit the following statement of undisputed material facts in support of their motion for summary judgment.

1. The Plaintiff was hired by the East Hartford Housing Authority in 1978 as a Maintenance Aide. *See* **Exhibit A, Deposition of Carmelo Gagliardi, 12/05/03, pp. 11,18-19,21-22.**

2. The plaintiff has been a member of the Union since he began his employment with the East Hartford Housing Authority. *See* **Exhibit A, p. 30.**

3. The job classification of Maintenance Aide and description included manual work performing a variety of unskilled and semi-skilled tasks, which did not require journeyman's knowledge. *See* **Exhibit A, p. 20.**

4. On or about, June 6, 1989, Plaintiff filed a grievance with the Union because he was denied a promotion from Maintenance Aide to Maintenance Mechanic based on the fact that he did not have an occupational license. *See* **Exhibit C.**

5.      After proceeding through the necessary steps, a hearing was held at the State Labor Board on March 23, 1993. *See* **Exhibit D.**

6. On October 22, 1993 the Labor department issued an arbitration decision in favor of the East Hartford Housing Authority on the issue of the occupational license requirement. *See* **Exhibit D.**

7.      The majority of the arbitration panel held that the Plaintiff was not qualified for the Maintenance Mechanic's position. *See* **Exhibit D, p.2.**

8.      The decision of the arbitration panel was appealed to the Superior Court and upheld. AFSCME, Local 1174. AFL-C1O v. Housing Authority of East Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704770 (November 22, 1996) *See* **Exhibit E.**

9. In 1996, the Plaintiff applied for a promotion from Maintenance Aid to Maintenance Mechanic. *See* **Exhibit B, Deposition of Carmelo Gagliardi, 08/26/04, p. 14.**

10.     The Plaintiff filed a grievance with the Union because he was denied the promotion based on the fact that he did not have an occupational license. *See* **Exhibit B, p. 14.**

11.     The Plaintiff engaged in the steps to a grievance as set forth in the Collective Bargaining Agreement. *See* **Exhibit F, Collective Bargaining Agreement, Article XIV, Grievance Procedure, § 14.0; Exhibit B, pp. 14-15.**

12.     The Plaintiff engaged in the first step of the grievance procedure by meeting with the Maintenance Superintendent, Leo Gagliardi, his brother. *See* **Exhibit B, p. 16.**

13. The grievance was denied. *See* **Exhibit B, p. 16.**

14. Next, the Union representative presented the grievance to Executive Director John D. Roughan, and the Plaintiff became engaged in the second step of the grievance procedure. *See* **Exhibit B, p. 16.**

15. The Union representative was present at the second step meeting. *See* **Exhibit B, p. 16.**

16. The grievance was denied. *See* **Exhibit B, p. 17.**

17. Next, the Union presented the grievance to the Commissioner of the Housing Authority, and the Plaintiff became engaged in the third step. *See* **Exhibit B, p. 17.**

18. The grievance still was not resolved. *See* **Exhibit B, p. 17.**

19. Therefore, Defendant Robert Linberk submitted the grievance to the Connecticut Board of Mediation and Arbitration. *See* **Exhibit B, p. 17-18.**

20. On or about February 19, 1998, the East Hartford Housing Authority filed a complaint with the Connecticut State Board of Labor Relations alleging that the Union violated the relevant provisions of the collective bargaining agreement when it filed a grievance on January 29, 1998 regarding Plaintiffs request for promotion to Maintenance Mechanic. *See* **Exhibits G and H.**

21. On July 7, 1998, the East Hartford Housing Authority and the Union entered a settlement agreement in which the Union agreed to withdraw the grievance filed by the Plaintiff on January 29, 1998, and that it would not file or process any grievance relative to the same issue. *See* **Exhibit I.**

22. On or about October 16, 1998, the East Hartford Housing Authority filed a complaint with the Connecticut State Board of Labor Relations alleging that the Union violated the collective bargaining agreement and a prior settlement agreement when it filed another grievance on October 9, 1998 on behalf of the Plaintiff regarding the issue of promotion to Maintenance Mechanic. *See* **Exhibit J.**

23. On or about August 27, 1999, the East Hartford Housing Authority filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed grievances on June 10, 1999 and July 26,1999. *See* **Exhibit K.**

24. On June 6, 2000, Defendant Robert Linberk, the Plaintiff and Counsel for the Union were present at the Connecticut State Board of Labor Relations regarding a complaint filed by the East Hartford Housing Authority as to the continuous filing of grievances on behalf of the Plaintiff and his denial of promotion. *See* **Affidavit of Robert Linberk.**

25. Attorney J. William Gagne, Jr. met with Robert Linberk, Carmelo Gagliardi and William Kluytenaar prior to the hearing. *See* **Affidavit of Robert Linberk.**

26. Settlement discussions ensued, and a settlement was proposed. *See* **Affidavit of Robert Linberk.**

27. The Plaintiff was told that he could sign the settlement agreement or proceed with the hearing scheduled for 1:30p.m. that same day. *See* **Affidavit of Robert Linberk.**

28. The Plaintiff chose to sign the settlement agreement resolving all grievances filed by him. *See* **Exhibit B, p. 19 and Exhibit L.**

29. AFSCME, Council 4 Local 1303-353 is not listed as a defendant in the caption of the complaint and was never served. *See* **Exhibit M, P and Q.**

30. Counsel for Robert Linberk was informed through the Plaintiffs deposition testimony that the Plaintiff considers the Union a defendant in the instant case. *See* **Exhibit A, p. 41.**

31. Robert Linberk is a Staff Representative for AFSCME, Council 4. *See* **Affidavit of Robert Linberk.**

32. Robert Linberk does not hold an official position with the Union, AFSCME, Council 4, Local 1303-353. *See* **Affidavit of Robert Linberk.**

33. Plaintiff testified at his deposition on August 26, 2004 that the documents he presented to Defendant's counsel consist of all his evidence in support of his allegations in f 56. *See* **Exhibit B, pp. 11-12**

DEFENDANTS, ROBERT LINBERK, AFSCME, COUNCIL 4, LOCAL 1303-353
B
J.^jflliam Gagn£

, Jr.

Law
&
970

'Office of J. Willia/f Ofcgne, Jr. Associates, P.C.
Farmington Avenue, Suite 207
West Hartford, CT 06107 Phone: (860)522-5049 Fax: (860)561-6204 Federal Bar No. ct02126

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed by U.S. Mail, first class, postage prepaid on December 30, 2004 to the following:

James S. Brewer, Esquire Erin O'Neil, Esquire 818 Farmington Avenue West Hartford, CT 06119 (860) 523-4055

Kevin Coles, Esquire Coles, Baldwin & Craft, LLC 1261 Post Road P.O. Box 577 Fairfield, CT 06430 (203)319-0800

J. William Gagne, Jr.