# EXHIBIT B

```
       CARMELO GAGLIARDI, Plaintiff

 1              UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTI
 2
     VS                                    CASE NO.
 3                                         302CV471

 4   EAST HARTFORD HOUSING
     AUTHORITY, AND IN THEIR
 5   INDIVIDUAL AND OFFICIAL
     CAPACITIES, ANDRE DUMAS, JOHN
 6   ROGHN, ROBERT LINDBERK, UNION
     REPRESENTATIVE AND ROBERT
 7   COUNIHAN,
              Defendants
 8                                         AUGUST 26, 2004

 9

10

11          DEPOSITION OF CARMELO GAGLIARDI

12
     A P P E A R A N C E S :
13

14       BREWER & O'NEILL, P.C.
           Attorneys for the Plaintiff
15         818 Farmington Avenue
           West Hartford, Connecticut 06119
16       BY:   ERIN O'NEIL, ESQ.

17

18       COLES, BALDWIN & CRAFT, LLC    Attorneys
           for the Defendants except Robert
19         Lindberk & John Roghn
           1261 Post Road
20         Fairfield, Connecticut 06430
         BY:   KEVIN COLES, ESQ.
21

22

23

24

25
```

```
 1

 2

 3
              GAGNE & 'ASSOCIATES, P.C.
 4             Attorneys for the Defendant
               Robert Lindberk, Individually
 5             and Official Capacity
               1260 Silas Deane Highway
 6          Wethersfield, Connecticut, 06109
            BY:   J. WILLIAM GAGNE, ESQ.
 7



 9

10

11

12
                                     REPORTED BY:
13
                                 GWENDOLYN WILLIAMS

14                       CERTIFIED PROFESSIONAL REPORTER

15

16

17 ,
                       NIZIANKIEWICZ & MILLER
18                       REPORTING SERVICES
                          972 Tolland Street
19              East Hartford, Connecticut 06108
                    Telephone (203) 291-9191

20

21

22

23

24

25
```

```
 1                        CONTINUED DIRECT EXAM
 2               BY MR. GAGNE:                ,
 3                        (Carmelo Gagliardi)
 4             Q.   With regard to your comp
 5      documents are you alleging support
 6                made numerous requests?   -.
 7             (Pause.  Witness hands Attor
 8                        document s . )
 9             MR. GAGNE:   Could we have t
10      guess, Defendant four.  Mark t
11                        whatever.      .
12                     A.   And these are
13        -      (Pause. Witness hands A
14                documents.)  "         .
15          .      (Whereupon the above docu
16      and marked as Defendant Deposit
17      though Ten for Identification,
18                        theCourtReporter
19             Q .  I   have identified for the
20      Exhibits Four through Ten, and tho
21      that you have to support your claim
22      56A of your Complaint alleging fa
23        the Plaintiff's numerous request
24        including several subpoenaed doc
25        2 002 .  Am I correct?              .
```

```
 1                    A.   Yes.
 2                    Q.   Now,, if I show you Defenda
 3     Is that a copy of a grievance tha
 4             ;    (Pause. Witness lookin
^5                    A.   Yes it was.   .        /
 6                    MR. GAGNE:   I get these conf
 7         what you had.  Why don't you
 8                            .  (Pause.)
 9                    Q.   Okay.  And I want to sho
10     Exhibit Five.  Is that also a grie
11          by you?
12                  A.   Yes, it was.        *         '
13                    Q.   Defendant Six.  Is that a
14             filed by you?        . "    •  .
15          .    . MR. COLES:   May I see t
16                            at Bill?
17                    A.   Yes.
18             Q.   Defendant Seven.  Is that
19             you filed? ""  '              .
20                    A.   Yes, it was
21             Q.   And now on that grievance,
22                  says signature of emp
23             .  .  :    Is that your signatur
24             A.   You mean on top?           :
25                    Q.   On the bottom where it sa
```

8

```
 1  employee?
 2  A.   Yes.
 3  Q.   That is your signature.  Would you also look
 4  at Six.  Is that also 'your''signature?
 5  A.   Yes.  That is my signature on all.
 6  Q.   On all these exhibits we have just reviewed?
 7  A.'  Right.
 8  Q.   Okay.  Now Defendant Exhibit Eight, is that
 9  your grievance and also your signature on the document?
10  A.   Yes, it is.
11  Q.   How about Defendant Exhibit Nine, is that
12  your grievance?
13  A.   Yes, it is.
14  Q.   Is that your signature there too?
15  A.   Yes.
16  Q.   And then Defendant Exhibit Ten is, let's see,
17  it looks like it's a one, two, three, is that a three
18  page document?
19  MS. O'NEILL:  Question was is it a three
20  page document?
21  Q.   Yeah.  Is that a three page document?  You
22  agree it's a three page document?  That is what I am
23  asking you first.
24  A.   Well I just want to just see.
25             (Pause. Witness looking at document.)
```

11

1  everything?
2  A.    I would believe, I would say I believe that,
3  you know, my Attorney turned over everything to you.
4  But I believe there is more evidence and the Union has
5  it.
6  Q.    Well okay, but this covers all of the
7  evidence?
8  A.    Between Union and the Housing Authority.
9  Q.    But this is all the evidence that you have,
10 oral or written, concerning your allegation in 56A; is
11 that correct?
12 A.    I believe, yes.
13 Q.    All right.  Now, there is a second packet
14 that your Attorney gave to me in response to your
15 allegation in 56B.
16 MR. GAGNE:    Could we have these marked.
17 (Whereupon the above documents were received
18 and marked as Defendant Deposition Exhibits Eleven
19 through Fourteen for Identification, as of this
20 date by the Court Reporter.)
21 Q.    So, Defendant Exhibits Eleven through - -
22 Fourteen are the documents that you say reflect your
23 allegation in paragraph 56B concerning failure to file
24 grievances on the Plaintiff's behalf for the denial of
25 promotion to maintenance mechanic in 1966.  Am I

12

1        correct?
2            A.   Yes.
3            Q.   All right.
4        MR. COLES:  1966?
5            A.   1996.
6            Q.   1996.
7        MR. GAGNE:  Now for purposes
8    Defendant Exhibit Eleven is a mu
9    we should mark these Eleven A th
10       C, D.  Off the record.
11                              (Pause.
12       MR. GAGNE:  Back on
13
14            CONTINUED DIRECT EXAMINATION
15                    BY MR. GAGNE:
16           (CarmeloGagliardi)
17           Q.   Carmelo, I had marked your
18   Eleven A through S.  Now, could y
19   these documents it demonstrates t
20   to file a grievance for you in your
21           to maintenance mechanic i
22           A.   I can't show you on here,
23,  believe, it's on here.
24           Q.   So, those documents don't
25   that demonstrates that the Unio

13

1      grievance for you in 1996 concer
2      promotion to maintenance
3         A.'   Right .        . • '•
4         '.-'-.  Q .    Okay.  -
5         A.    This is 1999 .'
6         Q.    Right.  And then in Exhi
7      Twelve-A through Q, could you tel
8      documents there's evidence to sup
9      the Union failed to file a grieva
10     concerning your denial of your promo
11        mechanic ?         "
12        A.    These are all the same thing
13        Q.-   So there are none there?
14        A. .- - No .        .    .
15        Q.    And then in document thirt
16     tell me if those support your cla
17     that the Union failed to file a g
18             1996?              ..
19        .   A.   This is eighty--
20             Q.'   So--
21        A.   So, it's imposs
22     .   Q. . Now, could you tell me sp
23     you have any othe.r evidence, eit
24     testimony that would support your
25        failed to file a grievance for

```
 1  denial of promotion to maintenance mechanic in 1996?
 2  A.   Other than Mike Sieman he wrote it up.
 3  Q.   Who is Mike Sieman?
 4  A.   He was the President, I believe at the time,
 5  of the Union.
 6  Q.   And he wrote what up?
 7  A.    He wrote the grievance up.
 8  Q.   So, in 1996 did you apply for the position of
 9  maintenance mechanic?
10  A.   Yes, I did Bill.
11  Q.   And what job were you holding at that time?
12  A.   Maintenance aide.
13  Q.   And, was the position posted?
14  A.   Yes, it was posted.  And it was just posted
15  that they needed, they wanted somebody.  It never said
16  nothing with a license or anything.  It was just
17  posted.
18  Q.   Did you file a grievance over that?
19  A.   Yes .
20  Q.   And who did you file it with?
21  A.    I filed it with the Union.
22  Q.   Who was the President then?
23  A.    I believe it was Mike Sieman.
24  Q.   Now, under the grievance procedure the
25  collective bargaining agreement, there are steps to a
```

15

```
 1  grievance.  Do you recall that?
 2  A.   Right.
 3  Q.   There's step one, it says between the Union
 4  representative, the aggrieved party, and the
 5  maintenance superintendent.  That's the first step of
 6  the grievance procedure?
 7  A.   Right.
 8  Q.   And, who was your Union representative at
 9  that time?  Was it Mr. Who was the fellow you just
10  mentioned?
11  A.   Mike Sieman.
12  Q.   Sieman.  Yeah.
13  When you say you filed a grievance, did you
14  file a grievance similar, for example, to a document
15  similar to Defendant Exhibit Fourteen?
16  A.   Right.
17  Q.   And you filed it out like it was on Defendant
18  Exhibit Fourteen?
19  A.   Yes.
20  Q.   Did you sign it?
21  A.   Yes.
22  Q.   You gave it to Mr. Sieman?
23  A.   I believe it was Mr. Sieman.  Whoever was the
24  President or whoever was the steward.  It could have
25  been Jimmy Jackson.  I don't recall.  But I thought you
```

```
 1                                    k n o w - -
 2              Q.   And, did you go to the
 3              A.   Right.
 4              Q.   -- of the grievance proce
 5                   A.   Right.
 6         Q.   And you met with-- Do yo
 7         with?  Who would have been the
 8              A.   It would have been Leo
 9         brother.
10              Q. - Okay.
11                   A.   And it was deni
12         Q.   Now then, there is the se
13         grievance procedure where
14              A.   The Executive Di
15              Q.   Let me. just se
16                                   (Pause
17              Q.   Right.  The Executi
18              Did you have a second st
19         grievance that you f
20         A.   I believe that we did.
21         Q.   And who was the Executive
22              A. .   11 was John D . Rougha
23         Q•   ~And, was the Union represen
24    that second step?
25                   A.   Yes .
```

17

1  Q.    Was it Mr. Sieman?

2  A.    If it-- whoever it was.

3  Q.    They were there?

4  A.    They were there.

5  Q.    Did they deny the grievance?

6  A.    Yes.

7  Q.    Now did the Union, did you appeal the

8  grievance to the next step, which would have been

9  before the Commissioner of the Housing Authority?

10 A.    Yeah.  Paid the twenty five dollars.  You

11 have to pay a fee of twenty five dollars.

12 Q.    Now, wait a minute now.  There's a step to,

13 is that present the grievance to the Commissioners of

14 the Housing Authority.  Did you do that?

15 A.    Yes.  Went to third step.

16 Q.    Okay.  And did the Commissioners grant your

17 grievance or deny it?

18 A.    You know Billy, I honestly don't know.  But

19 there will be tapes of that.

20 Q.    Okay.  And then the next step if the

21 grievance is not resolved, it's submitted to

22 arbitration.  Am I correct?

23 .  A.  Or the mediator.  And then it goes to

24 arbitration.

25 Q.    Okay.  Do you recall if that grievance that

```
 1              you filed concerning the denial o
 2              position of maintenance mechani
 3              mediation?  Do you reme
 4         .'- A. ' Yes . ' -. .;. •' ' .'. : • ' .•'.. ••/
 5              Q.   Were you able to resolve
 6                       A.    NO.
 7              Qr  And then, it if it's not
 8              that either party may submit the
 9              Connecticut Board of Mediation an
10              correct?            .
11                       A.    Correct.
12              ',Q.  And do you know, did the
13              grievance to arbitra
14         A.   Bob Linberk said that he
15              Q.   Now, did the .Union ever
16              submitting it to arbitration, it w
17              Connecticut Board of Mediation and
18         A.   Right.        '
19         .  Q.   Did you ever have a griev
20              that grievance?
21                       A.   Never had a hea
22         . Q.  Do you know if you entered
23              agreement that resolved many of the
24              had?  Do you recall?
25                       A.   No, i t never did.
```

```
                              . ' . ' ' . ' .

 1                      Q.   Well, there's a document h
 2         show you this document that you sig
 3             year 2000.  .Okay.  See that do
 4                      A.' , Yeah . • ' '       '
 5                 Q.   That says it resolves all gr
 6                      filed.  Am I correct?
 7                             A.    Yeah.
 8             .   Q.   All right. Now, that's
 9         claim you were pressured into sig
10                    A,   But this here was aft
11                 Q.   But that was after the gr
12                referred to in 56B, the g
13                      A.    No.  Not in 56.
14             ..Q.   The grievance that you fi
15             identified as going to arbitra
16             identified the grievance or te
17         grievance that you filed concernin
18         promotion to maintenance mechanic
19                arbitration?
20                             A.   Yes .
21                     .   Q.   Am I correct?
22                             A.   Right.
23          ' Q.   All right. And then you
24         this document that we had marked as
25             Two on June 6, 2000; am I correct?
```

23

1  STATE OF CONNECTICUT    :    .
                                  ss.
2  COUNTY OF HARTFORD    :    :    .

3

4  .  I, Gwendolyn Williams a Notary Public for the
5  State of Connecticut, do hereby certify that the
6  deposition of CARMELO GAGLIARDI, a plaintiff, was taken
7  before me pursuant to Federal Rules of Civil Procedure,
8  at the law offices of J. William Gagne, 1260 Silas
9  Deane Highway, Hartford, Connecticut, commencing at
10 10:10 a.m., August 26, 2004.
11 I further certify that the deponent was first
12 sworn by me to tell the truth, the whole truth, and
13 nothing but the truth, and was examined by counsel, and
14 his testimony stenographically reported by me and
15 subsequently transcribed as herebefore appears.
16 I further certify that I am not related to the
17 parties hereto or their counsel, and that I am not in
18 any way interested in the event of said cause.
19 .."Dated at Hartford, Connecticut, this 10th day of
20 October, 2004.         "

                                        GWENDOLYN WILLIAMS
                                        Notary Public