# EXHIBIT D

CCt^NECTICOT STATE BOARD-OF MEDIATION AND ARBITRATION
LABOR DEPARTMENT

200 FOLLY BROOK BOULEVARD
3FIELD,.CONNECTICUT 06109

DATE: October 22, 1993

T R A N S M I T T A L   M E M O R A N D U M

* * * * * * * * * * * * * * *

| In the matter of: | Material Transmitted: |
|---|---|
| Bousing Authority of East Hartford<br>    -and— AFSCME Council 4,<br>Local 1174 | Arbitration Award |
| Case No. 8990-A-998<br>COPIES SENT TO THE FOLLOWING: | Ralph T. Alexander, Esq.<br>Charles Lombard, Staff Rep.<br>Arbitration Panel<br>Town Clerk's Office**<br>File          -<br>; ' " : ' |

** This decision is filed with you'in accordance with Section 31-98, Chapter 560 of the Connecticut General Statutes.   • • •  "  • •

ml



In the matter of;
    AND -

                                     Case No.: 8990-A-998 Award

                                     Date: October 22. 1QP3

COTOCXL4, LOCAL 1174  Hearing Dates: March 23, 1993 Location of

                              Hearing:

                                     Department of Labor
                                     Wethersfield, CT

APPEARANCES:

                       T. Alexander, ard,

                           ISSUE

   parties could not   agree to

Did the Authority violate

   Car$_{nelo}$, agliardi ,,,

                                                      in June

CASE NO. 8990-A-998_____;_____PAGE 2

RELEVANT AGREEMENT PROVISIONS

Article VI - SENIORITY

Section 4.3A - When a vacancy exists or a new position is created the employee with the highest seniority shall be given the first opportunity to fill the position provided he is qualified.

STATEMENT OF CASE AND DISCUSSION

This case is before the arbitration panel as a result of the denial of a grievance filed by the grievant, Carrael^ Gagliardi, a Maintenance Aide who was not advanced to the position of Maintenance Mechanic in June of 1989. Testimony at the hearing revealed that the grievant had considerable experience having worked as an Aide for 15 years, had performed some of the tasks of a Maintenance Mechanic (hereinafter "MM"), was an employee with a good work record, and was the roost senior person looking for the promotion. The Union claims that the grievant was certainly "qualified" as Section 4.3 requires and that he was unfairly denied the promotion. It is the Authority's position that the grievant was not qualified for the position of MM because he did not possess the training and experience for the job or a license for a B-4 heating mechanic or its equivalent.

It is a finding of a majority of this panel that the grievance be denied since the grievant was not qualified pursuant to Section ...4.3 of the Agreement. At the hearing, Leo Gagliardi testified concerning the B-4 heating requirement for the MM position which started in 1977 and became a nandatory job qualification in 1981. When Mr. Gagliardi interviewed the jrievant for the MM position, he did not promote him because of the frievants lack of experience as well as his lack of a license. Mr. agliardi testified that although the grievant had performed many MM tasks

CASE NO.  8990-A-998                                   :            PAGE  3  .

during his tenure with the Authority, .he did not do so -on a regular basis, and the grievant was not qualified for the job since he did not have a B-4 license or. the training and experience that was required by the job    • ' " description.  The Authority presented a number of other witnesses who confirmed that the grievant 'either did MM worJc occasionally or not at all prior to 1989.  Given this credible testimony from ni^merous witnesses, the majority of this panel concludes that the grievant did not have the practical-experience which would qualify hin; for the promotion.

As for the licensing requirement, a majority of the panel is not convinced by the arguments that *(1) it* should be ignored since it was added in 1981 and that (2) licenses are exempt under Connecticut General Statutes Section -20-340.  As for the first point, the majority of this panel agrees with the position of Mr. Walter Dudek in a factually similar case that since the language of the Agreement is silent as to what ."qualifies" someone for the MM position, "it is the prerogative of the Authority to determine the qualifications neces.sary for the positions covered by the Agreement", one such reasonable qualification being a Class B-4 heating license.  (See <u>Housing Authority for East Hartford and AFSCME^ Council 4, Local 1174,</u> Case No 8586-A-668).  Nor does a majority of this -

panel find Connecticut General Statutes Section  20-340 relevant to the instant case since that statute deals with unlicensed workers of governmental entities working on non-residential buildings and property, 'he instant case involves primarily multi-family residential 'property, hose -heating systems heat dwellings'where hundreds of family units made p of the elderly as well as low to moderate income families live.  The Mthority's requirement that MM-workers have the license serves not to

CASE NO. 8990-A-QQp

PAGE

avoid liability from the Authority's residents.

state f

who reslde

the          AWARD

' The Authority did not vi

promote

.rievant Car^elo

Mechanic in

Ca_gii_ardi to

of

grievance ls denied> ,

_.__ -^.nxa^-rJ-CUT STATE BOA OF
<u>MEDIATION AND ARBITRATION</u>

By:

Laurie G. (-...ka.il ^_JH^q.
Panel r-Chairperson

Lucien Baldwin
Management Member

n Colangelo
Union Member
(Dissenting' opinion attached)

.the matter of
Authority of
-and-

AFSQ4E,         4, focal 1174

had revested, on

though the grievant was
junior employee.                    PSCS on he was           over by a

Article IV, Seniority, Section
or . new given

                                                tttth
                or is is
SenlOT    qualified, etc."

the hearing ^ Union the
grievant tes md Mechanic.   These

witnesses                              "» Wort »* • Maintenance

<u>Case No.   8990-A-998</u>         --             Page 2

The East Hartford Housing Authority has maintained a position that a B4 'license is *a* requirement of the position of Maintenance Mechanic and 'therefore the grievant is- not qualified for that position.   However, the panel will see that (1) this requirement was added to the job description, by the Housing Authority, on or about April 15, 1981 (see H.A. #1) and (2) licenses .are exempt under chapter 393, Section 20-340 regarding Electricians, Plumbers, Heating, Piping and Coding Contractors and Journeymen, Elevator and .Fire Protection Sprinkler Craftsmen (see Union Exhibit #5).

It must be noted that the irrpact of this change in the job description was <u>never</u> negotiated with the Union.

However, Union Exhibit #5, Section 20-340, clearly shows that licenses ace. exempt and therefore the panel cannot give any weight to the Housing Authority's "license required" argument.

The Union showed, clearly, .that he was and is qualified for the position of Maintenance Mechanic and that his grievance should be sustained by this panel.

Respectfully submitted,

John CoTangelo   <T