# EXHIBIT H

STATE OF CONNECTICUT
LABOR DEPARTMENT

CONNECTICUT STATE BOARD OF LABOR RELATIONS

In the matter of:

East Hartford Housing Authority

(Complainant)

-and-

AFSCSME, Council 4
Local 1303-353

(Respondent)

'Address of Respondent: 444 East Main Street. New Britain. CT 06051

## COMPLAINT

Pursuant to Section 7-471(5) of Municipal Employee Relations Act the undersigned alleges that the above-named Respondent has engaged in and is engaging in prohibited practices within the meaning of Section 7-470 of said Act, in that: (please provide a clear and concise description of the acts which are claimed to constitute prohibited practices including an enumeration of the subdivisions of Section 7-470 claimed to have been^violated and a statement of the relief to which the Complainant deems himself entitled. Failure to provide such specificity may result in the complaint being relumed without investigation.)

1. That, at all times relevant hereto, the Respondent was an employee organization as defined under Chapter 113 of the Connecticut General Statutes. That, at all times relevant hereto, the Complainant was a municipal employer as defined under Chapter 113 of the Connecticut General Statutes.

2. That, on or about January 29, 1998, the Respondent, acting through its President, filed a grievance on behalf of one of its members, Carmello Gagliardi, which stated that "[he] wants to be promoted to Maintenance Mechanic". Part of the qualifications for advancement to this position is the requirement that the applicant have the requisite skill and possess occupational licensing. The Complainant has the authority to make up job descriptions and the qualifications therefore, for all bargaining unit positions, under the Management Rights provisions of the collective bargaining unit agreement between the parties. The validity of the licensing requirement of the job qualifications for the position in question, were upheld by the State Board of Mediation and Arbitration in a prior grievance arbitration involving this grievant, at which time the Arbitration Panel also found that said grievant did not have the requisite training and experience and also did not have a license, as required by the job description. The arbitration decision was upheld by the Superior Court of the State of Connecticut, on appeal.

3. The Respondent, by now bringing this grievance, is in violation of the relavant provisions of the collective bargaining agreement, the relevant provisions of Sections 7-467 through 7-477 of the Connecticut General Statutes, as well as being contrary to the decision of the State Board of Mediation and Arbitration and the Superior Court for the State of Connecticut

REMEDY SOUGHT:

As a remedy, Complainant seeks comprehensive statutory remedy including but not limited to an order to cause Respondent to:

1. Cease and desist.

2. Reimburse Complainant for all its costs and expenses incurred in these proceedings including but not limited to counsel fees, salaries, witness fees, transcript costs, travel expenses and other reasonable costs and expenses.

Subscribed and sworn to before me
this 19th day of February, 1998.

*[signature]*
Notary Public
Justice of the Peace
Commissioner of Superior Court

EAST HARTFORD HOUSING AUTHORITY
Complainant

*[signature]*
John B. Roughan, Executive Director

Address: 546 Bumside AV
East Hartford. CT 06108

Telephone No.:(860t 290-8301

## CERTIFICATION OF SERVICE

1 hereby certify that, pursuant to Section 7-471-20 of the Connecticut General Regulations, a copy of the foregoing was mailed to the Respondent by registered or certified mail.

*[signature]*

Ralph J./liexadder, Legal-Counsel for Complainant