# EXHIBIT J

STATE OF CONNECTICUT
LABOR DEPARTMENT

CONNECTICUT STATE BOARD OF LABOR RELATIONS

In the matter of:

East Hartford Housing Authority
(Complainant)

-and-

AFSCSME, Council 4 Local 1303-353
(Respondent)

Address of Respondent: 444 East Main Street New Britain. CT 06051

COMPLAINT

Pursuant to Section 7-471(5) of Municipal Employee Relations Act the undersigned alleges that the above-named Respondent has engaged in and is engaging in prohibited practices within the meaning of Section 7-470 of said Act, in that: (please provide a clear and concise description of the acts which are claimed to constitute prohibited practices including an enumeration of the subdivisions of Section 7-470 claimed to have been violated and a statement of the relief to which the Complainant deems himself entitled. Failure to provide such specificity may result in the complaint being returned without investigation.)

1. That, at all times relevant hereto, the Respondent was an employee organization as defined under Chapter 113 of the Connecticut General Statutes. That, at all times relevant hereto, the Complainant was a municipal employer as defined under Chapter 113 of the Connecticut General Statutes.

2. That, on or about October 9, 1998, the Respondent, acting through its President, filed a grievance on behalf of one of its members, Carmello Gagliardi, which stated that "[he] wants to be promoted to Mechanic". Part of the qualifications for advancement to this position is the requirement that the applicant have the requisite skill, and possess occupational licensing. The validity of the licensing requirement of the job Qualifications for the position in Question, were upheld by the State Board of Mediation and Arbitration hi a prior grievance arbiiration involving this grievant, which also determined that said grievant did not have the requisite training and experience required by the job description, said arbitration decision having been upheld by the Superior Court on appeal. Furthermore on July 7, 1998, the Respondent entered into an agreement in settlement of MEPP-19,797 wherein it agreed that it would not process or file any further grievance on this issue. (Refer to attached copy of agreement)

3. . The Respondent, by now bringing this grievance, is in violation of the collective bargaining agreement, the relevant provisions of Sections 7-467 through 7-477 of the Connecticut General Statutes, as well as being contrary to the decision of the State Board of Mediation and Arbitration and the Superior Court for the State of Connecticut and in direct violation of the specific terms of the settlement agreement for MEPP-19,797.

REMEDY SOUGHT:

As a remedy, Complainant seeks comprehensive statutory remedy including but not limited to an order to cause Respondent to:

1. Cease and desist.

and expenses incurred in these proceedings including but not limited to counsel fees, salaries, expenses and other reasonable costs and expenses.

EAST HARTFORD HOUSING AUTHORITY Complainant

Notary Public
Justice of we Peace
Commissioner of Superior CouA

t B. Roughan, ExecuriytfT>jjrcctor

CERTIFICATION OF SERVICE

I hereby certify that, pursuant to Section 7-471-20 of the Connecticut General Regulations, a copy of the foregoing was mailed) to the Respondent by registered or certified mail.

Ralph J. Ale/anderxCegal Ci ounsel for Complainant
ss: 546 Burnside Avenue East Hartford. CT 06108 Telephone No.:('860)290-830/