# EXHIBIT K

In the matter of:

East Hartford Housing Authority
                                (Complainant)         CASE NO. MEPP-21,082
      -and-

AFSCSME, Council 4 Local
1303-353                       (Respondent),,

Address of Respondent: 444 East Main Street. New Britain. CT 06051

## COMPLAINT

Pursuant to Section 7-471(5) of Municipal Employee Relations Act the undersigned alleges that the above-named Respondent has engaged in and is engaging in prohibited practices within the meaning of Section 7-470 of said Act, in that:

1. At all times relevant hereto, the Respondent was an employee organization as defined under Chapter 113 of the Connecticut General Statutes. That, at all times relevant hereto, the Complainant was a municipal employer as defined under Chapter 113 of the Connecticut General Statutes.

2. On or about June 10,1999 and July 26,1999 the Respondent, acting through its President, filed grievances on behalf of one of its members, Carmello Gagliardi, which grieved the failure to promote and/or failure to provide an opportunity for that individual to apply for promotion to the "mechanic" position within the collective bargaining unit. Part of the qualifications for advancement to this position is the requirement that the applicant have the requisite skill and possess occupational licensing. This gricvant has repeatedly contested these qualifications, but the validity of the licensing requirement for advancement to the said "mechanic" position, has been upheld by the State Board of Mediation and Arbitration in a prior grievance arbitration proceedings involving this gricvant, wherein it was also determined that the said grievant did not have the requisite training and experience required by the job description including the requisite occupational licensing. Said arbitration award was upheld by the Superior Court on appeal by the Respondent. The violations referred to herein are especially egregious because, on July 7,1998, the Respondent entered into an agreement in settlement of MEPP-19,797 wherein it agreed that it would not process or file any further grievances on this issue. The violations cited herein arc even more egregious because there is presently pending another MEPP (i.e. MEPP 20,358) wherein the Respondent is charged with violating the Jury 7,1998 settlement agreement, on October 9,1998, and for which the parties are presently in the course of preparing another settlement agreement which is to provide for specific sanctions in the event of further violations of the July 7,1998 agreement.

3. The Respondent, by now bringing these grievances, is in violation of the collective bargaining agreement, the relevant provisions of Sections 7-467 through 7-477 of the Connecticut General Statutes, as well as being contrary to the decision of the State Board of Mediation and Arbitration and the Superior Court for the State of Connecticut, and is in direct violation of the specific terms of the July 7,1998 settlement agreement relating to MEPP-19,797.

REMEDY SOUGHT:

As a remedy, Complainant seeks comprehensive statutory remedy including but not limited to an order to cause Respondent to:

1. Cease and desist.

2. Reimburse Complainant for all its costs and expenses incurred in these proceedings including but not limited to counsel fees, salaries, witness fees, transcript costs, travel expenses and other reasonable costs and expenses.

3. To cause the Respondent to be subject to sanctions for deliberate and repeated violations of the July 7,1998 settlement agreement in MEPP 19,797.

Subscribed and sworn to before me
this 27th day of August, 199

JuslksrDf iTiu Puicc    I  •
Commissioner of Superior Court--

EAST HARTFORD HOUSING AUTHORITY
Complainant

John B. Roughan, Executive Director

Address: 546 Bumside Avent
East Hartford. CT 06108
Telephone No.:(860) 290-8301

## CERTIFICATION OF SERVICE

I hereby (      fpursu ["or   Lion 7-471-20 of the Connecticut General Regulations, a copy of theftfregoingVas mailed to the
Respondent by regisj   certifjljl mail.

RECEfVED
JM88J
DOT Of LABOR
CONN STATE IABOR
MAtlCnS BOARD

Ralph J^le^anderTtSgal Counsel ToTC"omplainant