# EXHIBIT Q

AO 440 (Rev. 10^3) Summons in a Civil Action

# United States. District *Court*

DISTRICT OF
" CONNECTICUT"

CARMELO GAGLIARDI,

       Plaintiff

       **v.**

EAST HARTFORD HOUSING AUTHORITY,
and in their individual and official capacities,
ANDRE DUMAS, JOHN ROGHN, ROBERT
LINDBERK, UNION REPRESENTATIVE and
ROBERT COUNIHAN,

       Defendants

SUMMONS IN A CIVIL CASE

CASE NUMBER:

## 302CV47



I Ol   (Name and address of defendant)

Robert Lindberk, Business Agent (official capacity)
East Hartford Housing Authority 546 Burnside
Avenue East Hartford, CT 06108

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

      James S. Brewer, Attorney at Law
      818 Farmington Avenue West
      Hartford, CT 06119

                                             days after
an answer to the complaint which is herewith served upon you, within      20 
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment   by default will be taken against
you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

**CLERK**

                   MAR 19-2002
                    'DATE

True Copy
ATTEST:
   KEF/IN F. BCJW1

**(BY/DEPUTY CLERK)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARMELO GAGLIARDI,                                    CIVIL ACTION NO.
                    PLAINTIFF
vs.                                                   02CV47

THE EAST HARTFORD HOUSING
AUTHORITY, and in their individual official
capacities ANDRE DUMAS, JOHN
ROGHN, ROBERT COUNIHAN and
ROBERT LINDBERK,
                    DEFENDANTS.                       MARCH 19, 2002

## COMPLAINT

### I.    PRELIMINARY STATEMENT

This action is brought by plaintiff against defendants, who acting under color of state and

federal law, charter, ordinance, regulation, custom or usage, have unlawfully violated plaintiffs

constitutional rights to free speech and due process. The plaintiff further brings this action under the

Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq., (hereinafter sometimes

referred to as the "ADEA"), and Connecticut General Statutes ("CHFA.") 46a-58, 46a-60 et. seq,

Connecticut General Statutes §31-290a as well as the state common law.

### II.    NATURE OF ACTION

This action arises under Title 42 U.S.C. §1983; the First and Fourteenth Amendments to

the United States Constitution; the ADEA, the CHFA, Connecticut General Statutes §31-290a

and state common law claims of breach of fair duty of representation and intentional infliction of

emotional distress.    .

III.    <u>JURISDICTION</u>

This court's jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, § 1343, § 1657, §2201 and § 2202; and the aforementioned constitutional provisions. Plaintiff further invokes Title 28 U.S.C. § 1367, the pendent jurisdiction of this court to hear and decide claims of intentional infliction of emotional distress arising under state law. The amount in controversy exceeds Fifteen Thousand Dollars ($15,000.00), excluding interests and costs.

IV.    <u>CAUSES **OF ACTION**</u>

**FIRST COUNT**        <u>**Violation of 42 U.S.C. § 1983; First Amendment Retaliation as to**</u>

<u>**the Housing Authority, Roughn, Dumas, and Counihan**</u>

1.    During all times material to this complaint, the plaintiff, CARMEN GAGLIARDI, was a citizen of the United States, and resident of the State of Connecticut.

2.    During all times material to this complaint, the defendant, JOHN ROUGHN, ("Roughn"), was the executive director of the East Hartford Housing Authority, and is sued in his official and individual capacity.

3.    During all times material to this complaint, the defendant, ANDRE DUMAS, ("Dumas"), was the Manager of Buildings, Grounds and Facilities of the East Hartford Housing Authority, and is sued in his official and individual capacity.

4.    During all times material to this complaint, the defendant, ROBERT COUNIHAN ("Counihan"), was the Acting Director of the East Hartford Housing Authority, and is sued in his official and individual capacity.

5.    The plaintiff was hired by the defendant, the East Hartford Housing Authority in 1978 as a Maintenance Aid.

6.    The plaintiff was the steward for AFSCME, Council 4, Local 1174 from 1998 to 2000.

7.    The plaintiff became the Local 303-353 Union president in 2000.

8.    The defendant, Roughn, refused to meet with the plaintiff and retaliated against the plaintiff because he was the Union president.

9.    When the plaintiff was hired, licensure was not a prerequisite to promotion to Maintenance Mechanic.

10.    A B-4 license became a job requirement of Maintenance Mechanic in 1981. This job description change was not negotiated by the Union.

11.    Connecticut General Statutes § 20-340 exempts licensure requirements from electricians, plumbers, heating, piping and coding contractors and Journeymen, and Elevator and Fire Protection Sprinkler Craftsmen.

12.    The job postings for the Maintenance Mechanic position includes the following requirement: "Possession of a valid, current, occupational license issued by the State of Connecticut. The required occupational license shall be at least equivalent to the full journeyman level status for a specific required discipline."

13.    The plaintiff has requested to be promoted to Maintenance Mechanic at least eleven times since 1989 and has been denied.

14.    The plaintiff has consistently been denied a promotion despite being the most senior employee.

15.    The plaintiff performs the duties of the Maintenance Mechanics but has not been promoted to the position and is not paid the salary of the Maintenance Mechanic.

16.    The plaintiff performs, and has performed the duties of Maintenance Mechanic during regular hours as well as during "on-call" hours, since 1989.

17.    In 1996, a Maintenance Supervisor position became available and the plaintiff applied for

the position along with two other individuals, Micke Seamon and Al Gerner.

18.    Of the three candidates, the plaintiff had the most experience, twenty years. Mike

Seamon had fifteen years experience and Al Gerner had five'years of experience.

19.    The plaintiff was denied the position.

20.    A second position for Maintenance Supervisor was filled by an outside individual and the

plaintiff was never given the opportunity to apply for the job.

21.    In 1997, a position for Maintenance Mechanic was filled by an outside individual. The

position was never posted and the plaintiff was never given the opportunity to apply for the

job.

22.    The position was filled by an individual who did not have a B-4 license for the

Maintenance Supervisor position.

23.    In 1998, a position for Maintenance Mechanic was filled by an outside individual. The

position never received notice of the position because he was on vacation and the plaintiff

was never given the opportunity to apply for the job.

24.    The defendants have given promotions to other individuals although they hold licenses that

do not govern the jobs that they perform, as follows:

    (a)    Bill Hebert has a plumbing license but performs work on boilers;

    (b)    Jim Lawrence had an electrical license but works on boilers;

    (c)    Dave performs heating work but does not have a heating license.

25.    In 1985, the plaintiff was injured while working and received workers' compensation.

26.    In 1993, the plaintiff was charged with sick time for the 1985 injury even though he was still

eligible for workers'compensation.

27.    The plaintiff tried to have his sick time reinstated between 1994 and 1999 through

numerous hearings but it was not restored.

28.    In 1996, the plaintiff appealed a 1993 Arbitration Award but was not successful.

29.    The plaintiff was retaliated against for appealing the 1993 Arbitration Award.

30.    The plaintiff has filed numerous grievances against the defendants for the denial of his promotion to Maintenance Mechanic.

31.    The plaintiff filed at least thirty-five grievances against the Housing Authority as the Union President.

32.    The plaintiff was retaliated against by the defendants for his membership with the Union.

33.    The plaintiff was retaliated against by the defendants for the grievances he filed against the Housing Authority, including:

(a)    On February 19, 1998, Roughan filed a complaint with the Connecticut State Board of Labor Relations against the plaintiff, for the plaintiffs filing of a grievance on January 29, 1998;

(b)    On October 16, 1998, Roughan filed a complaint with the Connecticut State Board of Labor Relations against the plaintiff, for the plaintiffs filing of a grievance on October 9, 1998;

(c)    On August 27, 1999, Roughan filed a complaint with the Connecticut State Board of Labor Relations against the plaintiff, for the plaintiff s filing of a grievance on June 10, 1999 and July 26, 1999; and

(d)    On November 1, 2001, Counihan filed a complaint with the Connecticut State Board of Labor Relations against the plaintiff, for the plaintiffs filing of a grievance on October 10, 2001.

34.    In January 2000, the plaintiff notified the defendant Andre Dumas, that a sprinkler pipe

had frozen and that Dumas needed to call someone to repair it. Dumas responded that

hopefully nothing would happen. The frozen pipe broke costing the Housing Department

$20,000.

35.    During all times relevant to this complaint, as more particularly described above, the

individual defendants violated plaintiffs constitutional rights by carrying out a pattern of

outrageous conduct including the retaliation.

36.    Defendants' actions constituted retaliation and harassment of the plaintiff in violation of the

First Amendment

37.    The defendants' actions abridged rights to free speech secured to the plaintiff by the First

Amendment to the United States Constitution.

38.    The defendants retaliated against plaintiff for speaking out on a matters of public

importance, specifically the filing of grievances against his employer and for his tenure as the

Union president.

39.    The defendants' actions were willful, intentional and done in spite of their actual

knowledge or reckless disregard of plaintiff s constitutional rights.

40.    By reason of defendants' illegal conduct, plaintiffs career has been irreparably harmed.

41.    The plaintiff has suffered severe mental and emotional harm and distress and other

physical injuries.

42.    The actions of the defendants were and are extreme and outrageous, shocking to the

sensibilities of any reasonable person and will continue unabated unless strictly

prohibited by the court.

43.    The defendants' actions are in violation of the aforementioned constitutional and statutory

provisions and entitle the Plaintiff to immediate injunctive relief pursuant to the

aforementioned jurisdictional statutes and constitutional protection.

44.    The Plaintiff has been forced by the defendants' actions to undergo the expense of

employing counsel to vindicate his constitutional and other civil rights.

45.    The Defendants are not privileged in their actions by either qualified or absolute

immunity.                                                                        -

46.    As a result of the violation of the plaintiffs civil rights, as aforesaid, he was caused to suffer

the following injuries, some or all of which are likely to be permanent in nature: loss of

wages, and future lost wages and benefits, and dignity.

SECOND COUNT: <u>Violation of 42 U.S.C. § 1983; Fourteenth Amendment Right to Due
Process and Property as to the Housing Authority, Dumas, Counihan,
and Roughan</u>

1.    Paragraphs 1 through 46 of the First Count, inclusive, are incorporated as paragraphs 1

through 46, inclusive, of this Second Count, as if herein set forth in their entirety.

47.    During all times relevant to this complaint, the defendants violated plaintiffs

constitutional rights by depriving him of liberty without due process of law by carrying out a

pattern of outrageous conduct including:

(a) Creating a job qualification for the Maintenance Mechanic position and enforcing

the qualification as to the plaintiff, but not enforcing the qualification as to other

employees;

(b) Denying the plaintiff a promotion based on the selectively enforced

qualification; and

(c) Refusing to promote the plaintiff to Maintenance Mechanic but expecting the

plaintiff to perform the duties of the Maintenance Mechanic,

48.    During all times relevant to this complaint, plaintiff was deprived of a fair and

meaningful opportunity to be heard.

49.     The defendants, each and all of them, failed to secure to the plaintiff, unlawfully

deprived the plaintiff, or caused the plaintiff to be unlawfully deprived of rights secured to

him by the United States Constitution pursuant Title 42 U.S.C. § 1983, et seq. by their

promotion and acquiescence of the aforementioned activities.

50.     The actions of the defendants were and are extreme and outrageous, shocking to the

sensibilities of any reasonable person and will continue unabated unless strictly

prohibited by the court.

51.     The defendants' actions are in violation of the aforementioned constitutional and statutoiy

provisions and entitle the Plaintiff to immediate injunctive relief pursuant to the

aforementioned jurisdictional statutes and constitutional protection.

52.     As a result of the violation of the plaintiffs civil rights, as aforesaid, he was caused to

suffer the following injuries, some or all of which are likely to be permanent in nature:

Loss of wages, and future lost wages and benefits, and dignity.

**THIRD COUNT:     Breach of Duty of Fair Representation as to Union**

1-52. Paragraphs 1 through 52 of the Second Count are herein incorporated as Paragraphs 1

through 52 of this the Third Count.

53.     The Defendant, the UNION-Local 1303-353, ("Union") is the collective bargaining

representative of East Hartford employees.

54.     During all times material to this complaint, the defendant, ROBERT LINDBERK,

("Lindberk") was the business agent for the union, and is sued in his official and

individual capacity.

54.     The Defendant Union has a duty to represent all of its members equally without

discrimination.                                                •

55.    The Defendant Union has taken no actions to protect the rights of the Plaintiff.

56.    The Union Defendants, as representative for the Plaintiff, breached their duty of fair

representation of the Plaintiff by failing to take action against the Housing Authority on

behalf of the plaintiff, including:

(a) Failing to respond to the plaintiffs numerous requests for information including

several subpoenaed documents;

(b) Failing to file grievances on the plaintiffs behalf for the denial of promotion to

Maintenance Mechanic; and

(c) Pressuring the plaintiff to sign a settlement agreement with the Housing Authority,

withdrawing all of the grievances filed on behalf of the plaintiff involving the plaintiffs

claim that he should have been promoted.

57.    The acts of Union Defendants as set forth herein have deprived Plaintiff of rights afforded

him by the personnel rules and the collective bargaining agreement between the Housing

Authority and the Union.

**FOURTH COUNT: <u>Violation of ADEA</u>**

1.    Paragraphs 1 through 57 of the Third Count are herein incorporated as Paragraphs 1

through 57 of the Third Count.

58.    At all relevant times, the Housing Authority was an   "employer" as defined by the ADEA

and thus covered by and subject to the provisions of the ADEA.

59.    The plaintiff was hired by the defendant, the East Hartford Housing Authority in 1978 as

a Maintenance Aid.   ' _ - ' ' • - , . • • ' .                    .' • .

60.    The plaintiff is sixty years old.

61.    The defendants refuse to promote the plaintiff to the position of Maintenance Mechanic because of his age, in violation of the ADEA.

62.    The defendants have promoted younger employees with less seniority to the position of Maintenance Mechanic.

63.    Although aware of these violations, the defendants permitted and approved of the above referenced age discrimination.

64.    The Housing Authority is responsible and liable as an employer for the actions of its subordinate officers toward the plaintiff for one or more of the following reasons:

a.    John Roughan and Robert Counihan wer the executive directors of the Housing Authority with real and apparent authority to make personnel decisions. Roughan and Counihan were "employers" within the meaning of Section 701 and Section 703 of Title VII (42 U.S.C.A. 2000e and 2000e-2).

b.    The defendants were aware of or should have been aware of the conduct toward plaintiff. With this knowledge defendants failed to take prompt and effective remedial action to prohibit the misconduct of it's supervisor. By this failure defendant accepted and ratified the actions of its officers toward plaintiff.

c.    Plaintiff has satisfied all of the procedural and administrative requirements set forth in the ADEA in particular:

1.    Plaintiff filed a timely written charge of retaliation and violation of the ADEA with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), and Connecticut Commission on Human Rights and Opportunities ("CHRO") on ;        .        July 12,2001.

2.      Plaintiff received a "Notice of Right to Sue" from the EEOC on

January 25, 2002.     •  '

^3.      Plaintiff received a "Release to Sue" from the CHRO on January

10,2002.                                    ,

65.     The proper venue of this action is in this court as plaintiff was working in this State and

District at the time of the illegal treatment.

66.     Plaintiff has suffered and will continue to suffer irreparable injury caused by defendant's

illegal conduct.

**FIFTH COUNT:**      **(CHFA VIOLATION)** 1-66.   Paragraphs 1-66 of the Fourth Count are

incorporated herein and made paragraphs 1-66

of this Count.

67.     Plaintiff invokes this Court's jurisdiction pursuant to Rule 18(a) of the Federal Rules of

Civil Procedure to hear and adjudicate claims arising out of the transactions set forth above

that violate rights and duties established by the common law of the State of Connecticut.

68.     Conn. Gen. Stat. §46a-60(a)(l) prohibits discrimination based upon age and disability and/or

perceived disability.

69.     Defendant Transport terminated plaintiff in part due to his age and his disability and/or

perceived disability.

70.     The defendants refuse to promote the plaintiff to Maintenance Mechanic in part because of

his shoulder injury and because of his age, 60 years old.

71.     The termination of plaintiff therefore violated Conn. Gen. Stat. §46a-60(a)(l).

**SIXTH COUNT (Violation of Conn. Gen. Stat. S31-290a)**

1.    Paragraphs 1-71  of the First Count are incorporated herein and made paragraphs 1-71 of this Count.   ,

72.    Plaintiff invokes this Court's jurisdiction pursuant to Rule 18(a) of the Federal Rules of Civil Procedure to hear and adjudicate claims arising out of the transactions set forth above that violate rights and duties established by the common law of the State of Connecticut.                                                 .

73.    In 1985, the plaintiff suffered a compensable injury which is covered by the Connecticut Workers Compensation Act.

74.    Conn. Gen. Stat. §3 l-290a prohibits discrimination against an employee who is injured on the job.

75.    The Housing Authority refuses to promote the plaintiff to Maintenance Mechanic in retaliation for his workers compensation injury.

76.    The defendants charged the plaintiff forty-five sick days for his injury that was covered by workers compensation in retaliation for his compensable injury.

77.    As a direct result of defendant Transport's violation of Conn. Gen. Stat. §3 l-290a, plaintiff has lost income and will lose income in the future.

78.    As a direct result of defendant Transport's violation of Conn. Gen. Stat. §3 l-290a, plaintiff has suffered emotional harm, including loss of self esteem and has had difficulty sleeping.                                                 .

79.    The acts and conduct of defendant Transport were intentional and willful and plaintiff is thereby entitled to punitive damages under the provisions of Conn. Gen. Stat. §31-290a.

**SEVENTH COUNT:**          <u>**Intentional Infliction of Emotional Distress as to all Individual**</u>
<u>**Defendants**</u>

1-79.   Paragraphs 1 through 79 of this Complaint, inclusive, are incorporated as paragraphs 1 through 79, inclusive, of this Count, as if herein set forth in their entirety.

80.   The defendants, each and all of them, intended to inflict severe emotional distress upon the plaintiff, and knew or should have known at all times that their acts or omissions as alleged herein would result in severe emotional distress to the plaintiff.

81.   The acts and omissions of the defendants, each and all of them, were extreme and outrageous.

82.   As a direct and proximate result of said acts or omissions, the plaintiff suffered severe emotional distress.

83.   Plaintiff claims damages.

WHEREFORE, plaintiff prays for the following:

a.    Defendants be permanently enjoined from discriminating against plaintiff on any basis forbidden by the ADEA and the aforementioned Connecticut Statutes.

b.    Defendants be ordered to promote the plaintiff into the position of Maintenance Mechanic, with full salary, seniority and benefits running from that date and future lost wages.

c.    Defendants be enjoined from harassing or intimidating plaintiff on the basis of age.

d.    Plaintiff prays for an award of actual damages for lost wages.

e.    Plaintiff prays for an award to compensate him for the pain and suffering and for the humiliation and emotional distress caused by defendant's unlawful treatment.

f.    Plaintiff prays for an award of punitive damages in accordance with the ADEA

g.    The court grant such additional equitable and legal relief as is proper and just.

h.    Plaintiff prays that the court award plaintiff costs and expenses of this action and award plaintiff reasonable attorney's fees as provided in the ADEA and CHFA.

i. Plaintiff prays that the court award punitive damages, compensatory damages, and attorney fees for violation of Conn. Gen. Stat. §31-290a.

j.    Plaintiff demands a trial by jury.

THE PLAINTIFF

BY: *fu*
    JaWes S. Brewer, Esq. 8/J/8
        Farmington Avenue
        /est Hartford, CT 06119
        ^(860)523-4055 Federal Bar #ct
        07019    '