UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI, | : | CIVIL ACTION NO. |
|       Plaintiff, | : | 3:02CV478 (EBB) |
| vs. | : | |
| | : | |
| THE EAST HARTFORD HOUSING | : | |
| AUTHORITY, and in their individual | : | |
| official capacities ANDRE DUMAS, JOHN | : | |
| ROGHN, ROBERT COUNIHAN, | : | |
| JEFF ARNS, TERRY MADIGAN and | : | |
| ROBERT LINDBERK, | : | |
|       Defendants. | : | FEBRUARY 18, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO UNION DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I.   **INTRODUCTION**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(a), the plaintiff hereby files this opposition to the union defendants' Motion for Summary Judgment. The Union defendants move for Summary Judgment on the Third and Eighth Counts of the plaintiff's complaint. The defendants are not entitled to summary judgment as a matter of law because the plaintiff has been successful in presenting genuine issues of material facts as to whether the Union agent, Robert Lindberk, breached his duty of fair representation.

1

II.   **FACTUAL BACKGROUND**

Carmelo Gagliardi ("Gagliardi" or "Plaintiff") has brought suit against the East Hartford Housing Authority ("EHHA"), Andre Dumas ("Dumas"), Manager of Buildings, Grounds and Facilities of the East Hartford Housing Authority, Robert Counihan ("Counihan"), Acting Director of the East Hartford Housing Authority, Terry Madigan ("Madigan"), director of the East Hartford Housing Authority, Jeffrey Arn ("Arn"), supervisor at the East Hartford Housing Authority, John Roghn ("Roghn"), the executive director of the East Hartford Housing Authority, and Robert Lindberk ("Lindberk") .

The Plaintiff began working for the East Hartford Housing Authority in 1978 as a Maintenance Aid.  Plaintiff became the steward for AFSCME, Council 4, Local 1174 in 1998 and held that position until 2000.   In 2000, he became Union President.  Since 1989 the plaintiff has requested a promoted to Maintenance Mechanic at least eleven times– with all requests being denied.    The plaintiff has consistently been denied a promotion despite being the most senior employee.   Despite his employer's failure to promote him, Plaintiff has been performing the duties of Maintenance Mechanic since 1989.   As Maintenance Mechanic positions have opened less senior employees have been given the position.   Defendant, UNION-Local 1303-353, ("Union" or "Union Defendant") is the collective bargaining representative of East Hartford employees. Lindberk

was the business agent for the union, and is sued in his official and individual capacity. The Defendant Union has a duty to represent all of its members equally without discrimination.

Robert Linberk, as the Union's Business Agent and the union representative for the Plaintiff, breached his duty of fair representation of the Plaintiff by failing to take action against the Housing Authority on behalf of the plaintiff, and not acting on the plaintiff's behalf, specifically:(1) creating a conflict of interest between the Union member's interest and the Management's interest. (Plaintiff's Statement of Material Facts In Dispute, ¶¶1, 8, 16); (2) Coercing the plaintiff to withdraw grievances that had been filed against the Housing Authority and withdrawing a complaint made against Lindberk himself based upon misrepresentations made by Lindberk (Plaintiff's Statement of Material Facts In Dispute, ¶¶ 2, 3, 4, 5, 6, ); (3) Not properly representing the interests of the plaintiff at arbitration hearings and in negotiations (Plaintiff's Statement of Material Facts In Dispute, ¶¶13, 14), refusing to file grievances on the plaintiff's behalf and refusing to pursue the plaintiff's grievances passed the Second Step. (Plaintiff's Statement of Material Facts In Dispute, ¶¶ 7, 9, 16); (3) Refusing to provide the plaintiff with information the plaintiff requested of Management through Lindberk to the plaintiff's detriment. (Plaintiff's Statement of Material Facts In Dispute, ¶¶ 10, 11, 12, 15).

### III. LAW AND ARGUMENT

### A. STANDARD FOR SUMMARY JUDGMENT

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56(c), F.R.C.P.; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202, 217 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact...." <u>Miner v. Gen. Falls,</u> 999 F.2d 655, 661 (2d Cir. 1993)(citation omitted). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Aldrich v. Randolph Cent. Sch. Dist.</u>, 963 F.2d 520, 523 (2d Cir. 1992). After discovery, if the nonmoving party "has failed to make sufficient showing on an essential element of his case with respect to which he has the burden of proof," then summary judgment is appropriate. <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265, 273 (1986). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." <u>Aldrich</u>, 963 F.2d at 523. Thus "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." <u>Bryant v. Maffucci</u>, 923 F.2d 979,

982 (2d Cir.) cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d. 117 (1991). See also, Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

**B.    THE PLAINTIFF MAINTAINS A CAUSE OF ACTION FOR BREACH OF THE DUTY OF FAIR REPRESENTATION.**

The plaintiff has established issues of material fact as to whether Lindberk acted in bad faith and in an arbitrary manner. Further, the plaintiff's cause of action is not time barred.

**(1)    Lindberk Acted in Bad Faith in Failing to Pursue the Grievances Filed By the Plaintiff and Acted in a Decietful Manner Toward the Plaintiff.**

"A union must represent its members in good faith. This duty of fair representation derives from the union's status as the sole bargaining representative for its members. As such, the union has the exclusive right and obligation to act for its members and to represent their interests. (internal citations and quotations omitted). Labbe v. Hartford Pension Comm'n, 239 Conn. 168, 193 (1996). "Because the individual members are thereby deprived of the opportunity to represent themselves or to select a minority union, this duty of fair representation is a necessary bulwark to prevent arbitrary union conduct." (internal citations and quotations omitted). Id.

Connecticut General Statutes § 7-468(d) provides: "When an employee organization has been designated in accordance with the provisions of

5

sections 7-467 to 7-477, inclusive, as the exclusive representative of employees in an appropriate unit, *it shall have a duty of fair representation to the members of that unit.*" (Emphasis added.) Connecticut General Statute § 7-470(b) provides in relevant part: "Employee organizations or their agents are prohibited from: ... (3) breaching their duty of fair representation pursuant to section 7-468 ..." (Emphasis added.)1

"The duty of fair representation requires the union to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion in complete good faith and honesty, and to avoid arbitrary

---

1 General Statutes §7-470, provides: (a) Municipal employers or their representatives or agents are prohibited from: (1) Interfering, restraining or coercing employees in the exercise of the rights guaranteed in section 7-468; (2) dominating or interfering with the formation, existence or administration of any employee organization; (3) discharging or otherwise discriminating against an employee because he has signed or filed any affidavit, petition or complaint or given any information or testimony under sections 7-467 to 7-477, inclusive; (4) refusing to bargain collectively in good faith with an employee organization which has been designated in accordance with the provisions of said sections as the exclusive representative of employees in an appropriate unit; (5) refusing to discuss grievances with the representatives of an employee organization designated as the exclusive representative in an appropriate unit in accordance with the provisions of said sections; (6) refusing to comply with a grievance settlement, or arbitration settlement, or a valid award or decision of an arbitration panel or arbitrator rendered in accordance with the provisions of section 7-472. (b) Employee organizations or their agents are prohibited from: (1) Restraining or coercing (A) employees in the exercise of the rights guaranteed in subsection (a) of section 7-468, and (B) a municipal employer in the selection of his representative for purposes of collective bargaining or the adjustment of grievances; (2) refusing to bargain collectively in good faith with a municipal employer, if it has been designated in accordance with the provisions of sections 7-467 to 7-477, inclusive, as the exclusive representative of employees in an appropriate unit; (3) breaching their duty of fair representation pursuant to section 7-468; (4) refusing to comply with a grievance settlement, or arbitration settlement, or a valid award or decision of an arbitration panel or arbitrator rendered in accordance with the provisions of section 7-472.

conduct. A union breaches this duty if it acts arbitrarily, discriminatorily or in bad faith." (internal citations and quotations omitted). <u>Labbe</u>, supra, 239 Conn. at 194.

"[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational. Furthermore, a union's actions are in bad faith if the union acts fraudulently or deceitfully; or does not act to further the best interests of its members. (internal citations and quotations omitted). <u>Id</u>. at 195.

The Union has duty of fair representation whereby it must serve interests of all members of bargaining unit, and it breaches this duty if its conduct toward employee is arbitrary, discriminatory, or in bad faith. National Labor Relations Act, § 8(b)(1)(A), as amended, 29 U.S.C.A. § 158(b). <u>Mohat v. N.L.R.B.</u>, 1 Fed. Appx. 258, 166 L.R.R.M. (BNA) 2256 (6th Cir. 2001).

For purposes of a breach of the duty of fair representation claim, each of the union's wrongs in that its actions or omissions during the grievance process were arbitrary, discriminatory, or in bad faith is mutually independent, meaning that the three named factors are three separate and distinct possible routes by

which a union may be found to have breached its duty. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185. Garrison v. Cassens Transport Co.,

In Bazarte v. United Transp. , (1969, DC Pa) 305 F Supp 443, the court denied the union's motions attacking the court's directed damage verdict, and held that the jury could properly have concluded that the union breached its duty to fairly and properly represent the plaintiff union member in the prosecution of his grievance, on the following grounds: (1) his union representative failed to adequately and fully prepare a proper defense for the member at the railroad hearing, (2) the union representative failed to advise him of the steps necessary to appeal his discharge to the officials in the department in which he was employed, (3) the same representative failed to bring all the relevant facts to the attention of other officers of the union, (4) other members of the union breached the responsibility of their office by not becoming fully acquainted with all the relevant facts of the case, (5) the union lulled the member into a false sense of euphoria by not advising him that they were ceasing their efforts on his behalf, and (6) the decision of the union officers not to fight for the member's job was based on an irrelevant consideration, the question of his dual employment, since he had not been charged with a violation of the company's rules in that regard nor found guilty of such a

violation.

In Thompson v Brotherhood of Sleeping Car Porters, (1963, CA4 SC) 316 F2d 191, a damage suit against a union for failing to represent one of its members properly in processing and securing his seniority rights, the court recognized that the union's good faith was a relevant factor, and that the employee would be entitled to relief if he could show that he received different or substantially substandard representation by the union because of some improper reason and that this treatment caused him injury. See Harrison v United Transportation Union, (CA4 Va) 530 F2d 558, cert den 425 US 958, 48 L Ed 2d 203, 96 S Ct 1739, § 7[a].

In Thompson v International Asso. of Machinists, (1966, DC VA) 258 F. Supp. 235, where the plaintiff brought suit against a union for not making adequate preparation in connection with an arbitration hearing on an employee's grievance and failing to give the employee notice thereof, the court, although recognizing that unions must be accorded broad discretion in handling individual grievances, pointed out that the unions are not entitled to absolute immunity, that they owe a duty of fair representation, and that they become liable in damages for breaching this duty.

The actions of Lindberk are actionable in that he acted arbitratily and he

proved substantially substandard representation to the plaintiff out of an improper motive and reason which caused the plaintiff' injury, specifically: (1) creating a conflict of interest between the Union member's interest and the Management's interest. (Plaintiff's Statement of Material Facts In Dispute, ¶¶1, 8, 16); (2) Coercing the plaintiff to withdraw grievances that had been filed against the Housing Authority and withdrawing a complaint made against Lindberk himself based upon misrepresentations made by Lindberk (Plaintiff's Statement of Material Facts In Dispute, ¶¶ 2, 3, 4, 5, 6, ); (3) Not properly representing the interests of the plaintiff at arbitration hearings and in negotiations (Plaintiff's Statement of Material Facts In Dispute, ¶¶13, 14), refusing to file grievances on the plaintiff's behalf and refusing to pursue the plaintiff's grievances passed the Second Step. (Plaintiff's Statement of Material Facts In Dispute, ¶¶ 7, 9, 16); (3) Refusing to provide the plaintiff with information the plaintiff requested of Management through Lindberk to the plaintiff's detriment. (Plaintiff's Statement of Material Facts In Dispute, ¶¶ 10, 11, 12, 15).

     Linberk's conduct toward the plaintiff is similar to the conduct of the union in <u>Bazarte v. United Transp</u>, supra (1969, DC Pa) 305 F Supp 443, and his conduct is actionable as he has breached his duty of fair representation of the plaintiff based upon an improper motive. Therefore, Lindberks' Motion for Summary Judgment should be denied.

**(2)   The Plaintiff's Claim For Breach Of Duty Of Fair Representation Are Timely And Not Barred By The Statutes Of Limitation Of Six Months.**

The plaintiff's actions that give rise to his complaint fall within the six months that the Federal courts have applied to these cases involving an employee bringing suit against a union or union representative. Del Costello v. International Brotherhood of Teamsters, Chauffers, etc., (1981), DC Md) 510 F. supp 716.  In November, 2000, the plaintiff filed a complaint against Lindberk with the Department of Labor in order to exhaust his administrative remedies prior to filing the present suit. Plaintiff's Statement of Material Facts In Dispute, ¶ 3.  The plaintiff alleges conduct on the part of Lindberk that falls into that six month period prior to that filing, specifically: The dates of the plaintiff's claims include:  February, 2001, March 13, 2001, 2002 , at which time the plaintiff had already filed the complaint against Lindberk which encompassed similar allegations. Plaintiff's Statement of Material Facts In Dispute, ¶¶ 7, 10, 14.

The plaintiff also claim incidents that took place in June, 2000, August, 2000,  November, 2000,  and continuously while the plaintiff was the Union

11

President, which fall within the 6 month time period. Plaintiff's Statement of Material Facts In Dispute, ¶¶ 3, 8, 11, 12, 15.

These dates fall within the six month period prior to the plaintiff filing his complaint against Lindberk as well as the six month interval prior to filing the present action. Therefore, the plaintiff's claims are not barred by the Statutes of Limitation and therefore the defendant's Motion for Summary Judgment should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment against Count Three should be denied. The plaintiff withdraws his claim for Intentional Infliction of Emotional Distress against the Union defendant, Lindberk.

                                CARMELO GAGLIARDI,
                                 THE PLAINTIFF


                                BY: _____
                                    Erin O'Neil
                                    41-A New London Turnpike
                                    Glastonbury, CT 06033
                                    Fed. ct#: 23073
                                    (860) 466-4278
                                    (f) (860) 466-4279
                                    erinoneilbaker@hotmail.com

CERTIFICATION

      This hereby certifies that a copy of the foregoing has been forwarded on February 18, 2005 of record:

Kevin Coles, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road
P.O. Box 577
Fairfield, CT 06430

J. William Gagne, Esq.
J. William Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT  06109

Clerk
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

                                                  _____

                                                Erin I. O'Neil-Baker