UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV478 (EBB) |
| vs. | : | |
| | : | |
| THE EAST HARTFORD HOUSING | : | |
| AUTHORITY, and in their individual | : | |
| official capacities ANDRE DUMAS, JOHN | : | |
| ROGHN, ROBERT COUNIHAN, | : | |
| JEFF ARNS, TERRY MADIGAN and | : | |
| ROBERT LINDBERK, | : | |
| Defendants. | : | FEBRUARY 18, 2005 |

**PLAINTIFF'S LOCAL RULE 56 a (2) STATEMENT IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a)2, the plaintiff, hereby submits the following statement of undisputed material facts in opposition the union defendant's motion for summary judgment.

I. The Plaintiff was hired by the East Hartford Housing Authority in 1978 as a Maintenance Aide. *See Exhibit A, Deposition of Carmelo Gagliardi, 12/05/03,* pp. 11,18-19,21-22.

**ADMIT.**

2. The plaintiff has been a member of the Union since he began his employment with the East Hartford Housing Authority. *See Exhibit A, p. 30.*

**ADMIT.**

1

3. The job classification of Maintenance Aide and description included manual work performing a variety of unskilled and semi-skilled tasks, which did not require journeyman's knowledge. *See* Exhibit A, p. 20.

**ADMIT.**

4. On or about, June 6,1989, Plaintiff filed a grievance with the Union because he was denied a promotion from Maintenance Aide to Maintenance Mechanic based on the fact that he did not have an occupational license. *See* Exhibit C.

**ADMIT**, **in part, in that the plaintiff was denied the promotion and admit that the plaintiff filed a grievance.**

5. After proceeding through the necessary steps, a hearing was held at the State Labor Board on March 23,1993. *See* Exhibit D.

**ADMIT.**

6. On October 22, 1993 the Labor department issued an arbitration decision in favor of the East Hartford Housing Authority on the issue of the occupational license requirement. *See* Exhibit D.

**ADMIT.**

7. The majority of the arbitration panel held that the Plaintiff was not qualified for the Maintenance Mechanic's position. *See* Exhibit D, p.2.

**ADMIT.**

8. The decision of the arbitration panel was appealed to the Superior Court and upheld. <u>AFSCME Local 1174 AFL-CIO v. Housing Authority of East Hartford,</u> Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704770 (November 22, 1996) *See* Exhibit E.

**ADMIT.**

9. In 1996, the Plaintiff applied for a promotion from Maintenance Aid to Maintenance Mechanic. *See* Exhibit B, Deposition of Carmelo Gagliardi, 08/26/04, p.14.

**ADMIT.**

10. The Plaintiff filed a grievance with the Union because he was denied the promotion based on the fact that he did not have an occupational license. *See* Exhibit B, p.14.

**ADMIT**, **in part, in that the plaintiff filed a grievance.**

11. The Plaintiff engaged in the steps to a grievance as set forth in the Collective Bargaining Agreement. *See* Exhibit F, Collective Bargaining Agreement, Article XIV, Grievance Procedure, § 14.0; Exhibit B, pp. 14-15.

**ADMIT.**

12. The Plaintiff engaged in the first step of the grievance procedure by meeting with the Maintenance Superintendent, Leo Gagliardi, his brother. *See* Exhibit B, p.16.

**ADMIT.**

13. The grievance was denied. *See* Exhibit B, p. 16.

**ADMIT.**

14. Next, the Union representative presented the grievance to Executive Director John D. Roughan, and the Plaintiff became engaged in the second step of the grievance procedure. *See* Exhibit B, p. 16.

**ADMIT.**

15. The Union representative was present at the second step meeting. *See* Exhibit B, p. 16.

**ADMIT.**

16. The grievance was denied. *See* Exhibit B, p.17.

**ADMIT.**

17. Next, the Union presented the grievance to the Commissioner of the Housing Authority, and the Plaintiff became engaged in the third step. *See* Exhibit B, p.17.

**ADMIT.**

18. The grievance still was not resolved. *See* Exhibit B, p.17.

**ADMIT.**

19. Therefore, Defendant Robert Linberk submitted the grievance to the Connecticut Board of Mediation and Arbitration. *See* Exhibit B, p.17-l8.

**ADMIT.**

20. On or about February 19, 1998, the East Hartford Housing Authority filed a complaint with the Connecticut State Board of Labor Relations alleging that the Union violated the relevant provisions of the collective bargaining agreement when it filed a grievance on January 29,1998 regarding Plaintiff's request for promotion to Maintenance Mechanic. *See* Exhibits G and H.

**ADMIT.**

21. On July 7,1998, the East Hartford Housing Authority and the Union entered a settlement agreement in which the Union agreed to withdraw the grievance filed by the Plaintiff on January 29, 1998, and that it would not file or process any grievance relative to the same issue. *See* Exhibit I.

**ADMIT.**

22. On or about October 16, 1998, the East Hartford Housing Authority filed a complaint with the Connecticut State Board of Labor Relations alleging that the Union violated the collective bargaining agreement and a prior settlement agreement when it filed another grievance on October 9, 1998 on behalf of the Plaintiff regarding the issue of promotion to Maintenance Mechanic. *See* Exhibit J.

**ADMIT.**

23. On or about August 27, 1999, the East Hartford Housing Authority filed a complaint with the Connecticut State Board of Labor Relations alleging that the union violated the collective bargaining agreement and settlement agreement when it filed grievances on June 10, 1999 and July 26, 1999. *See* Exhibit K.

**ADMIT.**

24. On June 6, 2000, Defendant Robert Linberk, the Plaintiff and Counsel for the Union were present at the Connecticut State Board of Labor Relations regarding a complaint filed by the East Hartford Housing Authority as to the continuous filing of grievances on behalf of the Plaintiff and his denial of promotion. *See* Affidavit of Robert Linberk.

**ADMIT.**

25. Attorney J. William Gagne, Jr. met with Robert Linberk, Carmelo Gagliardi and William Kluytenaar prior to the hearing. *See* Affidavit of Robert Linberk.

**ADMIT.**

26. Settlement discussions ensued, and a settlement was proposed. *See* Affidavit of Robert Linberk.

**ADMIT.**

27. The Plaintiff was told that he could sign the settlement agreement or proceed with the hearing scheduled for 1:30p.m. that same day. *See* Affidavit of Robert Linberk.

**ADMIT.**

28. The Plaintiff chose to sign the settlement agreement resolving all grievances filed by him. *See* Exhibit B, p. 19 and Exhibit L.

**DENY, that the plaintiff chose to sign the agreement, the plaintiff testified that he was forced to sign the agreement by Lindberk and was threatened that if he did not sign the agreement the union members and future Union President's would suffer. Plaintiff's Deposition dated February 3, 2004, p. 76, line 12 through p. 77, line 22.**

7

29. AFSCME, Council 4 Local 1303-353 is not listed as a defendant in the caption of the complaint and was never served. *See* Exhibit M, P and Q.

**ADMIT.**

30. Counsel for Robert Linberk was informed through the Plaintiff's deposition testimony that the Plaintiff considers the Union a defendant in the instant case. *See* Exhibit A, p. 41.

**ADMIT.**

31. Robert Linberk is a Staff Representative for AFSCME, Council 4. *See* Affidavit of Robert Linberk.

**ADMIT.**

32. Robert Linberk does not hold an official position with the Union, AFSCME, Council 4, Local 1303-353. *See* Affidavit of Robert Linberk.

**DENY, Lindberk is the Business Agent of the Union and represents the members of the union and the interests of the union, including at arbitration hearings and in contract negotiations. See Defendant's Statement ¶24: "On June 6, 2000, Defendant Robert Linberk, the Plaintiff and Counsel forthe Union were present at the Connecticut State Board of Labor Relations regarding a complaint filed by the East Hartford Housing Authority as to the continuous filing of grievances on behalf of the Plaintiff and his denial of promotion."; Plaintiff's Deposition dated February 3, 2004, p. 93, lines 7-24 through p. 94, lines 1-10.**

8

33. Plaintiff testified at his deposition on August 26, 2004 that the documents he presented to Defendant's counsel consist of all his evidence in support of his allegations in '56. *See* Exhibit B, pp.ll-12.

**ADMIT, that the plaintiff testified that the documents presented to him at the deposition by Attorney Gagne were supportive of his claims against the union, however, those documents are not the only documents that are supportive of his claims.**

## PLAINTIFF'S MATERIAL FACTS IN DISPUTE

1. Lindberk worked against the plaintiff with the Housing Authority Supervisor, John Rohgn. Plaintiff Deposition dated 3/29/04, p. 151, lines 13-15 to 152, lines 1-18.

2. Lindberk coerced the plaintiff into withdrawing grievances that were to be heard by the Labor Department. Plaintiff's deposition dated 3/29/04, p. 221, lines 8-20.

3. In November, 2000, the plaintiff filed a complaint against Lindberk with the Department of Labor. Plaintiff's Affidavit, ¶14, Exhibit 1, 2.

4. The plaintiff went to the hearing at the Department of Labor, Lindberk convinced the plaintiff to withdraw the complaint against Lindberk with promises that Lindberk would "take care" of all of the plaintiff's

9

issues. Plaintiff's Affidavit, ¶15-16, Exhibit 2.

5. Lindberk did not resolve the issues as Lindberk had promised. Plaintiff's Affidavit, ¶17.

6. The issues that plaintiff had raised in his complaint against Lindberk are still pending. Plaintiff's Affidavit, ¶18.

7. On March 13, 2001, the plaintiff was denied a grievance at the Arbitration level after Lindberk had failed to file a brief on the plaintiff's behalf. Exhibit 3, p. 3.

8. While the plaintiff was the President of the Union, in 2000, Lindberk and the plaintiff negotiated a new collective bargaining agreement and agreed to the terms of the new bargaining agreement. The new agreement was to be presented to the union for a vote by Lindberk, but Lindberk did not do that as he was required to but waited until the plaintiff was no longer the Union President so that Lindberk. Plaintiff's affidavit, ¶19; Plaintiff's Deposition dated February 3, 2004, p. 93, lines 7-24 through p. 94, lines 1-10.

9. The plaintiff attempted to file a grievance regarding the Authority's use of cell phones on the basis that the Authority's policies were in contravention of the Collective Bargaining Agreement, but Lindberk did not file a grievance on behalf of the plaintiff. Plaintiff's affidavit, ¶20.

10. On February 6, 2001, the plaintiff requested Lindberk to provide specific documents as well as an audio tape which Lindberk did not provide to the plaintiff as requested. Exhibit 4, Plaintiff's affidavit, ¶21.

11. On February 28, 2000, the plaintiff requested that Lindberk provide the plaintiff with faxes from the answering service, but Lindberk did not provide such documents to the plaintiff and did not file a request with the Freedom of Information as requested by the plaintiff. Exhibit 5, Plaintiff' Affidavit, ¶22.

12. On August 1, 2000, the plaintiff requested that Lindberk provide the plaintiff with copies of all of the occupational licenses held by the mechanics, these were not provided to the plaintiff by Lindberk. Exhibit 6, Plaintiff' Affidavit, ¶23.

13. Lindberk did not fight to protect the rights of the plaintiff when negotiating the job description of the Maitennace Mechanic's position. Plaintiff's Deposition dated 3/29/04, p. 133, lines 23- 24.

14. In 2002, the plaintiff filed a grievance after Mike Seamon gave the plaintiff written discipline for going to the Credit Union, the discipline was untimely and Lindberk said he would argue that issue, but at the hearing at the Department of Labor Lindberk never argued the plaintiff's position and the plaintiff lost the grievance.  Plaintiff' Affidavit, ¶24.

15. In November 2000, the plaintiff asked Lindberk for the disposition of  a

11

grievance that the plaintiff had filed in May, 1999, but Lindberk never notified the plaintiff whether it had been won or lost and the plaintiff was unable to file a timely appeal when he found out that he had lost the grievance. Plaintiff's Deposition dated May 6, 2004, p. 362, line 23 to p. 364, line 13.

16. When Housing Authority defendant, Rohgn was the Director, he consistently denied the plaintiff's grievances at the Second Step level because Lindberk would not represent the plaintiff at the Second Step because Lindberk and Roghn were friendly and had a social personal relationship. Plaintiff's Deposition dated February 3, 2004, p. 86, line 13 through p. 89, line 8.; Plaintiff's Deposition dated May 6, 2004, pp. 307, line 8 through p. 310, line 25.

          CARMELO GAGLIARDI,
          THE PLAINTIFF

BY: _____
       Erin O'Neil
       41-A New London Turnpike
       Glastonbury, CT 06033
       Fed. ct#: 23073
       (860) 466-4278
       (f) (860) 466-4279
       erinoneilbaker@hotmail.com

<u>CERTIFICATION</u>

This hereby certifies that a copy of the foregoing has been forwarded on February 18, 2005 of record:

Kevin Coles, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road
P.O. Box 577
Fairfield, CT 06430

J. William Gagne, Esq.
J. William Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT  06109

Clerk
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

_____
Erin I. O'Neil-Baker