UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMELO GAGLIARDI, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:02CV478 (EBB) |
| vs. | : | |
| | : | |
| THE EAST HARTFORD HOUSING | : | |
| AUTHORITY, and in their individual | : | |
| official capacities ANDRE DUMAS, JOHN | : | |
| ROGHN, ROBERT COUNIHAN, | : | |
| JEFF ARNS, TERRY MADIGAN and | : | |
| ROBERT LINDBERK, | : | |
|     Defendants. | : | February 11, 2005 |

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF LOCAL RULE 56(a)2 STATEMENT**

**State of Connecticut)**
                         )    ss:    GLASTONBURY, FEBRUARY 11TH, 2005.
**County of Hartford  )**

I, Carmelo Gagliardi, being duly sworn, hereby depose and state, upon knowledge, information and belief that:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am a member of UNION-Local 1303-353 ("union").

3. I began working for the East Hartford Housing Authority in 1978 as a Maintenance Aid.

4. I became the steward for AFSCME, Council 4, Local 1174 in 1998 and held that position until 2000.

1

5. In 2000, I became the Union President.

6. Since 1989, I have requested to be promoted to Maintenance Mechanic at least eleven times– with all requests being denied.

7. I have consistently been denied a promotion despite being the most senior employee.

8. UNION-Local 1303-353, is the collective bargaining representative of East Hartford employees.

9. Robert Lindberk is the business agent for the union.

10. In 2000 and 2001 Plaintiff filed at least thirty-five grievances against the Housing Authority in his capacity as Union President.

11. The Union, specifically, Lindberk has not taken action on numerous grievances to protect my rights.

12. Lindberk failed to respond to my numerous requests for information including several subpoenaed documents from 2000 through 2002.

13. Lindberk made misrepresentations to me in order to make me sign a settlement agreement with the Housing Authority, withdrawing all of the grievances relating to the failure of the Authority to promote me in 2000.

14. I filed a complaint against Lindberk with the Department of Labor in November, 2000.

15. The complaint was scheduled for a hearing at the Department of Labor in February, 2001.

16. At the hearing Lindberk convinced me to withdraw the complaint against Lindberk with promises that Lindberk would "take care" of all of my issues.

17. Lindberk did not resolve the issues as he had promised

18. The issues I raised in my complaint against Lindberk are still pending.

19. While I was the President of the Union, in 2000, Lindberk and I negotiated a new collective bargaining agreement and agreed to the terms of the new bargaining agreement. The new agreement was to be presented to the union for a vote by Lindberk, but Lindberk did not do that as he was required to but waited until I was no longer the Union President.

20. In 2002, I attempted to file a grievance regarding the Authority's use of cell phones on the basis that the Authority's policies were in contravention of the Collective Bargaining Agreement, but Lindberk did not file a grievance on my behalf.

21. On February 6, 2001, I requested Lindberk to provide specific documents as well as a audio tape but Lindberk did not provide them to me.

22. On February 28, 2000, I requested that Lindberk provide me with faxes from the answering service, but Lindberk did not provide such documents

       to me and did not file a request with the Freedom of Information as requested.

23.    On August 1, 2000, I requested that Lindberk provide me with copies of all of the occupational licenses held by the mechanics, these were not provided to me by Lindberk.

24.    In 2002, I filed a grievance after Mike Seamon gave me written discipline for going to the Credit Union, the discipline was untimely and Lindberk said he would argue that issue, but at the hearing at the Department of Labor Lindberk never argued my position and the grievance was denied.

_____

Carmelo Gagliardi

Subscribed and sworn before me this   day of  February, 2005.

_____

Erin I. O'Neil-Baker

Commissioner of the Superior Court