UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CARMELO GAGLIARDI,** | CASE NO. **3:02-** |
| Plaintiff | **CV-478 (EBB)** |
| V. | |
| EAST **HARTFORD HOUSING AUTHORITY ET AL.,** | |
| Defendants | APRIL 28, 2005 |

### ROBERT LINBERK AND AFSCME, COUNCIL 4, LOCAL 1303-353'S REPLY TO PLAINTIFF'S OBJECTION

### TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7(d), Robert Linberk and the American Federation of State, County and Municipal Employees, Local 1303-353 [hereinafter "the Defendant"], hereby reply to the Plaintiffs Memorandum in Opposition to Union Defendants' Motion for Summary Judgment filed on February 18, 2005. The Plaintiff has withdrawn his claim for Intentional Infliction of Emotional Distress. *See* **Plaintiffs Memorandum at p.12.** The Plaintiff only objects to the Defendant's Motion for Summary Judgment as to Count Three of Plaintiff s Amended Complaint dated March 14, 2003. **I.     REPLY**

  **A.     The Plaintiff has failed to meet the standard for objecting to a Motion for Summary judgment.**

The Plaintiff has failed to raise or identify any genuine issue as to a material fact in dispute that would defeat summary judgment against him and require a trial. In opposing a motion for summary judgment, the non-moving party may not rely on mere allegations, legal conclusions, unsupported statements or a denial of the pleadings. Celotex Corp v. Catrett 477 U.S. 317, 327 (1986). The adverse party's response must set forth, by affidavit or otherwise, specific facts. Fed.R.Civ.P. 56(e). In order to defeat a

motion for summary judgment, the non-moving party must present contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc.. 477 U.S. 242, 248 (1986).

The Plaintiff has presented no evidence demonstrating a genuine issue of material fact. The Defendant is entitled to Summary Judgment as a matter of law. The Plaintiff provides a litany of cases that hold a union liable under the duty of fair representation. The litany extends four pages without any application to evidence or facts in the instant case. *See* **Plaintiffs Memorandum at pp. 5-9.** Later, the Plaintiff simply restates the conclusory allegations of Count Three of the Plaintiffs Amended Complaint. The Plaintiff has failed to meet the standard for objecting to the Defendant's Motion for Summary Judgment. In opposing a motion for summary judgment, the non-moving party may not rely on mere allegations, legal conclusions, unsupported statements or a denial of the pleadings. Celotex Corp v. Catrett 477 U.S. 317, 327 (1986).

> **B.     Robert Linberk does not hold an official position with AFSCME. Council 4, Local 1303-353, and the Union is not listed in the caption of the complaint and was never served.**

On March 19, 2002, the Plaintiff filed a complaint against Robert Linberk, Staff Representative, in his individual and official capacity. The Court granted the Defendant's Motion to Dismiss with regard to Robert Linberk in his individual capacity on January 7, 2004. AFSCME, Council 4 Local 1303-353 is not listed as a Defendant in the caption of the complaint. Counsel for Robert Linberk was informed through the Plaintiffs deposition testimony that the Plaintiff considers the Union a defendant in the instant case. *See* **Defendant's** Exhibit A, p. 41-42. Robert Linberk is a Staff Representative who provides labor services to AFSCME, Council 4, Local 1303-353. He

does not hold an official position with AFSCME, Council 4, Local 1303-353. *See* **Affidavit of Robert Linberk.** This Court cannot enter judgment against Linberk in a claim for breach of the duty of fair representation, a duty owed by a union to its member. Additionally, the Union was never served and never included in any case caption. *See* **Defendant's Exhibits M, P and Q.** This Court cannot enter judgment against AFSCME, Council 4, Local 1303-353, when it is not a party to the case.

It should also be noted that the Defendant raised the above issues in its original Motion for Summary Judgment. *See* **Defendant's Memorandum at pp. 4-5.** The Plaintiff did not make any objection to such claims in his Memorandum in Opposition to Defendant's Motion for Summary Judgment. The Plaintiff has ignored such issues and has made no objection or provided any explanation. The Defendant's Motion for Summary Judgment must be granted.

    C.    **The Plaintiff has not presented any evidence to prove a viable claim for breach of the duty of fair representation.**

A union breaches its duty of fair representation to a client "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." Vaca v. Sipes. 386 U.S. 171, 190, 87 S. Ct. 903, 17 L.Ed.2d 842 (1967); Labbe v. Hartford Pension Commission, 239 Conn. 168, 194 (1996).

"Arbitrary or bad-faith conduct... or substantial evidence of fraud, deceitful action or dishonest conduct… is required to show a breach of the duty of fair representation." Cruz v. Local Union No. 3 of the Int'l. Bhd. of Electrical Workers, 34 F.3d 1148, 1154 (2d Cir. 1994), quoting Ryan v. New York Newspaper Printing, 590 F.2d 451, 455 (2d Cir. 1979) [ellipses in Cruz].

First, the Plaintiff states that the Defendant acted arbitrary in that the Defendant created a conflict of interest between the Union member's interest and the Management's interest. *See* **Plaintiffs Memorandum at p. 10.** Such statement is conclusory, and the Plaintiff presents absolutely no evidence regarding such claim. The Plaintiff simply refers one to ff 1, 8 and 16 of his alleged list of material facts in dispute and provides no evidence of such claim. He simply states the "Lindberk [sic] worked against the plaintiff," and that the Plaintiff negotiated a new collective bargaining agreement with Linberk which was not voted on until the Plaintiff was no longer President of the Union. He also states that "Lindberk [sic] would not represent the plaintiff at the Second Step because Lindberk [sic] and Roghn [sic] were friendly and had a social personal relationship." As a matter of law the Plaintiffs argument must fail and a jury could not enter judgment in favor of the Plaintiff. The Plaintiff has presented no evidence regarding his conclusory statements, and no evidence as to the procedure and time frame for voting on a new contract. All the Plaintiff has provided the Court with are conclusory allegations. Further, even if evidence were provided, such conduct does not rise to the standard for a breach of the duty of fair representation.

In order for a union's actions to be arbitrary such that it breaches the duty of fair representation, the union's conduct must be "so egregious, so far short of the minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." Barr v. United Parcel Service, Inc., 868 F.2d 36, 43 (1989). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness... as to be irrational." Labbe v. Hartford Pension Commission, 239 Conn. 168, 195

(1996), quoting <u>Air Line Pilots v. Q'Neill.</u> 499 U.S. 64, 67,111 S. Ct. 1127,113 L.Ed.2d 51 (1991) [internal quotation marks omitted, ellipses in <u>Labbe</u>]. The Plaintiffs argument must fail.

Second, the Plaintiff states that Linberk coerced the Plaintiff to withdraw grievances that had been filed against the Housing Authority, and withdraw a complaint made against Linberk. **Plaintiffs Memorandum at p. 10.** Once again, the Plaintiff has presented only a conclusory allegation and no evidence. As a matter of law the Plaintiff cannot prevail on a claim for breach of the duty of fair representation.

As stated in the **Affidavit of Robert Linberk,** all parties were present at the Connecticut State Board of Labor Relations ready to proceed with the hearing. The Plaintiff was given the option of proceeding or accepting the proposed settlement agreement. The Plaintiff, exercising his own free will, chose to sign the settlement agreement. The Plaintiff has not presented any contrary evidence, nor alleged any specific facts supporting his statement that he was "coerced" to sign withdraw grievances or sign a settlement agreement. No genuine issue of material fact exists.

Third, the Plaintiff argues that his interests were not properly represented at arbitration hearings and negotiations, and with regard to the filing of the Plaintiffs grievances. **Plaintiff's Memorandum at p. 10. In f 7 of Plaintiff's Material Facts in Dispute,** the Plaintiff states: "On March 13,2001, the plaintiff was denied a grievance at the Arbitration level after Lindberk [sic] had failed to file a brief on the plaintiffs behalf." Such statement is not a material fact in dispute. The Plaintiffs claim must fail. Nowhere in the arbitration award do the arbitrators state that their decision was based on the fact that that the Union chose not to file a brief. Additionally, "[i]t is well settled that

the courts will not find a breach of the duty of fair representation where plaintiff merely disagrees with the strategy or tactics chosen by the union in conducting an arbitration." Mullen v. Gus Bevona, President, Local 32B-32 J, Service Employees International Union. AFL-CIO. 1999 U.S. Dist. LEXIS 16434, 162 L.R.R.M. 2856 citing Cook v. Pan American World Airways. Inc., 771 F.2d 635, 645 (2d Cir. 1985). Even where an alternate strategy might have been more successful, the courts will not find a union's manner of proceeding to violate the duty of fair representation. Id.

In Barr v. United Parcel Serv., Inc. 868 F.2d 36,43 (2d Cir. 1989) the plaintiff complained that the defendant union refused to present the plaintiffs witnesses and failed to prepare adequately for plaintiffs arbitral hearing. In dismissing Barr's action the Court held:

> While these decisions might conceivably have affected the outcome of the arbitration, they indubitably do not rise to the level of bad faith and arbitrariness. In hindsight, any decision a union makes in the informal yet complex process of handling its members' grievances may appear to the losing employee to have been erroneous. The decisions taken here by [defendant] were tactical in nature. At most, they may have been errors of judgment. In any event, they were not so egregious as to be evidence of bad faith and failure fairly to represent [plaintiff].

As a matter of law the Plaintiffs claim must fail.

Additionally, the Plaintiff testified at his deposition that the documents presented as supporting his claim that the Defendant failed to file grievances on his behalf actually do not contain any evidence that the Union failed to file grievances.

Plaintiff testified as follows:

Q.  Carmelo, I had marked your Exhibit Eleven, Eleven A through S. Now, could you tell me where in these documents it demonstrates that the Union failed to file a grievance for you in your denial of promotion to maintenance mechanic in 1996?

A.  I can't show you on here, because I don't believe it's on here.

> Q.   So, those documents don't contain anything that demonstrates that the Union failed to file a grievance for you in 1996 concerning the denial of promotion to maintenance mechanic?
>
> A.   Right.
>
> Q.   Okay.
>
> A.   This is 1999.
>
> Q.   Right. And then in Exhibits Twelve and Twelve-A through Q, could you tell me where in those documents there's evidence to support your claim that the Union failed to file a grievance for you in 1996 concerning your denial of your promotion to maintenance mechanic?
>
> A.   These are all the same thing. They are 1999.
>
> Q.   So there are none there?
>
> A.   No.
>
> Q.   And then in document thirteen and fourteen, tell me if those support your claim or show evidence that the Union failed to file a grievance for you in 1996?
>
> A.   This is eighty-'98 and '99.
>
> Q.   So--
>
> A.   So, it's impossible.

*See* **Exhibit B, pp. 12-13.**

In addition to testifying that the documents presented by the Plaintiff as supportive of his claim that the Defendant refused to file grievances actually do not contain any evidence that the Defendant failed to file grievances on the Plaintiffs behalf, the Plaintiff gave additional testimony that he did engage in the various steps of the grievance process and that grievance were filed on his behalf. *See* **Exhibit B, pp. 16-19.**

The deposition testimony by the Plaintiff demonstrates that grievances were filed on behalf of the Plaintiff, and that the Plaintiff was taken through the steps of the grievance procedure. In fact, numerous grievances were filed on behalf of the Plaintiff as a result of the denial of the promotion to Maintenance Mechanic. One does not have a claim for breach of the duty of fair representation because he does not find the results

favorable to him. "[T]he duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." Cruz, 34 F.3d at 1153-54. There is no genuine issue of material fact, and the Plaintiffs claim must fail as a matter of law.

In the seminal case on the duty of fair representation, Vaca v. Sipes, 386 U.S. 171, 87 S. Ct. 903, 17 L.Ed.2d 842 (1967), the U.S. Supreme Court reversed a finding that the union in that case had breached its duty of fair representation where the union had made a determination that pursuit of the grievance would be fruitless. The Court acknowledged the fact that "[i]n administering the grievance and arbitration machinery as statutory agent of the employees, a union must, in good faith and in a nonarbitrary manner, make decisions as to the merits of particular grievances." Id. at 194, 87 S. Ct. at 919. The Court noted some of the policies underlying this principle:

> If the individual employee could compel arbitration of his grievance regardless of its merit, the settlement machinery provided by the contract would be substantially undermined, thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiation. Moreover, under such a rule, a significantly greater number of grievances would proceed to arbitration. This would greatly increase the cost of the grievance machinery and could so overburden the arbitration process as to prevent it from functioning successfully. It can well be doubted whether the parties to collective bargaining agreements would long continue to provide for detailed grievance and arbitration procedures of the kind encouraged by L.M.R.A. § 203 (d), supra, if their power to settle the majority of grievances short of the costlier and more time-consuming steps was limited by a rule permitting the grievant unilaterally to invoke arbitration. Nor do we see substantial danger to the interests of the individual employee if his statutory agent is given the contractual power honestly and in good faith to settle grievances short of arbitration. For these reasons, we conclude that a union does not breach its duty of fair representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration.

Id. at 191-92, 87 S. Ct. at 917-18 [internal footnote omitted]. Accordingly, the Court held, "Having concluded that the individual employee has no absolute right to have his grievance arbitrated under the collective bargaining agreement at issue, and that a breach of the duty of fair representation is not established merely by proof that the underlying grievance was meritorious, we must conclude that that duty was not breached here." Id. at 194-95, 87 S. Ct. at 919. hi the instant case, there exists no basis upon which a reasonable jury could return a verdict in favor of the Plaintiff for breach of the duty of fair representation.

Fourth, the Plaintiff claims that the duty of fair representation was breached because Linberk refused to provide the Plaintiff with information possessed by the employer. Again, Plaintiffs claim must fail. There is no genuine issue of material fact. The requests for information made by the Plaintiff were made to the employer. The Union does not possess the information requested by the Plaintiff, nor does it have a duty to provide the Plaintiff with such information.

The Plaintiffs claim must fail as a matter of law. A union breaches its duty of fair representation to a client "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S. Ct. 903, 17 L.Ed.2d 842 (1967); Labbe v. Hartford Pension Commission, 239 Conn. 168,194 (1996). The Defendant does not possess the information requested by the Plaintiff and have no duty to provide him with such information. Therefore, as a matter of law the Defendant has not breached the duty of fair representation, and there is no genuine issue of material fact. Summary Judgment is

proper. There exists no basis upon which a reasonable jury could return a verdict in favor of the Plaintiff for breach of the duty of fair representation.

## II. CONCLUSION

Put very simply, the Plaintiff in the instant case has made a desperate attempt to find liable someone, anyone. He attempts to hold Robert Linberk liable for alleged conduct which does not rise to the level of breach of the duty of fair representation. He attempted to sue Mr. Linberk in his personal and official capacity, even though Linberk does not hold an official position with AFSCME, Council 4, Local 1303-353. The Court dismissed the suit against Linberk personally.

Next, the Plaintiff, attempting to hold someone, anyone, liable claims that the Union breached its duty of fair representation. However, the Union was never served, was never listed in the caption of the complaint, and therefore, is not a party to the instant case. The Plaintiff has presented no evidence contrary to the Defendant's Motion for Summary Judgment, nor objected to Defendant's arguments that Linberk does not hold an official position with AFSCME, Local 1303-353 and that the Union was never served, is not in the caption of the case, and is not a party to the case. As a matter of law, a jury could not return a verdict in favor of the Plaintiff for breach of the duty of fair representation. The Defendant's Motion for Summary Judgment must be granted.

DEFENDANT, ROBERT
LINBERK, AFSCME,
COUNCIL 4, LOCAL
1303-353

<u>By</u>
J. William Gagne, Jr.
Law Office of J. William Gagne, Jr.
& Associates, P.C.
970 Farmington Avenue, Suite 207
West Hartford, CT 06107
Phone: (860)522-5049
Fax: (860)561-6204
Federal Bar No. ct02126
jwgagne@snet.net

11

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed by U.S. Mail, first class, postage prepaid on April 28, 2005 to the following:                                         ;

Erin O'Neil, Esquire
41-A New London Turnpike
Glastonbury, CT 06033


Kevin Coles, Esquire Coles,
Baldwin & Craft, LLC 1261 Post
Road P.O. Box 577 Fairfield, CT
06430


                                                                                                         /

                                          //      J. William G^gne, Jr.